Case No. 22-10326

## United States Court of Appeals
## for the Ninth Circuit

United States of America,

       Plaintiff/Appellee,

v.

Stephon James Whitney,

       Defendant/Appellant.

D.C. No. 2:21-cr-00002-JAD-NJK

Appeal from the United States District Court
for the District of Nevada

## Appellant Stephon Whitney's
## Excerpts of Record
## Volume III of III

Rene L. Valladares
Federal Public Defender
*Jeremy C. Baron
Assistant Federal Public Defender
411 E. Bonneville Ave. Suite 250
Las Vegas, NV 89101
(702) 388-6577
jeremy_baron@fd.org

*Counsel for Appellant Stephon Whitney

1   JASON M. FRIERSON
    United States Attorney
2   District of Nevada
    Nevada Bar Number 7709
3   DANIEL J. COWHIG
    Assistant United States Attorney
4   501 Las Vegas Blvd. South, Suite 1100
    Las Vegas, Nevada 89101
5   (702) 388-6336
    daniel.cowhig @usdoj.gov
6   *Attorneys for the United States of America*

7
                **UNITED STATES DISTRICT COURT**
8                    **DISTRICT OF NEVADA**

9   UNITED STATES OF AMERICA,          Case No. 2:21-cr-2-JAD-NJK

10              Plaintiff,              United States Memorandum in Support of
                                        Guilty Plea Without a Plea Agreement as to
11          vs.                         Stephon James Whitney

12  STEPHON JAMES WHITNEY,
            a.k.a. Stephone James Whitney,
13          a.k.a. Steff Bizzle,
            a.k.a. Stef B,
14
                Defendant.
15

16

17  CERTIFICATION: This memorandum is timely filed.

18          There is no plea agreement in this case. Defendant Stephon James Whitney has filed

19  notice that he intends to change his plea of not guilty to guilty without the benefit of a plea

20  agreement, together with a Memorandum in Support of Guilty Plea without a Plea Agreement.

21  ECF Nos. 33 and 34, respectively. This Memorandum is to aid the Court in advising defendant

22  of the consequences of his guilty plea under Fed. R. Crim. Pro. 11(b).

23

24

                            **ER_420**

## A. CHARGE

The sole count of the indictment charges defendant with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1.[1]

## B. STATUTORY MAXIMUM SENTENCE

The statutory maximum sentence the district court can impose for a violation of Felon in Possession of a Firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged in Count One, is: 10 years imprisonment; a 3-year term of supervised release; a fine pursuant to 18 U.S.C. § 3571(b)(3) of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

## C. ADVISORY SENTENCING GUIDELINES

The sentence will be imposed under 18 U.S.C. § 3553(a). In determining the sentence the Court must consider the United States Sentencing Guidelines. However, the guidelines are only advisory and are just one factor for the Court to consider in arriving at a fair, just and reasonable sentence. The length and terms of that sentence depend upon the nature and number of previous criminal convictions, which are used to determine the advisory offense level and criminal history category under the Sentencing Guidelines. After the Court makes this decision, it then may impose a sentence within the applicable guideline range or any sentence the Court deems reasonable and sufficient but not greater than necessary to comply with the purposes of § 3553(a).

A federal prison sentence can no longer be shortened by early release on parole because parole has been abolished. Under U.S.S.G. § 5D1.1, a term of Supervised Release following any

---

[1] The United States has withdrawn the forfeiture allegations as the firearm is not in the custody of a federal agency. ECF No. 27.

period of imprisonment is required when the term of imprisonment is more than a year. Under 18 U.S.C. § 3559(a)(3), this is a Class C felony and, therefore, pursuant to U.S.S.G. § 5D1.2(a)(2), a term of Supervised Release of at least one year but not more than three years must be ordered.

Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. If defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Under the provisions of U.S.S.G. § 5E1.2, a fine must be imposed, depending upon the Court's finding of the appropriate Offense Level within a range to be determined by the Guidelines. However, U.S.S.G. § 5E1.2(e) allows the Court to waive the fine, impose a lesser fine, or impose an alternative sanction, such as community service, if defendant establishes he does not have the ability to pay a fine and is not likely to become able to pay any fine.

Both 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1 permit restitution as deemed appropriate by the Court. A mandatory special assessment under 18 U.S.C. § 3013 and U.S.S.G. § 5E1.3 of $100.00 per count must be imposed for the offense.

### D. APPLICABLE ADVISORY SENTENCING GUIDELINES

The Base Offense Levels (BOL) and specific offense characteristics (SOC) applicable to the unlawful possession of a firearm are described by U.S.S.G. § 2K2.1. *See* U.S.S.G. §§ 1B1.1(a)(1) and (2).

1      1.     Base Offense Level

2          Where a "defendant committed any part of the instant offense subsequent to sustaining at

3      least two felony convictions of either a crime of violence or a controlled substance offense," the

4      applicable BOL is 24. U.S.S.G. § 2K2.1(a)(2). In the instant case, defendant's prior felony

5      conviction for Robbery with a Deadly Weapon, in the District Court of Nevada in Clark

6      County, Nevada on or about March 26, 2008, in Case No. C-236921, Attachment A, is a crime

7      of violence; his prior conviction for Possession of a Controlled Substance with Intent to Sell, in

8      the District Court of Nevada in Clark County, Nevada on or about July 16, 2009, in Case No.

9      C-19-338650, Attachment B, is a controlled substance offense.

10      2.     Specific Offense Characteristics

11          Where a "defendant used or possessed any firearm or ammunition in connection with

12      another felony offense; or possessed or transferred any firearm or ammunition with knowledge,

13      intent or reason to believe it would be used or possessed in connection with another felony

14      offense," the offense level is increased by 4 levels. U.S.S.G. § 2K2.1(b)(6)(B). In the instant case,

15      defendant used and possessed the charged firearm and 100 rounds of 9mm ammunition in

16      connection with the felony offense of Possession of a Controlled Substance with Intent to

17      Distribute (Marijuana) under 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Attachment C through E.

18          The purpose of this section of this memorandum is to advise defendant of the United

19      States' position as to the applicable BOL, SOCs and adjustments under the advisory sentencing

20      guidelines. This section is not intended in any way restrict or limit the Offense Level or Criminal

21      History computations of the United States Probation Office, nor does it do so.

22

23

24

1    **E.  ELEMENTS OF THE OFFENSE**

2    Count One: The elements of Felon in Possession of a Firearm under 18 U.S.C.

3    §§ 922(g)(1) and 924(a)(2) are as follows:

4        First:      Defendant knowingly possessed the firearm described in the indictment,

5                    specifically a Canik model TP9 SF Elite 9mm semiautomatic pistol bearing

6                    serial number 20BH02246;

7        Second:     The specified firearm had been shipped or transported from one state to

8                    another or between a foreign nation and the United States,

9                                                or,

10                   The specified firearm was possessed in or affecting interstate or foreign

11                   commerce;

12       Third:      At the time defendant possessed the specified firearm, defendant had been

13                   convicted of a crime punishable by imprisonment for a term exceeding one

14                   year; and

15       Fourth:     At the time defendant possessed the firearm, defendant knew he had been

16                   convicted of a crime punishable by imprisonment for a term exceeding one

17                   year.

18   *See* Ninth Circuit Manual of Model Criminal Jury Instructions § 14.16 (2022); *Rehaif v. United*

19   *States*, 139 S.Ct. 2191, 2200 (2019); *Huddleston v. United States*, 415 U.S. 814, 833 (1974); *United*

20   *States v. Bass*, 404 U.S. 336, 338 (1971); 18 U.S.C. § 922(g).

21   **F.  FACTUAL BASIS FOR THE PLEA**

22       On or about September 2, 2020, in the State and Federal District of Nevada, defendant

23   knowingly possessed a firearm, specifically the loaded Canik model TP9 SF Elite 9mm

24

1 | semiautomatic pistol bearing serial number 20BH02246 described in the indictment.

2 | Attachments C through F. The specified Canik TP9 SF Elite pistol was manufactured outside

3 | the state of Nevada and had previously been shipped or transported from one state to another or

4 | between a foreign nation and the United States before defendant possessed it in Nevada on

5 | September 2, 2020. Attachments G through I. Before defendant possessed the specified Canik

6 | TP9 SF Elite pistol, defendant had sustained multiple felony convictions punishable by a term of

7 | imprisonment exceeding one year, specifically: Possession of a Stolen Vehicle, in the District

8 | Court of Nevada in Clark County, Nevada on or about July 16, 2009, in Case No. C-19-340689;

9 | Possession of a Controlled Substance with Intent to Sell, in the District Court of Nevada in Clark

10 | County, Nevada on or about July 16, 2009, in Case No. C-19-338650; First Degree Kidnapping

11 | in the District Court of Nevada in Clark County, Nevada on or about March 26, 2008, in Case

12 | No. C-236921; Conspiracy to Commit Robbery in the District Court of Nevada in Clark County,

13 | Nevada on or about March 26, 2008, in Case No. C-236921, and; Robbery with a Deadly

14 | Weapon, in the District Court of Nevada in Clark County, Nevada on or about March 26, 2008,

15 | in Case No. C-236921. Attachments A and B. At the time defendant possessed the firearm, he

16 | knew he had been convicted of a crime punishable by a term of imprisonment exceeding one

17 | year. *Id.*

18 | Respectfully submitted this June 13, 2022.

JASON M. FRIERSON
United States Attorney

*//s// Daniel J Cowhig*
DANIEL J. COWHIG
Assistant United States Attorney

**INDEX OF ATTACHMENTS**

A.   Judgment of Conviction and extracts of record, First Degree Kidnapping, Conspiracy to Commit Robbery, and Robbery with a Deadly Weapon, in the District Court of Nevada in Clark County, Nevada, Mar. 26, 2008, Case No. C-236921

B.   Judgment of Conviction and extracts of record, Possession of a Controlled Substance with Intent to Sell, in the District Court of Nevada in Clark County, Nevada, July 16, 2009, Case No. C-19-338650

C.   Declaration of Arrest Report (DOAR), Las Vegas Metropolitan Police Department (LVMPD) Event No. LLV200900007194, Sept. 2, 2020

D.   Images taken during LVMPD investigation in LLV200900007194

E.   Transcript of Sept. 3, 2020, Voluntary Statement of Stephon Whitney

F.   LVMPD Forensic Laboratory Amended Report of Investigation, Biology/DNA, dated Dec. 11, 2020

G.   Firearms Trace Summary (eTrace) of the Canik model TP9 SF Elite 9mm semiautomatic pistol bearing serial number 20BH02246

H.   Firearms Transaction Record (ATF Form 4473), recording the sale of the Canik model TP9 SF Elite 9mm semiautomatic pistol bearing serial number 20BH02246 to Jessica Rodosh, dated Apr. 27, 2020

I.   Nexus Determination, ATF Report of Investigation 2 in Whitney, Stephon

1

2                           **CERTIFICATE OF SERVICE**

3      I certify that on June 13, 2022, I electronically filed the foregoing United States Memorandum

4      in Support of Guilty Plea Without a Plea Agreement as to Stephon James Whitney with the

5      Clerk of the Court by using the CM/ECF system.

6      Dated June 13, 2022

7

8
                                        *//s// Daniel J Cowhig*
9                                       DANIEL J. COWHIG
                                        Assistant United States Attorney
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Attachment A

Judgment of Conviction and extracts of record, First Degree Kidnapping, Conspiracy to Commit Robbery, and Robbery with a Deadly Weapon, in the District Court of Nevada in Clark County, Nevada, Mar. 26, 2008, Case No. C-236921

9

JOCP

ORIGINAL

FILED
APR 2 10 06 AM '08
CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

                    Plaintiff,

          -vs-

STEPHONE WHITNEY
#2647736

                    Defendant.

CASE NO.  C236921

DEPT. NO.  XIV

JUDGMENT OF CONVICTION

(PLEA OF GUILTY)

The Defendant previously appeared before the Court with counsel and entered a plea of guilty to the crimes of COUNT 1 – FIRST DEGREE KIDNAPING (Category A Felony) in violation of NRS 200.310, 200.320, COUNT 2 – CONSPIRACY TO COMMIT ROBBERY (Category B Felony) in violation of NRS 199.480, 200.380, and COUNT 3 – ROBBERY WITH USE OF A DEADLY WEAPON (Category B Felony) in violation of NRS 193.165, 200.380; thereafter, on the 26th day of March, 2008, the Defendant was present in court for sentencing with his counsel, KENNETH FRIZZELL, ESQ., and good cause appearing,

RECEIVED
APR 0 2 2008
CLERK OF THE COURT

ER_429

1    THE DEFENDANT IS HEREBY ADJUDGED guilty of said offenses and, in

2   addition to the $25.00 Administrative Assessment Fee and $150.00 DNA Analysis Fee

3   including testing to determine genetic markers, the Defendant is sentenced to the

4

5   Nevada Department of Corrections (NDC) as follows:  AS TO COUNT 1 - TO A

6   MAXIMUM of ONE HUNDRED FIFTY-SIX (156) MONTHS with a MINIMUM parole

7   eligibility of FORTY-EIGHT (48) MONTHS; AS TO COUNT 2 - TO A MAXIMUM of

8   FORTY-EIGHT (48) MONTHS with a MINIMUM parole eligibility of TWELVE (12)

9   MONTHS, COUNT 2 to run CONCURRENT with COUNT 1; AS TO COUNT 3 - TO A

10  MAXIMUM of ONE HUNDRED TWENTY (120) MONTHS and a MINIMUM parole

11  eligibility of TWENTY-SIX (26) MONTHS, plus an EQUAL and CONSECUTIVE term of

12  ONE HUNDRED TWENTY (120) MONTHS MAXIMUM and TWENTY-SIX (26)

13

14  MONTHS MINIMUM for the Use of a Deadly Weapon, COUNT 3 to run CONCURRENT

15  with COUNT 2; with TWO HUNDRED SEVENTY-TWO (272) DAYS credit for time

16  served.

17

18

19      DATED this ___31st___ day of March, 2008

20                                                          November 19, 2020



23      DONALD M. MOSLEY
        DISTRICT JUDGE

25                              CERTIFIED COPY
26                              ELECTRONIC SEAL (NRS 1.190(3))

27

28

S:\Forms\JOC-Plea 2 Ct/3/27/2008

Electronically Filed
09/13/2007 11:04:21 AM

CLERK OF THE COURT

1 | **INFO**
    DAVID ROGER
2 | Clark County District Attorney
    Nevada Bar #002781
3 | TINA SEDLOCK
    Deputy District Attorney
4 | Nevada Bar #009286
    200 Lewis Avenue
5 | Las Vegas, Nevada 89155-2212
    (702) 671-2500
6 | Attorney for Plaintiff

7 | I.A. 9/24/07
    9:00 A.M.
8 | K. FRIZZELL

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

10 | THE STATE OF NEVADA,

11 |                     Plaintiff,                    Case No:      C236921
                                                      Dept No:      XIV
12 |         -vs-

13 | STEPHONE WHITNEY,
     #2647736                                         I N F O R M A T I O N
14 |
                     Defendant.
15 |

16 | STATE OF NEVADA   )
                       ) ss.
17 | COUNTY OF CLARK   )

18 |         DAVID ROGER, District Attorney within and for the County of Clark, State of

19 | Nevada, in the name and by the authority of the State of Nevada, informs the Court:

20 |         That STEPHONE WHITNEY, the Defendant(s) above named, having committed the

21 | crimes of **CONSPIRACY TO COMMIT ROBBERY (Felony - NRS 199.480, 200.380);**

22 | **BURGLARY WHILE IN POSSESSION OF A FIREARM (Felony - NRS 205.060);**

23 | **CONSPIRACY TO COMMIT KIDNAPPING (Felony - NRS 199.480, 200.310,**

24 | **200.320); FIRST DEGREE KIDNAPPING WITH USE OF A DEADLY WEAPON**

25 | **(Felony - NRS 200.310, 200.320, 193.165) and ROBBERY WITH USE OF A DEADLY**

26 | **WEAPON (Felony - NRS 200.380, 193.165)**, on or about the 26th day of June, 2007,

27 | within the County of Clark, State of Nevada, contrary to the form, force and effect of statutes

28 | in such cases made and provided, and against the peace and dignity of the State of Nevada,

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\230412-288!

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 13 of 183

COUNT 1 - CONSPIRACY TO COMMIT ROBBERY

did then and there meet with THURMAN NICKELAS HALL, MIYA PATRIECE MASON and GREGORY FORD and between themselves, and each of them with the other, wilfully, unlawfully, and feloniously conspire and agree to commit a crime, to-wit:  robbery, and in furtherance of said conspiracy, Defendant did commit the acts as set forth in Counts 5, 6 and 7, said acts being incorporated by this reference as though fully set forth herein.

COUNT 2 - BURGLARY WHILE IN POSSESSION OF A FIREARM

did, together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON, GREGORY FORD and an unidentified confederate, then and there wilfully, unlawfully, and feloniously enter, while in possession of a firearm and/or other handgun, with intent to commit larceny, robbery and/or kidnapping, that certain building occupied by GOLD DOCTOR, located at 23 North Mojave Road, Las Vegas, Clark County, Nevada, Defendant and his confederates entering with intent to commit larceny, robbery and/or kidnapping; said offense being committed by one or more of the following means, to-wit: by the Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON and GREGORY FORD and an unidentified confederate acing in concert, by entering into a course of conduct as accomplices, by escorting each other to the scene, by acting as look-out for each other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to drive them away by one or more accomplices entering said business while one or more of said accomplices carried and/or displayed a firearm and/or handgun, by one or more accomplices providing support in numbers upon jointly entering said business and/or accosting the occupants therein; whereby the Defendant being responsible under one or more of the following principles of criminal liability, to-wit:  (1) by directly committing this offense; and/or (2) by knowingly and intentionally aiding or abetting in its perpetration; and/or (3) by conspiring with others whereby Defendant is liable for the acts of accomplices committed in furtherance of the conspiracy for this offense.

COUNT 3 - CONSPIRACY TO COMMIT KIDNAPPING

did then and there meet with THURMAN NICKELAS HALL, MIYA PATRIECE

1    MASON and GREGORY FORD and between themselves, and each of them with the other,

2    wilfully, unlawfully, and feloniously conspire and agree to commit a crime, to-wit:

3    kidnapping, and in furtherance of said conspiracy, Defendant did commit the acts as set forth

4    in Count 4, said acts being incorporated by this reference as though fully set forth herein.

5    COUNT 4 - FIRST DEGREE KIDNAPPING WITH USE OF A DEADLY WEAPON

6         did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

7    GREGORY FORD and an unidentified confederate, wilfully, unlawfully, feloniously, and

8    without authority of law, seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap, or

9    carry away BEATRIZ HERNANDEZ, a human being, with the intent to hold or detain the

10   said BEATRIZ HERNANDEZ against her will, and without her consent, for the purpose of

11   committing robbery, said Defendant using a deadly weapon, to-wit:  one or more firearms

12   and/or other handguns, during the commission of said crime, said offense being committed

13   by one or more of the following means, to-wit:  by the Defendant, THURMAN NICKELAS

14   HALL, MIYA PATRIECE MASON, GREGORY FORD and an unidentified confederate

15   acting in concert, by entering into a course of conduct as accomplices, by escorting each

16   other to the scene, by acting as look-out for each other, by accomplice MIYA PATRIECE

17   MASON waiting in the get-away car to drive them away, by one or more accomplices

18   entering said business with one or more of said accomplices carrying and/or displaying a

19   firearm and/or handgun, by one or more accomplices providing support in numbers upon

20   jointly entering said business and/or accosting the occupants therein with said weapons, by

21   accomplice THURMAN NICKELAS HALL displaying a firearm and moving BEATRIZ

22   HERNANDEZ into a bathroom; whereby the Defendant is responsible under one or more of

23   the following principles of criminal liability, to-wit:  (1) by actually committing said offense;

24   (2) by knowingly and intentionally aiding or abetting in its perpetration; and/or (3) by

25   conspiring with others whereby the Defendant is liable for the acts of accomplices

26   committed in furtherance of the conspiracy for this offense.

27   COUNT 5 - ROBBERY WITH USE OF A DEADLY WEAPON

28        did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\230412-2889

3

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 16 of 183

1   GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and
2   feloniously take personal property, to-wit: jewelry, from the person of KENNETH
3   KALBACH, or in his presence, by means of force or violence or fear of injury to, and
4   without the consent and against the will of the said KENNETH KALBACH, said Defendant
5   using a deadly weapon, to-wit: a firearm and/or other handgun, during the commission of
6   said crime, said offense being committed by one or more of the following means, to-wit: by
7   the Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON, GREGORY
8   FORD and an unidentified confederate acting in concert, by entering into a course of
9   conduct as accomplices, by escorting each other to the scene, by acting as look-out for each
10  other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to drive them
11  away, by the other accomplices entering the GOLD DOCTOR and/or C & H
12  ENTERPRISES business with one or more of said accomplices displaying handguns, by one
13  or more accomplices providing support in numbers upon jointly entering said business
14  and/or accosting the owners and/or employees BEATRIZ HERNANDEZ, KENNETH
15  KALBACH and/or DENNIS ZANE HOUSTON, by accomplice THURMAN NICKELAS
16  HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a back bathroom; by
17  one or more accomplices standing guard and/or watching employee BEATRIZ
18  HERNANDEZ remain in the back bathroom, by one or more accomplices rummaging
19  through and/or taking several pieces of jewelry from store display cases, by accomplice
20  GREGORY FORD shooting a handgun and/or fighting over a handgun with
21  employee/owners KENNETH KALBACH and/or DENNIS ZANE HOUSTON, by the
22  Defendant punching at or toward employee BEATRIZ HERNANDEZ, and/or by one or
23  more accomplices fleeing the scene with one or more pieces of jewelry; whereby the
24  Defendant is responsible under one or more of the following principles of criminal liability,
25  to-wit: (1) by actually committing said offense; (2) by knowingly and intentionally aiding or
26  abetting in its perpetration; and/or (3) by conspiring with others whereby the Defendant is
27  liable for the acts of accomplices committed in furtherance of the conspiracy for this offense.
28  ///

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\230412-288!

4

1  COUNT 6 - ROBBERY WITH USE OF A DEADLY WEAPON

2        did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

3  GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and

4  feloniously take personal property, to-wit: several pieces of jewelry, from the presence of

5  owner/employee DENNIS ZANE HOUSTON, or in his presence, by means of force or

6  violence or fear of injury to, and without the consent and against the will of the said

7  DENNIS ZANE HOUSTON, said Defendant using a deadly weapon, to-wit: a firearm

8  and/or other handgun, during the commission of said crime; said offense being committed by

9  one or means under one or more of the principles of criminal liability set forth in Count 5

10 above incorporated by this reference as though fully set forth herein.

11 COUNT 7 - ROBBERY WITH USE OF A DEADLY WEAPON

12        did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

13 GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and

14 feloniously take personal property, to-wit: several pieces of jewelry, from the presence of

15 employee BEATRIZ HERNANDEZ, or in her presence, by means of force or violence or

16 fear of injury to, and without the consent and against the will of the said BEATRIZ

17 HERNANDEZ, said Defendant using a deadly weapon, to-wit: a firearm and/or other

18 handgun, during the commission of said crime; said offense being committed by one or

19 means under one or more of the principles of criminal liability set forth in Court 5 above

20 incorporated by this reference as though fully set forth herein.

21

22

23

24    BY  _David Roger_

25        DAVID ROGER
         DISTRICT ATTORNEY
26       Nevada Bar #002781

27    JAN 19 2021

28    CERTIFIED COPY
      DOCUMENT ATTACHED IS A
      TRUE AND CORRECT COPY
      OF THE DOCUMENT ON FILE

      C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP230412-2889
      5

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 18 of 183

1    Names of witnesses known to the District Attorney's Office at the time of filing this

2  Information are as follows:

3    NAME                                   ADDRESS

4  CUSTODIAN OF RECORDS              LVMPD – DISPATCH

5  ANDERSEN, LAURA CLARK             LVMPD P#2780

6  WALLACE, MICHAEL ALLEN           LVMPD P#4761

7  HERNANDEZ, BEATRIZ                4360 HINSDALE AV, LVN 89115

8  KALBACH, KENNETH                  4335 TOPAZ ST, LVN 89121

9  HOUSTON, DENNIS ZANE              4335 TOPAZ ST, LVN 89121

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  DA#07F16888X/rad
   LVMPD EV#0706261424
27  CONSP ROBB; BURG WFA; CONSP KIDN; 1ST DEG KWDW; RWDW - F
   (TK5)
28

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\230412-2889

6

**ER_436**



Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 19 of 183

Electronically Filed
02/04/2008 11:47:55 AM

*CLERK OF THE COURT*

1   **AINF**
    DAVID ROGER
2   Clark County District Attorney
    Nevada Bar #002781
3   TINA SEDLOCK
    Deputy District Attorney
4   Nevada Bar #009286
    200 Lewis Avenue
5   Las Vegas, Nevada 89155-2212
    (702) 671-2500
6   Attorney for Plaintiff

7                       DISTRICT COURT
                     CLARK COUNTY, NEVADA
8

9   THE STATE OF NEVADA,                )
10                     Plaintiff,        )          Case No:      C236921
                                         )          Dept No:      XIV
11          -vs-                         )
                                         )             A M E N D E D
12  STEPHONE WHITNEY,                    )
    #2647736                             )          I N F O R M A T I O N
13                                       )
                       Defendant.        )
14  _____     )

15  STATE OF NEVADA    )
                       ) ss.
16  COUNTY OF CLARK    )

17          DAVID ROGER, District Attorney within and for the County of Clark, State of

18  Nevada, in the name and by the authority of the State of Nevada, informs the Court:

19          That STEPHONE WHITNEY, the Defendant(s) above named, having committed the

20  crimes of **FIRST DEGREE KIDNAPPING WITH USE OF A DEADLY WEAPON**

21  **(Category A Felony - NRS 200.310, 200.320, 193.165); CONSPIRACY TO COMMIT**

22  **ROBBERY (Category B Felony - NRS 199.480, 200.380) and ROBBERY WITH USE**

23  **OF A DEADLY WEAPON (Category B Felony - NRS 200.380, 193.165)**, on or about the

24  26th day of June, 2007, within the County of Clark, State of Nevada, contrary to the form,

25  force and effect of statutes in such cases made and provided, and against the peace and

26  dignity of the State of Nevada,

27  COUNT 1 - FIRST DEGREE KIDNAPPING WITH USE OF A DEADLY WEAPON

28          did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP273739-3351

**ER_437**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 20 of 183

1   GREGORY FORD and an unidentified confederate, wilfully, unlawfully, feloniously, and

2   without authority of law, seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap, or

3   carry away BEATRIZ HERNANDEZ, a human being, with the intent to hold or detain the

4   said BEATRIZ HERNANDEZ against her will, and without her consent, for the purpose of

5   committing robbery, said Defendant using a deadly weapon, to-wit:  one or more firearms

6   and/or other handguns, during the commission of said crime, said offense being committed

7   by one or more of the following means, to-wit:  by the Defendant, THURMAN NICKELAS

8   HALL, MIYA PATRIECE MASON, GREGORY FORD and an unidentified confederate

9   acting in concert, by entering into a course of conduct as accomplices, by escorting each

10   other to the scene, by acting as look-out for each other, by accomplice MIYA PATRIECE

11   MASON waiting in the get-away car to drive them away, by one or more accomplices

12   entering said business with one or more of said accomplices carrying and/or displaying a

13   firearm and/or handgun, by one or more accomplices providing support in numbers upon

14   jointly entering said business and/or accosting the occupants therein with said weapons, by

15   accomplice THURMAN NICKELAS HALL displaying a firearm and moving BEATRIZ

16   HERNANDEZ into a bathroom; whereby the Defendant is responsible under one or more of

17   the following principles of criminal liability, to-wit:  (1) by actually committing said offense;

18   (2) by knowingly and intentionally aiding or abetting in its perpetration; and/or (3) by

19   conspiring with others whereby the Defendant is liable for the acts of accomplices

20   committed in furtherance of the conspiracy for this offense.

21   COUNT 2 - CONSPIRACY TO COMMIT ROBBERY

22          did then and there meet with THURMAN NICKELAS HALL, MIYA PATRIECE

23   MASON and GREGORY FORD and between themselves, and each of them with the other,

24   wilfully, unlawfully, and feloniously conspire and agree to commit a crime, to-wit:  robbery,

25   and in furtherance of said conspiracy, Defendant did commit the acts as set forth in Count 3,

26   said acts being incorporated by this reference as though fully set forth herein.

27   COUNT 3 - ROBBERY WITH USE OF A DEADLY WEAPON

28          did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP273739-135

2

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 21 of 183

1   GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and

2   feloniously take personal property, to-wit: jewelry, from the person of KENNETH

3   KALBACH and/or the person of DENNIS ZANE HOUSTON and/or the person of

4   BEATRIZ HERNANDEZ, or in their presence, by means of force or violence or fear of

5   injury to, and without the consent and against the will of the said KENNETH KALBACH

6   and/or DENNIS ZANE HOUSTON and/or BEATRIZ HERNANDEZ, said Defendant using

7   a deadly weapon, to-wit: a firearm and/or other handgun, during the commission of said

8   crime, said offense being committed by one or more of the following means, to-wit:  by the

9   Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON, GREGORY

10  FORD and an unidentified confederate acting in concert, by entering into a course of

11  conduct as accomplices, by escorting each other to the scene, by acting as look-out for each

12  other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to drive them

13  away, by the other accomplices entering the GOLD DOCTOR and/or C & H

14  ENTERPRISES business with one or more of said accomplices displaying handguns, by one

15  or more accomplices providing support in numbers upon jointly entering said business

16  and/or accosting the owners and/or employees BEATRIZ HERNANDEZ, KENNETH

17  KALBACH and/or DENNIS ZANE HOUSTON, by accomplice THURMAN NICKELAS

18  HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a back bathroom; by

19  one or more accomplices standing guard and/or watching employee BEATRIZ

20  HERNANDEZ remain in the back bathroom, by one or more accomplices rummaging

21  through and/or taking several pieces of jewelry from store display cases, by accomplice

22  GREGORY FORD shooting a handgun and/or fighting over a handgun with

23  employee/owners KENNETH KALBACH and/or DENNIS ZANE HOUSTON, by the

24  Defendant punching at or toward employee BEATRIZ HERNANDEZ, and/or by one or

25  more accomplices fleeing the scene with one or more pieces of jewelry; whereby the

26  Defendant is responsible under one or more of the following principles of criminal liability,

27  to-wit:  (1) by actually committing said offense; (2) by knowingly and intentionally aiding or

28  ///

1  abetting in its perpetration; and/or (3) by conspiring with others whereby the Defendant is

2  liable for the acts of accomplices committed in furtherance of the conspiracy for this offense.

3

4

5

6  BY _____

7  DAVID ROGER
   DISTRICT ATTORNEY
8  Nevada Bar #002781

9

10

11

12

13

14

15

16

17

18

19

20

21  

22  JAN 19 2021

23  CERTIFIED COPY
   DOCUMENT ATTACHED IS A
24  TRUE AND CORRECT COPY
   OF THE DOCUMENT ON FILE

25

26  DA#07F16888X/jmj
   LVMPD EV#0706261424
27  1ST DEG KWDW; CONSP ROBB; RWDW - F
   (TK5)
28

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273739-935

4

**ER_440**

Electronically Filed
02/04/2008 02:50:55 PM

CLERK OF THE COURT

1   **AINF**
    DAVID ROGER
2   Clark County District Attorney
    Nevada Bar #002781
3   TINA SEDLOCK
    Deputy District Attorney
4   Nevada Bar #009286
    200 Lewis Avenue
5   Las Vegas, Nevada 89155-2212
    (702) 671-2500
6   Attorney for Plaintiff

7                    DISTRICT COURT
                   CLARK COUNTY, NEVADA
8

9   THE STATE OF NEVADA,                )

10              Plaintiff,              )    Case No:    C236921
                                        )    Dept No:    XIV
11        -vs-                          )
                                        )             SECOND
12  STEPHONE WHITNEY,                   )
    #2647736                            )          A M E N D E D
13                                      )
              Defendant.                )      I N F O R M A T I O N
14  _____    )

15  STATE OF NEVADA    )
                       } ss.
16  COUNTY OF CLARK    )

17      DAVID ROGER, District Attorney within and for the County of Clark, State of

18  Nevada, in the name and by the authority of the State of Nevada, informs the Court:

19      That STEPHONE WHITNEY, the Defendant(s) above named, having committed the

20  crimes of **FIRST DEGREE KIDNAPPING (Category A Felony - NRS 200.310,**

21  **200.320); CONSPIRACY TO COMMIT ROBBERY (Category B Felony - NRS**

22  **199.480, 200.380) and ROBBERY WITH USE OF A DEADLY WEAPON (Category B**

23  **Felony - NRS 200.380, 193.165)**, on or about the 26th day of June, 2007, within the County

24  of Clark, State of Nevada, contrary to the form, force and effect of statutes in such cases

25  made and provided, and against the peace and dignity of the State of Nevada,

26  COUNT 1 - FIRST DEGREE KIDNAPPING

27      did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

28  GREGORY FORD and an unidentified confederate, wilfully, unlawfully, feloniously, and

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-335.

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 24 of 183

1  without authority of law, seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap, or

2  carry away BEATRIZ HERNANDEZ, a human being, with the intent to hold or detain the

3  said BEATRIZ HERNANDEZ against her will, and without her consent, for the purpose of

4  committing robbery, said offense being committed by one or more of the following means,

5  to-wit:  by the Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

6  GREGORY FORD and an unidentified confederate acting in concert, by entering into a

7  course of conduct as accomplices, by escorting each other to the scene, by acting as look-out

8  for each other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to

9  drive them away, by one or more accomplices entering said business with one or more of

10  said accomplices carrying and/or displaying a firearm and/or handgun, by one or more

11  accomplices providing support in numbers upon jointly entering said business and/or

12  accosting the occupants therein with said weapons, by accomplice THURMAN NICKELAS

13  HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a bathroom;

14  whereby the Defendant is responsible under one or more of the following principles of

15  criminal liability, to-wit:  (1) by actually committing said offense; (2) by knowingly and

16  intentionally aiding or abetting in its perpetration; and/or (3) by conspiring with others

17  whereby the Defendant is liable for the acts of accomplices committed in furtherance of the

18  conspiracy for this offense.

19  COUNT 2 - CONSPIRACY TO COMMIT ROBBERY

20      did then and there meet with THURMAN NICKELAS HALL, MIYA PATRIECE

21  MASON and GREGORY FORD and between themselves, and each of them with the other,

22  wilfully, unlawfully, and feloniously conspire and agree to commit a crime, to-wit:  robbery,

23  and in furtherance of said conspiracy, Defendant did commit the acts as set forth in Count 3,

24  said acts being incorporated by this reference as though fully set forth herein.

25  COUNT 3 - ROBBERY WITH USE OF A DEADLY WEAPON

26      did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

27  GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and

28  feloniously take personal property, to-wit: jewelry, from the person of KENNETH

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 25 of 183

1    KALBACH and/or the person of DENNIS ZANE HOUSTON and/or the person of

2    BEATRIZ HERNANDEZ, or in their presence, by means of force or violence or fear of

3    injury to, and without the consent and against the will of the said KENNETH KALBACH

4    and/or DENNIS ZANE HOUSTON and/or BEATRIZ HERNANDEZ, said Defendant using

5    a deadly weapon, to-wit: a firearm and/or other handgun, during the commission of said

6    crime, said offense being committed by one or more of the following means, to-wit:  by the

7    Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON, GREGORY

8    FORD and an unidentified confederate acting in concert, by entering into a course of

9    conduct as accomplices, by escorting each other to the scene, by acting as look-out for each

10   other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to drive them

11   away, by the other accomplices entering the GOLD DOCTOR and/or C & H

12   ENTERPRISES business with one or more of said accomplices displaying handguns, by one

13   or more accomplices providing support in numbers upon jointly entering said business

14   and/or accosting the owners and/or employees BEATRIZ HERNANDEZ, KENNETH

15   KALBACH and/or DENNIS ZANE HOUSTON, by accomplice THURMAN NICKELAS

16   HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a back bathroom; by

17   one or more accomplices standing guard and/or watching employee BEATRIZ

18   HERNANDEZ remain in the back bathroom, by one or more accomplices rummaging

19   through and/or taking several pieces of jewelry from store display cases, by accomplice

20   GREGORY FORD shooting a handgun and/or fighting over a handgun with

21   employee/owners KENNETH KALBACH and/or DENNIS ZANE HOUSTON, by the

22   Defendant punching at or toward employee BEATRIZ HERNANDEZ, and/or by one or

23   more accomplices fleeing the scene with one or more pieces of jewelry; whereby the

24   Defendant is responsible under one or more of the following principles of criminal liability,

25   to-wit:  (1) by actually committing said offense; (2) by knowingly and intentionally aiding or

26   ///

27   ///

28   ///

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 26 of 183

1  abetting in its perpetration; and/or (3) by conspiring with others whereby the Defendant is

2  liable for the acts of accomplices committed in furtherance of the conspiracy for this offense.

3

4

5

6  BY

7  DAVID ROGER
   DISTRICT ATTORNEY
8  Nevada Bar #002781

9

10

11

12

13

14

15

16

17

18

19

20  

21  JAN 19 2021

22  CERTIFIED COPY
    DOCUMENT ATTACHED IS A
23  TRUE AND CORRECT COPY

24

25

26  DA#07F16888X/jmj
   LVMPD EV#0706261424
27  1ST DEG KIDNAP; CONSP ROBB; RWDW - F
   (TK5)
28

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-335.

4

**ER_444**

Case: 22-10526, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 27 of 183

ORIGINAL 

1  **GMEM**
2  DAVID ROGER
   DISTRICT ATTORNEY
3  Nevada Bar #002781
   TINA SEDLOCK
4  Deputy District Attorney
   Nevada Bar #009286
5  200 Lewis Avenue
   Las Vegas, NV 89155-2212
6  (702) 671-2500
   Attorney for Plaintiff

FILED IN OPEN COURT
FEB 05 2008
_____ 20 ___
CHARLES J. SHORT
CLERK OF THE COURT
BY _Linda Skinner_
                    DEPUTY
LINDA SKINNER

7                        DISTRICT COURT

8                    CLARK COUNTY, NEVADA

9  THE STATE OF NEVADA,              )
10              Plaintiff,           )    CASE NO:    C236921
                                     )    DEPT NO:    XIV
11      -vs-                         )
12  STEPHONE WHITNEY,                )
    #2647736                         )
13                                   )
14              Defendant.           )

15                   GUILTY PLEA AGREEMENT

16      I hereby agree to plead guilty to:  FIRST DEGREE KIDNAPPING (Category A

17  Felony - NRS 200.310, 200.320); CONSPIRACY TO COMMIT ROBBERY (Category B

18  Felony - NRS 199.480, 200.380) and ROBBERY WITH USE OF A DEADLY WEAPON

19  (Category B Felony - NRS 200.380, 193.165); as more fully alleged in the charging

20  document attached hereto as Exhibit "1".

21      My decision to plead guilty is based upon the plea agreement in this case which is as

22  follows:

23      The State has agreed to retain the right to argue at rendition of sentence.

24                   CONSEQUENCES OF THE PLEA

25      I understand that by pleading guilty I admit the facts which support all the elements of

26  the offense(s) to which I now plead as set forth in Exhibit "1".

27      As to **COUNT 1,** I understand that as a consequence of my plea of guilty the Court

28  must sentence me to imprisonment in the Nevada Department of Corrections for life with the

P:\WPDOCS\INF\716\71688803.doc

**ER_445**

1  possibility of parole with parole eligibility beginning at five (5) years OR for a definite term

2  of fifteen (15) years with eligibility for parole beginning at five (5) years.

3      As to **COUNT 2**, the Court must sentence me to imprisonment in the Nevada

4  Department of Corrections for a minimum term of not less than one (1) year and a maximum

5  term of not more than six (6) years. The minimum term of imprisonment may not exceed

6  forty percent (40%) of the maximum term of imprisonment.

7      As to **COUNT 3**, the Court must sentence me to imprisonment in the Nevada

8  Department of Corrections for a minimum term of not less than two (2) years and a

9  maximum term of not more than fifteen (15) years plus an equal and consecutive term for

10  use of a deadly weapon. The minimum term of imprisonment may not exceed forty percent

11  (40%) of the maximum term of imprisonment.

12      I understand that the law requires me to pay an Administrative Assessment Fee.

13      I understand that, if appropriate, I will be ordered to make restitution to the victim of

14  the offense(s) to which I am pleading guilty and to the victim of any related offense which is

15  being dismissed or not prosecuted pursuant to this agreement. I will also be ordered to

16  reimburse the State of Nevada for any expenses related to my extradition, if any.

17      I understand that I am not eligible for probation for the offense to which I am leading

18  guilty.

19      I understand that if more than one sentence of imprisonment is imposed and I am

20  eligible to serve the sentences concurrently, the sentencing judge has the discretion to order

21  the sentences served concurrently or consecutively.

22      I also understand that information regarding charges not filed, dismissed charges, or

23  charges to be dismissed pursuant to this agreement may be considered by the judge at

24  sentencing.

25      I have not been promised or guaranteed any particular sentence by anyone. I know

26  that my sentence is to be determined by the Court within the limits prescribed by statute.

27      I understand that if my attorney or the State of Nevada or both recommend any

28  specific punishment to the Court, the Court is not obligated to accept the recommendation.

2

1    I understand that if the State of Nevada has agreed to recommend or stipulate a

2    particular sentence or has agreed not to present argument regarding the sentence, or agreed

3    not to oppose a particular sentence, or has agreed to disposition as a gross misdemeanor

4    when the offense could have been treated as a felony, such agreement is contingent upon my

5    appearance in court on the initial sentencing date (and any subsequent dates if the sentencing

6    is continued).  I understand that if I fail to appear for the scheduled sentencing date or I

7    commit a new criminal offense prior to sentencing the State of Nevada would regain the full

8    right to argue for any lawful sentence.

9    I understand if the offense(s) to which I am pleading guilty to was committed while I

10   was incarcerated on another charge or while I was on probation or parole that I am not

11   eligible for credit for time served toward the instant offense(s).

12   I understand that as a consequence of my plea of guilty, if I am not a citizen of the

13   United States, I may, in addition to other consequences provided for by federal law, be

14   removed, deported, excluded from entry into the United States or denied naturalization.

15   I understand that the Division of Parole and Probation will prepare a report for the

16   sentencing judge prior to sentencing. This report will include matters relevant to the issue of

17   sentencing, including my criminal history.  This report may contain hearsay information

18   regarding my background and criminal history.  My attorney and I will each have the

19   opportunity to comment on the information contained in the report at the time of sentencing.

20   Unless the District Attorney has specifically agreed otherwise, then the District Attorney

21   may also comment on this report.

22                                    <u>WAIVER OF RIGHTS</u>

23   By entering my plea of guilty, I understand that I am waiving and forever giving up

24   the following rights and privileges:

25   1.  The constitutional privilege against self-incrimination, including the right to refuse

26   to testify at trial, in which event the prosecution would not be allowed to comment to the

27   jury about my refusal to testify.

28   2.  The constitutional right to a speedy and public trial by an impartial jury, free of

3



1   excessive pretrial publicity prejudicial to the defense, at which trial I would be entitled to the

2   assistance of an attorney, either appointed or retained.    At trial the State would bear the

3   burden of proving beyond a reasonable doubt each element of the offense charged.

4       3.  The constitutional right to confront and cross-examine any witnesses who would

5   testify against me.

6       4.  The constitutional right to subpoena witnesses to testify on my behalf.

7       5.  The constitutional right to testify in my own defense.

8       6.  The right to appeal the conviction, with the assistance of an attorney, either

9   appointed or retained, unless the appeal is based upon reasonable constitutional jurisdictional

10  or other grounds that challenge the legality of the proceedings and except as otherwise

11  provided in subsection 3 of NRS 174.035.

12  <u>VOLUNTARINESS OF PLEA</u>

13      I have discussed the elements of all of the original charge(s) against me with my

14  attorney and I understand the nature of the charge(s) against me.

15      I understand that the State would have to prove each element of the charge(s) against

16  me at trial.

17      I have discussed with my attorney any possible defenses, defense strategies and

18  circumstances which might be in my favor.

19      All of the foregoing elements, consequences, rights, and waiver of rights have been

20  thoroughly explained to me by my attorney.

21      I believe that pleading guilty and accepting this plea bargain is in my best interest,

22  and that a trial would be contrary to my best interest.

23      I am signing this agreement voluntarily, after consultation with my attorney, and I am

24  not acting under duress or coercion or by virtue of any promises of leniency, except for those

25  set forth in this agreement.

26      I am not now under the influence of any intoxicating liquor, a controlled substance or

27  other drug which would in any manner impair my ability to comprehend or understand this

28  agreement or the proceedings surrounding my entry of this plea.

4

Case 22-10926, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 31 of 183

1    My attorney has answered all my questions regarding this guilty plea agreement and

2    its consequences to my satisfaction and I am satisfied with the services provided by my

3    attorney.

4         DATED this _____ day of February, 2008.

5

6                                                              STEPHONE WHITNEY
                                                               Defendant

7

8    AGREED TO BY:

9

10   TINA SEDLOCK
     Deputy District Attorney
11   Nevada Bar #009286

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**ER_449**

Case: 22-10026, 06/14/2023, ID: 12772746, DktEntry: 17-4, Page 32 of 183

1  CERTIFICATE OF COUNSEL:

2      I, the undersigned, as the attorney for the Defendant named herein and as an officer of
3  the court hereby certify that:

4      1. I have fully explained to the Defendant the allegations contained in the charge(s)
   to which guilty pleas are being entered.

5      2. I have advised the Defendant of the penalties for each charge and the restitution
6  that the Defendant may be ordered to pay.

7      3. All pleas of guilty offered by the Defendant pursuant to this agreement are
   consistent with the facts known to me and are made with my advice to the Defendant.

8      4. To the best of my knowledge and belief, the Defendant:

9          a. Is competent and understands the charges and the consequences of pleading
           guilty as provided in this agreement.

10
11         b. Executed this agreement and will enter all guilty pleas pursuant hereto
           voluntarily.

12         c. Was not under the influence of intoxicating liquor, a controlled substance or
           other drug at the time I consulted with the defendant as certified in paragraphs
13         1 and 2 above.

14  Dated: This 5 day of February, 2008.

15                                              _____
16                                              ATTORNEY FOR DEFENDANT

17

18

19

20

21

22

23

24  JAN 19 2021

25  CERTIFIED COPY
    DOCUMENT ATTACHED IS A
26  TRUE AND CORRECT COPY
    OF THE DOCUMENT ON FILE
27

28  jmj

                                   6

Electronically Filed
02/04/2008 02:50:55 PM

CLERK OF THE COURT

1  AINF
   DAVID ROGER
2  Clark County District Attorney
   Nevada Bar #002781
3  TINA SEDLOCK
   Deputy District Attorney
4  Nevada Bar #009286
   200 Lewis Avenue
5  Las Vegas, Nevada 89155-2212
   (702) 671-2500
6  Attorney for Plaintiff

7                        DISTRICT COURT
                      CLARK COUNTY, NEVADA
8

9  THE STATE OF NEVADA,                    )
                                           )
10                    Plaintiff,           )   Case No:    C236921
                                           )   Dept No:    XIV
11     -vs-                                )
                                           )          SECOND
12  STEPHONE WHITNEY,                      )
    #2647736                               )     A M E N D E D
13                                         )
                      Defendant.           )   I N F O R M A T I O N
14  _____       )

15  STATE OF NEVADA      )
                         )  ss.
16  COUNTY OF CLARK      )

17      DAVID ROGER, District Attorney within and for the County of Clark, State of

18  Nevada, in the name and by the authority of the State of Nevada, informs the Court:

19      That STEPHONE WHITNEY, the Defendant(s) above named, having committed the

20  crimes of **FIRST DEGREE KIDNAPPING (Category A Felony - NRS 200.310,**

21  **200.320); CONSPIRACY TO COMMIT ROBBERY (Category B Felony - NRS**

22  **199.480, 200.380) and ROBBERY WITH USE OF A DEADLY WEAPON (Category B**

23  **Felony - NRS 200.380, 193.165)**, on or about the 26th day of June, 2007, within the County

24  of Clark, State of Nevada, contrary to the form, force and effect of statutes in such cases

25  made and provided, and against the peace and dignity of the State of Nevada,

26  COUNT 1 - FIRST DEGREE KIDNAPPING

27      did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

28  GREGORY FORD and an unidentified confederate, wilfully, unlawfully, feloniously, and

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-13526\

**EXHIBIT "1"**

Case: 22-10926, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 34 of 183

1   without authority of law, seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap, or

2   carry away BEATRIZ HERNANDEZ, a human being, with the intent to hold or detain the

3   said BEATRIZ HERNANDEZ against her will, and without her consent, for the purpose of

4   committing robbery, said offense being committed by one or more of the following means,

5   to-wit:  by the Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

6   GREGORY FORD and an unidentified confederate acting in concert, by entering into a

7   course of conduct as accomplices, by escorting each other to the scene, by acting as look-out

8   for each other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to

9   drive them away, by one or more accomplices entering said business with one or more of

10  said accomplices carrying and/or displaying a firearm and/or handgun, by one or more

11  accomplices providing support in numbers upon jointly entering said business and/or

12  accosting the occupants therein with said weapons, by accomplice THURMAN NICKELAS

13  HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a bathroom;

14  whereby the Defendant is responsible under one or more of the following principles of

15  criminal liability, to-wit:  (1) by actually committing said offense; (2) by knowingly and

16  intentionally aiding or abetting in its perpetration; and/or (3) by conspiring with others

17  whereby the Defendant is liable for the acts of accomplices committed in furtherance of the

18  conspiracy for this offense.

19  COUNT 2 - CONSPIRACY TO COMMIT ROBBERY

20       did then and there meet with THURMAN NICKELAS HALL, MIYA PATRIECE

21  MASON and GREGORY FORD and between themselves, and each of them with the other,

22  wilfully, unlawfully, and feloniously conspire and agree to commit a crime, to-wit:  robbery,

23  and in furtherance of said conspiracy, Defendant did commit the acts as set forth in Count 3,

24  said acts being incorporated by this reference as though fully set forth herein.

25  COUNT 3 - ROBBERY WITH USE OF A DEADLY WEAPON

26       did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

27  GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and

28  feloniously take personal property, to-wit: jewelry, from the person of KENNETH

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-\35262

2

**ER_452**

1   KALBACH and/or the person of DENNIS ZANE HOUSTON and/or the person of
2   BEATRIZ HERNANDEZ, or in their presence, by means of force or violence or fear of
3   injury to, and without the consent and against the will of the said KENNETH KALBACH
4   and/or DENNIS ZANE HOUSTON and/or BEATRIZ HERNANDEZ, said Defendant using
5   a deadly weapon, to-wit: a firearm and/or other handgun, during the commission of said
6   crime, said offense being committed by one or more of the following means, to-wit: by the
7   Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON, GREGORY
8   FORD and an unidentified confederate acting in concert, by entering into a course of
9   conduct as accomplices, by escorting each other to the scene, by acting as look-out for each
10  other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to drive them
11  away, by the other accomplices entering the GOLD DOCTOR and/or C & H
12  ENTERPRISES business with one or more of said accomplices displaying handguns, by one
13  or more accomplices providing support in numbers upon jointly entering said business
14  and/or accosting the owners and/or employees BEATRIZ HERNANDEZ, KENNETH
15  KALBACH and/or DENNIS ZANE HOUSTON, by accomplice THURMAN NICKELAS
16  HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a back bathroom; by
17  one or more accomplices standing guard and/or watching employee BEATRIZ
18  HERNANDEZ remain in the back bathroom, by one or more accomplices rummaging
19  through and/or taking several pieces of jewelry from store display cases, by accomplice
20  GREGORY FORD shooting a handgun and/or fighting over a handgun with
21  employee/owners KENNETH KALBACH and/or DENNIS ZANE HOUSTON, by the
22  Defendant punching at or toward employee BEATRIZ HERNANDEZ, and/or by one or
23  more accomplices fleeing the scene with one or more pieces of jewelry; whereby the
24  Defendant is responsible under one or more of the following principles of criminal liability,
25  to-wit: (1) by actually committing said offense; (2) by knowingly and intentionally aiding or
26  ///
27  ///
28  ///

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-13526:
3

1  abetting in its perpetration; and/or (3) by conspiring with others whereby the Defendant is

2  liable for the acts of accomplices committed in furtherance of the conspiracy for this offense.

3

4

5

6  BY _____

7  DAVID ROGER
   DISTRICT ATTORNEY
8  Nevada Bar #002781

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  DA#07F16888X/jmj
27  LVMPD EV#0706261424
    1ST DEG KIDNAP; CONSP ROBB; RWDW - F
28  (TK5)

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-\35262
4

JOCP

~~ORIGINAL~~

FILED

Apr 2  10 06 AM '08

CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

               Plaintiff,

          -vs-

STEPHONE WHITNEY
#2647736

               Defendant.

CASE NO.  C236921

DEPT. NO. XIV

## JUDGMENT OF CONVICTION

### (PLEA OF GUILTY)

The Defendant previously appeared before the Court with counsel and entered a plea of guilty to the crimes of COUNT 1 – FIRST DEGREE KIDNAPING (Category A Felony) in violation of NRS 200.310, 200.320, COUNT 2 – CONSPIRACY TO COMMIT ROBBERY (Category B Felony) in violation of NRS 199.480, 200.380,  and  COUNT 3 – ROBBERY WITH USE OF A DEADLY WEAPON (Category B Felony) in violation of NRS 193.165, 200.380; thereafter, on the 26th day of March, 2008, the Defendant was present in court for sentencing with his counsel, KENNETH FRIZZELL, ESQ., and good cause appearing,

RECEIVED

APR 0 2 2008

CLERK OF THE COURT

1   THE DEFENDANT IS HEREBY ADJUDGED guilty of said offenses and, in

2   addition to the $25.00 Administrative Assessment Fee and $150.00 DNA Analysis Fee

3   including testing to determine genetic markers, the Defendant is sentenced to the

4   Nevada Department of Corrections (NDC) as follows:  AS TO COUNT 1 - TO A

5

6   MAXIMUM of ONE HUNDRED FIFTY-SIX (156) MONTHS with a MINIMUM parole

7   eligibility of FORTY-EIGHT (48) MONTHS; AS TO COUNT 2 - TO A MAXIMUM of

8   FORTY-EIGHT (48) MONTHS with a MINIMUM parole eligibility of TWELVE (12)

9   MONTHS, COUNT 2 to run CONCURRENT with COUNT 1; AS TO COUNT 3 - TO A

10  MAXIMUM of ONE HUNDRED TWENTY (120) MONTHS and a MINIMUM parole

11  eligibility of TWENTY-SIX (26) MONTHS, plus an EQUAL and CONSECUTIVE term of

12  ONE HUNDRED TWENTY (120) MONTHS MAXIMUM and TWENTY-SIX (26)

13

14  MONTHS MINIMUM for the Use of a Deadly Weapon, COUNT 3 to run CONCURRENT

15  with COUNT 2; with TWO HUNDRED SEVENTY-TWO (272) DAYS credit for time

16  served.

17

18

19  DATED this ___31st___ day of March, 2008

20

21

22  DONALD M. MOSLEY

23  DISTRICT JUDGE

24

25

26  JAN 19 2021

27  CERTIFIED COPY
    DOCUMENT ATTACHED IS A
    TRUE AND CORRECT COPY
28  OF THE DOCUMENT ON FILE

2                           S:\Forms\JOC-Plea 2 Ct/3/27/2008

**ER_456**

07C236921

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 39 of 183

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | September 24, 2007 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| September 24, 2007 | 9:00 AM | Initial Arraignment | INITIAL ARRAIGNMENT Court Clerk: Sharry Frascarelli  Relief Clerk: Conan Vanderbusse/cv Reporter/Recorder: Kiara Schmidt  Heard By: J. CHARLES THOMPSON |
|---|---|---|---|

**HEARD BY:**                    **COURTROOM:**   No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| Frizzell III, Kenneth G. | Attorney |
| Thomas, Michelle L. | Attorney |
| Whitney, Stephone | Defendant |

## JOURNAL ENTRIES

- DEFT. WHITNEY ARRAIGNED, PLED NOT GUILTY and INVOKED THE 60-DAY RULE.  COURT ORDERED, matter set for trial.
CUSTODY
11/20/07 9:00 AM  CALENDAR CALL (DEPT 14)
11/26/07 1:30 PM  JURY TRIAL (DEPT 14)

PRINT DATE:    01/19/2021                Page 1 of 7        Minutes Date:    September 24, 2007

**ER_457**

07C236921

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 40 of 183

PRINT DATE:    01/19/2021                Page 2 of 7        Minutes Date:    September 24, 2007

07C236921

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 41 of 183

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | **COURT MINUTES** | October 24, 2007 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

**October 24, 2007**       **9:00 AM**       **Status Check**

**HEARD BY:**                                      **COURTROOM:**

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES
PRESENT:**

**JOURNAL ENTRIES**

PRINT DATE:      01/19/2021                   Page 3 of 7          Minutes Date:      September 24, 2007

07C236921

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | October 24, 2007 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| October 24, 2007 | 9:00 AM | Status Check | STATUS CHECK: DISCOVERY AND TRIAL  Court Clerk: Linda Skinner Reporter/Recorder: Joe D'Amato  Heard By: JOSEPH BONAVENTURE |
|---|---|---|---|

**HEARD BY:**                                     **COURTROOM:**  No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| | Frizzell III, Kenneth G. | Attorney |
|---|---|---|
| | Nance, Aaron M. | Attorney |
| | Whitney, Stephone | Defendant |

### JOURNAL ENTRIES

- Mr. Frizzell advised he has all of the discovery and is ready for trial. COURT ORDERED, matter RESOLVED.
CUSTODY

| PRINT DATE: | 01/19/2021 | Page 4 of 7 | Minutes Date: | September 24, 2007 |
|---|---|---|---|---|

**ER_460**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 42 of 183

07C236921

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 43 of 183

PRINT DATE:    01/19/2021          Page 5 of 7       Minutes Date:    September 24, 2007

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 44 of 183

07C236921

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | November 20, 2007 |
| --- | --- | --- |

07C236921                    The State of Nevada vs Stephone Whitney

| November 20, 2007 | 9:00 AM | Calendar Call | **CALENDAR CALL** |
| --- | --- | --- | --- |

**CALENDAR CALL**
**Court Clerk: Linda Skinner**
**Reporter/Recorder: Joe D'Amato  Heard By: Donald Mosley**

**HEARD BY:**                                    **COURTROOM:**   No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| Frizzell III, Kenneth G. | Attorney |
| Sedlock, Priyanka T. | Attorney |
| Whitney, Stephone | Defendant |

### JOURNAL ENTRIES

- Court noted this matter was discussed in chambers and that it maybe resolved.  Mr. Frizzell stated they are very close to negotiations, would request the trial date be vacated and reset and that Defendant will waive the 60 day rule.  Ms. Sedlock had no objection.  COURT ORDERED, trial date VACATED and RESET.
CUSTODY
1/8/08  9:00 AM  CALENDAR CALL
1/14/08  1:30 PM  JURY TRIAL

PRINT DATE:    01/19/2021                  Page 6 of 7          Minutes Date:    September 24, 2007

**ER_462**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 45 of 183

07C236921

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | **COURT MINUTES** | November 26, 2007 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

**November 26, 2007**     **1:30 PM**     **Jury Trial**

**HEARD BY:**                                   **COURTROOM:**

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES
PRESENT:**

### JOURNAL ENTRIES

JAN 19 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

PRINT DATE:     01/19/2021          Page 7 of 7          Minutes Date:     September 24, 2007

**ER_463**

07C236921

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 46 of 183

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | January 08, 2008 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| January 08, 2008 | 9:00 AM | Calendar Call | CALENDAR CALL<br>Court Clerk: Linda Skinner<br>Reporter/Recorder: Maureen Schorn<br>Heard By: Mosley, Donald M. |
|---|---|---|---|

**HEARD BY:**                                        **COURTROOM:**   No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| Frizzell III, Kenneth G. | Attorney |
| Rickert, David J. | Attorney |
| Whitney, Stephone | Defendant |

## JOURNAL ENTRIES

- Upon Court's inquiry, Mr. Frizzell advised he is ready for trial. Mr. Rickert advise the State is close to being ready and requested a continuance to Thursday. COURT SO ORDERED.
CUSTODY

PRINT DATE:   01/19/2021              Page 1 of 8       Minutes Date:   January 08, 2008

**ER_464**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 47 of 183

07C236921

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | January 10, 2008 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| January 10, 2008 | 9:00 AM | Calendar Call | **CALENDAR CALL**<br>**Court Clerk: Linda Skinner**<br>**Reporter/Recorder: Maureen Schorn**<br>**Heard By: Donald Mosley** |
|---|---|---|---|

**HEARD BY:**                                   **COURTROOM:**   No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| Frizzell III, Kenneth G. | Attorney |
|---|---|
| Sedlock, Priyanka T. | Attorney |
| Whitney, Stephone | Defendant |

### JOURNAL ENTRIES

- Court noted this matter was discussed in chambers.  Mr. Frizzell concurred and advised a plea has been offered, however, he would request a continuance to speak with Defendant and Defendant's parents about the plea.  Further, there is a hearing on the writ with the co-defendant in the other case and would request a 3 week continuance.  Ms. Sedlock had no objection.  COURT ORDERED, trial date VACATED and set for status check in 3 weeks.
CUSTODY
1/31/08  9:00 AM  STATUS CHECK: TRIAL SETTING

PRINT DATE:    01/19/2021              Page 2 of 8         Minutes Date:    January 08, 2008

**ER_465**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 48 of 183

**07C236921**

PRINT DATE:      01/19/2021                     Page 3 of 8          Minutes Date:     January 08, 2008

07C236921

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 49 of 183

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | January 14, 2008 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| January 14, 2008 | 1:30 PM | Jury Trial |
|---|---|---|

**HEARD BY:**                                    **COURTROOM:**

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES
PRESENT:**

### JOURNAL ENTRIES

PRINT DATE:    01/19/2021              Page 4 of 8        Minutes Date:    January 08, 2008

**ER_467**

07C236921

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 50 of 183

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | January 31, 2008 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| January 31, 2008 | 9:00 AM | Status Check | **STATUS CHECK: TRIAL SETTING/NEGOTIA TIONS  Court Clerk: Linda Skinner/ls Relief Clerk: Becky Foster Reporter/Recorder: Joe D'Amato  Heard By: Mosley, Donald M.** |
|---|---|---|---|

**HEARD BY:**                          **COURTROOM:**   No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| Frizzell III, Kenneth G. | Attorney |
| Stege, Amos R. | Attorney |
| Whitney, Stephone | Defendant |

## JOURNAL ENTRIES

- Mr. Frizzell advised Defendant is only 17; he was able to speak to Defendant's parents regarding the negotiations, however, has not been able to speak to Defendant.  Mr. Frizzell requested a short continuance.  Mr. Stege had no objection.  COURT ORDERED, matter CONTINUED. CUSTODY

| PRINT DATE:   01/19/2021 | Page 5 of 8 | Minutes Date:   January 08, 2008 |
|---|---|---|

**ER_468**

07C236921

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 51 of 183

PRINT DATE:    01/19/2021              Page 6 of 8        Minutes Date:    January 08, 2008

07C236921

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | February 05, 2008 |
|---|---|---|

07C236921          The State of Nevada vs Stephone Whitney

| February 05, 2008 | 9:00 AM | Status Check | STATUS CHECK: TRIAL SETTING/NEGOTIA TIONS  Court Clerk: Linda Skinner/ls Relief Clerk: Becky Foster Reporter/Recorder: Joe D'Amato  Heard By: Donald Mosley |
|---|---|---|---|

**HEARD BY:**                          **COURTROOM:**   No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| Frizzell III, Kenneth G. | Attorney |
|---|---|
| Miller, James J. | Attorney |
| Whitney, Stephone | Defendant |

### JOURNAL ENTRIES

- Mr. Frizzell advised matter is resolved.  Mr. Miller advised the Second Amended Information was filed yesterday.  Guilty Plea Agreement FILED IN OPEN COURT.  NEGOTIATIONS: State retains the right to argue at time of sentencing.  Mr. Miller concurred.  DEFENDANT WHITNEY WITHDREW NOT GUILTY PLEA AND PLED GUILTY to COUNT 1 - FIRST DEGREE KIDNAPPING (F); COUNT 2 - CONSPIRACY TO COMMIT ROBBERY (F) and COUNT 3 - ROBBERY WITH USE OF A DEADLY WEAPON (F).  Court ACCEPTED pleas; referred matter to the

| PRINT DATE:   01/19/2021 | Page 7 of 8 | Minutes Date:   January 08, 2008 |
|---|---|---|

**ER_470**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 52 of 183

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 53 of 183

**07C236921**

Division of Parole and Probation for a Pre-sentence Investigation Report and ORDERED, set for sentencing.
CUSTODY
3/26/08  9:00 AM  SENTENCING

JAN 19 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY

PRINT DATE:    01/19/2021          Page 8 of 8          Minutes Date:    January 08, 2008

**ER_471**

07C236921

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 54 of 183

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| Felony/Gross Misdemeanor | COURT MINUTES | March 26, 2008 |
| --- | --- | --- |

| 07C236921 | The State of Nevada vs Stephone Whitney |
| --- | --- |

| March 26, 2008 | 9:00 AM | Sentencing | SENTENCING |
| --- | --- | --- | --- |

SENTENCING
Court Clerk: Linda Skinner
Reporter/Recorder: Maureen Schorn
Heard By: Donald Mosley

**HEARD BY:**                          **COURTROOM:**   No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| Frizzell III, Kenneth G. | Attorney |
| Rickert, David J. | Attorney |
| Whitney, Stephone | Defendant |

**JOURNAL ENTRIES**

- By virtue of his plea, DEFENDANT WHITNEY ADJUDGED GUILTY of COUNT 1 - FIRST DEGREE KIDNAPPING (F); COUNT 2 - CONSPIRACY TO COMMIT ROBBERY (F) and COUNT 3 - ROBBERY WITH USE OF A DEADLY WEAPON (F).  Statements by Mr. Rickert, Defendant and Mr. Frizzell.  COURT ORDERED, DEFENDANT SENTENCED to the Nevada Department of Corrections as to: COUNT 1 - a MAXIMUM term of ONE HUNDRED FIFTY-SIX (156) MONTHS with a MINIMUM parole eligibility of FORTY-EIGHT (48) MONTHS, and; COUNT 2 - a MAXIMUM term of FORTY-EIGHT (48) MONTHS with a MINIMUM parole eligibility of TWELVE (12) MONTHS, to run CONCURRENT with Count 1, and; COUNT 3 - a MAXIMUM term of ONE HUNDRED TWENTY (120) MONTHS with a MINIMUM parole eligibility of TWENTY-SIX (26) MONTHS, plus an EQUAL AND CONSECUTIVE term of ONE HUNDRED TWENTY (120) MONTHS MAXIMUM

| PRINT DATE: | 01/19/2021 | Page 1 of 2 | Minutes Date: | March 26, 2008 |
| --- | --- | --- | --- | --- |

**ER_472**

07C236921

with a MINIMUM parole eligibility of TWENTY-SIX (26) MONTHS, for Use of a Deadly Weapon;
Count 3 to run CONCURRENT with Count 2, with 272 days credit for time served.
Defendant was referred to the 184 Drug Program in prison.
CLERK'S NOTE:  Pursuant to statute and Pre-sentence Report, a $25 Administrative Assessment fee
and $150 DNA Analysis fee is imposed with Defendant submitting to genetic markers testing.
BOND, if any, EXONERATED.

JAN 19 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

PRINT DATE:   01/19/2021          Page 2 of 2          Minutes Date:   March 26, 2008

Attachment B

Judgment of Conviction and extracts of record, Possession of a Controlled Substance with
Intent to Sell, in the District Court of Nevada in Clark County, Nevada, July 16, 2009,
Case No. C-19-338650

Electronically Filed
7/25/2019 2:06 PM
Steven D. Grierson
CLERK OF THE COURT

1  **JOC**
2  STEVEN B. WOLFSON
   Clark County District Attorney
3  Nevada Bar #001565
   200 Lewis Avenue
4  Las Vegas, Nevada 89155-2212
   (702) 671-2500
5  Attorney for Plaintiff

6                           DISTRICT COURT
                        CLARK COUNTY, NEVADA

7  THE STATE OF NEVADA,

8                    Plaintiff,

9          -vs-                              CASE NO:   C-19-338650-1

10 STEPHON JAMES WHITNEY,                    DEPT NO:   XX
   #2647736
11
                     Defendant.
12

13              **JUDGMENT OF CONVICTION**
                   **(PLEA OF GUILTY)**
14

15      The defendant previously appeared before the Court with counsel and entered a plea

16 of guilty to the crime(s) of POSSESSION OF CONTROLLED SUBSTANCE WITH

17 INTENT TO SELL (Category D Felony), in violation of NRS 453.337; thereafter, on the

18 16th day of July, 2019, the defendant was present in court for sentencing with his counsel,

19 ROBSON M. HAUSER, Deputy Public Defender, and good cause appearing,

20      THE DEFENDANT WAS HEREBY ADJUDGED guilty of said offense(s) and, in

21 addition to the $25.00 Administrative Assessment Fee, $3.00 DNA Collection fee and the

22 $60 Chemical Analysis fee with the $150 DNA Analysis fee being WAIVED as previously

23 imposed, the defendant was sentenced as follows: To the Nevada Department of Corrections

24 for a MINIMUM term of EIGHTEEN (18) MONTHS with a MAXIMUM term of FORTY-

25 EIGHT (48) MONTHS; SUSPENDED; placed on PROBATION for an indeterminate period

26 not to exceed THREE (3) YEARS.

27

28
   C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\18F13525-JOC-

                                                        (WHITNEY__STEPHON)-001.DOCX

                              **ER_475**

STANDARD CONDITIONS:

1. REPORTING: You are to report in person to the Division of Parole and Probation as instructed by the Division or its agent. You are required to submit a written report each month on forms supplied by the Division. This report shall be true and correct in all respects.

2. RESIDENCE: You shall not change your place of residence without first obtaining permission from the Division of Parole and Probation, in each instance.

3. INTOXICANTS: You shall not consume or possess any alcoholic beverages WHATSOEVER or recreational marijuana in Nevada or any other State where such possession is considered legal. Upon order of the Division of Parole and Probation or its agent, you shall submit to a medically recognized test for either breath, blood or urine, to determine blood, breath or urine for alcohol, marijuana or THC content.

4. CONTROLLED SUBSTANCES: You shall not use, purchase or possess any illegal drugs, or any prescription drugs, unless first prescribed by a licensed medical professional. You shall immediately notify the Division of Parole and Probation of any prescription received. You shall submit to drug testing as required by the Division or its agent. Absent further Order from the Court, a prescription does not include medical marijuana.

5. WEAPONS: You shall not possess, have access to, or have under your control, any firearm, explosive device or other dangerous weapon as defined by Federal, State or local law.

6. SEARCH: You shall submit your person, property, place of residence, vehicle, or areas under your control to search including electronic surveillance or monitoring of your location, at any time, with or without a search warrant or warrant of arrest, for evidence of a crime or violation of probation by the Division of Parole and Probation or its agent. You shall inform any other occupant of the premises where you reside or area under your control, that the premises or area may be subject to a search pursuant to this condition. As a condition of probation, you specifically consent that your Probation Officer or his or her agent acting at

2

**ER_476**

your Probation Officer s direction, may search any digital storage media that you use, possess or have access to, including but not limited to laptop or desk top computer, cellular telephone or electronic communication device or other device capable of the electronic or digital storage of information, along with any network applications associated with those devices, including but not limited to social media and remote storage services for any information contained on the digital storage media, including but not limited to documents, photographs, text, or other messages, e-mails, phone or communication records and audio recordings. You shall provide the Probation Officer or their agent any password, unlock codes or account or other information necessary to access the digital storage media.

7. ASSOCIATES: You must have prior approval by the Division of Parole and Probation to associate with any person convicted of a felony, or any person on probation or parole supervision. You shall not have any contact with persons confined in a correctional institution unless specific written permission has been granted by the Division and the correctional institution.

8. DIRECTIVES AND CONDUCT: You shall follow the directives of the Division of Parole and Probation.

9. LAWS: You shall comply with all Municipal, County, State, and Federal laws and ordinances.

10. OUT-OF-STATE TRAVEL: You shall not leave the state without first obtaining written permission from the Division of Parole and Probation.

11. EMPLOYMENT/PROGRAM: You shall seek and maintain legal employment, or maintain a vocational or educational program approved by the Division of Parole and Probation and not change such employment or program without first obtaining permission. All terminations of employment or program shall be immediately reported to the Division. During any period of time which you are not employed or participating in an approved program full time, the Division of Parole and Probation may require you to participate in up to 60 hours of community service work each month.

3

**ER_477**

12. FINANCIAL OBLIGATION: You shall pay fees, fines, and restitution on a schedule approved by the Division of Parole and Probation. Any excess monies paid will be applied to any other outstanding fees, fines, and/or restitution, even if it is discovered after your discharge.

SPECIAL CONDITIONS:

1. Submit to substance abuse and alcohol evaluations as deemed necessary by Parole and Probation and complete any recommended care plan, treatment or counseling program based on those evaluations.

2. Comply with an imposed curfew by Parole and Probation as deemed necessary.

Defendant was advised the above conditions are immediately in effect upon his leaving the Courtroom and not contingent upon the filing of the Judgment of Conviction nor meeting with his Probation Officer. Further, Defendant was directed to report to Parole and Probation within 48 hours of this proceeding.

DATED this ___25___ day of July, 2019.

DISTRICT JUDGE

ERIC JOHNSON



November 19, 2020

CERTIFIED COPY
ELECTRONIC SEAL (NRS 1.190(3))

18F13525X/ckb/L4

4

C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\18F13525-JOC-
(WHITNEY__STEPHON)-001.DOCX

ER_478

1  **JOC**
2  STEVEN B. WOLFSON
   Clark County District Attorney
3  Nevada Bar #001565
   200 Lewis Avenue
4  Las Vegas, Nevada 89155-2212
   (702) 671-2500
5  Attorney for Plaintiff

                        DISTRICT COURT
6                     CLARK COUNTY, NEVADA

7  THE STATE OF NEVADA,

8              Plaintiff,

9       -vs-                            CASE NO:   C-19-340689-1

10  RICHARD ENGLAND,                    DEPT NO:   XX
    #2655483
11

12              Defendant.

13                   **JUDGMENT OF CONVICTION**
14                        **(PLEA OF GUILTY)**

15      The defendant previously appeared before the Court with counsel and entered a plea

16  of guilty to the crime(s) of POSSESSION OF STOLEN VEHICLE (Category C Felony), in

17  violation of NRS 205.273.3; thereafter, on the 16th day of July, 2019, the defendant was

18  present in court for sentencing with his counsel, ALEXANDER B. BASSETT, Deputy

19  Public Defender, and good cause appearing,

20      THE DEFENDANT WAS HEREBY ADJUDGED guilty of said offense(s) and, in

21  addition to the $25.00 Administrative Assessment Fee, and the $3.00 DNA Collection fee

22  with the $150 DNA Analysis fee being WAIVED as previously imposed, the defendant was

23  sentenced as follows: To the Nevada Department of Corrections for a MINIMUM term of

24  TWELVE (12) MONTHS with a MAXIMUM term of THIRTY (30) MONTHS;

25  SUSPENDED; placed on PROBATION for an indeterminate period not to exceed

26  EIGHTEEN (18) MONTHS.

27

28
    C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\19F09545-JOC-

                                                    (ENGLAND__RICHARD)-001.DOCX

1
2  ONLY CONDITION:
3      1.  SERVE ONE HUNDRED EIGHTY (180) DAYS in the Clark County Detention
4          Center with 65 days credit for time served.
5  Upon completion of above, Defendant is to be HONORABLY DISCHARGED from
6  probation.
7
8      DATED this ___25___ day of July, 2019.
9
10                                  DISTRICT JUDGE
11                                  ERIC JOHNSON
12
13
14
15
16
17
18
19
20
21
22  19F09545X/ckb/L4
23
24
25
26
27
28                                  2

ER_480

Electronically Filed
3/7/2019 3:32 PM
Steven D. Grierson
CLERK OF THE COURT

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 63 of 183

1  **INFM**
2  STEVEN B. WOLFSON
   Clark County District Attorney
3  Nevada Bar #001565
   MADILYN COLE
4  Deputy District Attorney
   Nevada Bar #014693
5  200 Lewis Avenue
   Las Vegas, Nevada 89155-2212
6  (702) 671-2500
   Attorney for Plaintiff

7  I.A. 03/18/19                    DISTRICT COURT
8  10:00 AM                    CLARK COUNTY, NEVADA
   PD-HAUSER

9  THE STATE OF NEVADA,

10             Plaintiff,          CASE NO:    C-19-338650-1

11      -vs-                       DEPT NO:    XX

12  STEPHON JAMES WHITNEY,
    #2647736

13                                 I N F O R M A T I O N
               Defendant.
14

15  STATE OF NEVADA      )
                         ) ss.
16  COUNTY OF CLARK      )

17        STEVEN B. WOLFSON, District Attorney within and for the County of Clark, State

18  of Nevada, in the name and by the authority of the State of Nevada, informs the Court:

19        That STEPHON JAMES WHITNEY, the Defendant(s) above named, having

20  committed the crime of **POSSESSION OF CONTROLLED SUBSTANCE WITH**

21  **INTENT TO SELL (Category D Felony - NRS 453.337 - NOC 51141)**, on or about the

22  22nd day of July, 2018, within the County of Clark, State of Nevada, contrary to the form,

23  force and effect of statutes in such cases made and provided, and against the peace and dignity

24  //

25  //

26  //

27  //

28  //

W:\2018\2018F\135\25\18F13525-INFM-(WHITNEY__STEPHON)-001.DOCX



ORIGINAL

FILED IN OPEN COURT
STEVEN D. GRIERSON
CLERK OF THE COURT

MAR 1 8 2019

*Krista Brown*
KRISTEN BROWN, DEPUTY

1 | **GPA**
STEVEN B. WOLFSON
2 | Clark County District Attorney
Nevada Bar #001565
3 | MADILYN COLE
Deputy District Attorney
4 | Nevada Bar #014693
200 Lewis Avenue
5 | Las Vegas, NV 89155-2212
(702) 671-2500
6 | Attorney for Plaintiff

7 | DISTRICT COURT
8 | CLARK COUNTY, NEVADA

9 | THE STATE OF NEVADA,

10 |          Plaintiff,

11 |     -vs-                                    CASE NO:   C-19-338650-1

12 | STEPHON JAMES WHITNEY,            DEPT NO:   XX
#2647736
13 |
          Defendant.
14 |

15 | GUILTY PLEA AGREEMENT

16 |      I hereby agree to plead guilty to: **POSSESSION OF CONTROLLED SUBSTANCE**

17 | **WITH INTENT TO SELL (Category D Felony - NRS 453.337 - NOC 51141)**, as more

18 | fully alleged in the charging document attached hereto as Exhibit "1".

19 |      My decision to plead guilty is based upon the plea agreement in this case which is as

20 | follows:

21 |      The State will make no recommendation at rendition of sentencing.    I agree to the

22 | forfeiture as set forth in the Stipulation for Compromise of Seized Property which is attached

23 | hereto and incorporated herein by reference as Exhibit "2".

24 |      I agree to the forfeiture of any and all weapons or any interest in any weapons seized

25 | and/or impounded in connection with the instant case and/or any other case negotiated in

26 | whole or in part in conjunction with this plea agreement.

27 | //

28 | //

C-19-338650-1
GPA
Guilty Plea Agreement
4823786



W:\2018\2018F\135\25\18F13525-GPA-(WHITNEY__STEPHON)-001.DOCX

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 64 of 183

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 65 of 183

1    I understand and agree that, if I fail to interview with the Department of Parole and

2    Probation, fail to appear at any subsequent hearings in this case, or an independent magistrate,

3    by affidavit review, confirms probable cause against me for new criminal charges including

4    reckless driving or DUI, but excluding minor traffic violations, the State will have the

5    unqualified right to argue for any legal sentence and term of confinement allowable for the

6    crime(s) to which I am pleading guilty, including the use of any prior convictions I may have

7    to increase my sentence as an habitual criminal to five (5) to twenty (20) years, life without

8    the possibility of parole, life with the possibility of parole after ten (10) years, or a definite

9    twenty-five (25) year term with the possibility of parole after ten (10) years.

10    Otherwise I am entitled to receive the benefits of these negotiations as stated in this

11    plea agreement.

### CONSEQUENCES OF THE PLEA

13    I understand that by pleading guilty I admit the facts which support all the elements of

14    the offense(s) to which I now plead as set forth in Exhibit "1".

15    I understand that as a consequence of my plea of guilty The Court must sentence me to

16    imprisonment in the Nevada Department of Corrections for a minimum term of not less than

17    ONE (1) year and a maximum term of not more than FOUR (4) years. The minimum term of

18    imprisonment may not exceed forty percent (40%) of the maximum term of imprisonment. I

19    understand that I may also be fined up to $5,000.00. I understand that the law requires me to

20    pay an Administrative Assessment Fee. I also understand that a conviction of any violation of

21    NRS Chapter 453, the Uniform Controlled Substance Act, requires that I pay a controlled

22    substance analysis fee.

23    I understand that, if appropriate, I will be ordered to make restitution to the victim of

24    the offense(s) to which I am pleading guilty and to the victim of any related offense which is

25    being dismissed or not prosecuted pursuant to this agreement. I will also be ordered to

26    reimburse the State of Nevada for any expenses related to my extradition, if any.

27    I understand that I am eligible for probation for the offense to which I am pleading

28    guilty. I understand that, except as otherwise provided by statute, the question of whether I

W:\2018\2018F\135\25\18F13525-GPA-(WHITNEY__STEPHON)-001.DOCX



1   receive probation is in the discretion of the sentencing judge.

2       I understand that I must submit to blood and/or saliva tests under the Direction of the

3   Division of Parole and Probation to determine genetic markers and/or secretor status.

4       I understand that if I am pleading guilty to charges of Burglary, Invasion of the Home,

5   Possession of a Controlled Substance with Intent to Sell, Sale of a Controlled Substance, or

6   Gaming Crimes, for which I have prior felony conviction(s), I will not be eligible for probation

7   and may receive a higher sentencing range.

8       I understand that if more than one sentence of imprisonment is imposed and I am

9   eligible to serve the sentences concurrently, the sentencing judge has the discretion to order

10  the sentences served concurrently or consecutively.

11      I understand that information regarding charges not filed, dismissed charges, or charges

12  to be dismissed pursuant to this agreement may be considered by the judge at sentencing.

13      I have not been promised or guaranteed any particular sentence by anyone. I know that

14  my sentence is to be determined by the Court within the limits prescribed by statute.

15      I understand that if my attorney or the State of Nevada or both recommend any specific

16  punishment to the Court, the Court is not obligated to accept the recommendation.

17      I understand that if the offense(s) to which I am pleading guilty was committed while I

18  was incarcerated on another charge or while I was on probation or parole that I am not eligible

19  for credit for time served toward the instant offense(s).

20      I understand that if I am not a United States citizen, any criminal conviction will likely

21  result in serious negative immigration consequences including but not limited to:

22      1.   The removal from the United States through deportation;

23      2.   An inability to reenter the United States;

24      3.   The inability to gain United States citizenship or legal residency;

25      4.   An inability to renew and/or retain any legal residency status; and/or

26      5.   An indeterminate term of confinement, with the United States Federal
            Government based on my conviction and immigration status.

27  //

28  //

3

W:\2018\2018F\135\25\18F13525-GPA-(WHITNEY__STEPHON)-001.DOCX

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 66 of 183

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 67 of 183

1   Regardless of what I have been told by any attorney, no one can promise me that this
2   conviction will not result in negative immigration consequences and/or impact my ability to
3   become a United States citizen and/or a legal resident.

4   I understand that the Division of Parole and Probation will prepare a report for the
5   sentencing judge prior to sentencing. This report will include matters relevant to the issue of
6   sentencing, including my criminal history. This report may contain hearsay information
7   regarding my background and criminal history. My attorney and I will each have the
8   opportunity to comment on the information contained in the report at the time of sentencing.
9   Unless the District Attorney has specifically agreed otherwise, the District Attorney may also
10  comment on this report.

## WAIVER OF RIGHTS

By entering my plea of guilty, I understand that I am waiving and forever giving up the
following rights and privileges:

1.  The constitutional privilege against self-incrimination, including the right to refuse to testify at trial, in which event the prosecution would not be allowed to comment to the jury about my refusal to testify.

2.  The constitutional right to a speedy and public trial by an impartial jury, free of excessive pretrial publicity prejudicial to the defense, at which trial I would be entitled to the assistance of an attorney, either appointed or retained. At trial the State would bear the burden of proving beyond a reasonable doubt each element of the offense(s) charged.

3.  The constitutional right to confront and cross-examine any witnesses who would testify against me.

4.  The constitutional right to subpoena witnesses to testify on my behalf.

5.  The constitutional right to testify in my own defense.

6.  The right to appeal the conviction with the assistance of an attorney, either appointed or retained, unless specifically reserved in writing and agreed upon as provided in NRS 174.035(3). I understand this means I am unconditionally waiving my right to a direct appeal of this conviction, including any challenge based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings as stated in NRS 177.015(4). However, I remain free to challenge my conviction through other post-conviction remedies including a habeas corpus petition pursuant to NRS Chapter 34.

//
//

4

W:\2018\2018F\135\25\18F13525-GPA-(WHITNEY_STEPHON)-001.DOCX

**ER_485**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 68 of 183

## VOLUNTARINESS OF PLEA

I have discussed the elements of all of the original charge(s) against me with my attorney and I understand the nature of the charge(s) against me.

I understand that the State would have to prove each element of the charge(s) against me at trial.

I have discussed with my attorney any possible defenses, defense strategies and circumstances which might be in my favor.

All of the foregoing elements, consequences, rights, and waiver of rights have been thoroughly explained to me by my attorney.

I believe that pleading guilty and accepting this plea bargain is in my best interest, and that a trial would be contrary to my best interest.

I am signing this agreement voluntarily, after consultation with my attorney, and I am not acting under duress or coercion or by virtue of any promises of leniency, except for those set forth in this agreement.

I am not now under the influence of any intoxicating liquor, a controlled substance or other drug which would in any manner impair my ability to comprehend or understand this agreement or the proceedings surrounding my entry of this plea.

My attorney has answered all my questions regarding this guilty plea agreement and its consequences to my satisfaction and I am satisfied with the services provided by my attorney.

DATED this __18__ day of March, 2019.

_____
STEPHON JAMES WHITNEY
Defendant

AGREED TO BY:

_____
MADILYN COLE
Deputy District Attorney
Nevada Bar #014693

5

W:\2018\2018F\135\25\18F13525-GPA-(WHITNEY_STEPHON)-001.DOCX

**ER_486**

 

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 69 of 183

CERTIFICATE OF COUNSEL:

I, the undersigned, as the attorney for the Defendant named herein and as an officer of the court hereby certify that:

1.    I have fully explained to the Defendant the allegations contained in the charge(s) to which guilty pleas are being entered.

2.    I have advised the Defendant of the penalties for each charge and the restitution that the Defendant may be ordered to pay.

3.    I have inquired of Defendant facts concerning Defendant's immigration status and explained to Defendant that if Defendant is not a United States citizen any criminal conviction will most likely result in serious negative immigration consequences including but not limited to:

    a.    The removal from the United States through deportation;

    b.    An inability to reenter the United States;

    c.    The inability to gain United States citizenship or legal residency;

    d.    An inability to renew and/or retain any legal residency status; and/or

    e.    An indeterminate term of confinement, by with United States Federal Government based on the conviction and immigration status.

Moreover, I have explained that regardless of what Defendant may have been told by any attorney, no one can promise Defendant that this conviction will not result in negative immigration consequences and/or impact Defendant's ability to become a United States citizen and/or legal resident.

4.    All pleas of guilty offered by the Defendant pursuant to this agreement are consistent with the facts known to me and are made with my advice to the Defendant.

5.    To the best of my knowledge and belief, the Defendant:

    a.    Is competent and understands the charges and the consequences of pleading guilty as provided in this agreement,

    b.    Executed this agreement and will enter all guilty pleas pursuant hereto voluntarily, and

    c.    Was not under the influence of intoxicating liquor, a controlled substance or other drug at the time I consulted with the Defendant as certified in paragraphs 1 and 2 above.

Dated: This 18 day of March, 2019.

_____
ATTORNEY FOR DEFENDANT

ckb/L4

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE
JAN 19 2021

6

W:\2018\2018F\135\25\18F13525-GPA-(WHITNEY_STEPHON)-001.DOCX

ER_487

Electronically Filed
3/7/2019 3:32 PM
Steven D. Grierson
CLERK OF THE COURT

1  **INFM**
   STEVEN B. WOLFSON
2  Clark County District Attorney
   Nevada Bar #001565
3  MADILYN COLE
   Deputy District Attorney
4  Nevada Bar #014693
   200 Lewis Avenue
5  Las Vegas, Nevada 89155-2212
   (702) 671-2500
6  Attorney for Plaintiff

7  I.A. 03/18/19              **DISTRICT COURT**
   10:00 AM              **CLARK COUNTY, NEVADA**
8  PD-HAUSER

9  THE STATE OF NEVADA,

10                    Plaintiff,          CASE NO:     C-19-338650-1

11       -vs-                             DEPT NO:     XX

12  STEPHON JAMES WHITNEY,
    #2647736
13                                        **I N F O R M A T I O N**
                     Defendant.

14

15  STATE OF NEVADA      )
                         ) ss.
16  COUNTY OF CLARK      )

17       STEVEN B. WOLFSON, District Attorney within and for the County of Clark, State

18  of Nevada, in the name and by the authority of the State of Nevada, informs the Court:

19       That STEPHON JAMES WHITNEY, the Defendant(s) above named, having

20  committed the crime of **POSSESSION OF CONTROLLED SUBSTANCE WITH**

21  **INTENT TO SELL (Category D Felony - NRS 453.337 - NOC 51141)**, on or about the

22  22nd day of July, 2018, within the County of Clark, State of Nevada, contrary to the form,

23  force and effect of statutes in such cases made and provided, and against the peace and dignity

24  //

25  //

26  //

27  //

28  //

W:\2018\2018F\135\25\18F13525-INFM-(WHITNEY__STEPHON)-001.DOCX

*EXHIBIT "1"*

Case Number: C-19-338650-1

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 71 of 183

1 of the State of Nevada, did willfully, unlawfully, and feloniously possess, for the purpose of

2 sale, a controlled substance, to wit: Cocaine.

3
STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565

4

5 BY

6
MADILYN COLE
Deputy District Attorney
Nevada Bar #014693

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 18F13525X/ckb/L4
LVMPD EV#1807220537
(TK9)

28

2

W:\2018\2018F\135\25\18F13525-INFM-(WHITNEY__STEPHON)-001.DOCX

ER_489

## STIPULATION FOR COMPROMISE OF SEIZED PROPERTY

**DEFENDANT**   STEPHON JAMES WHITNEY   **ID#**   2647736   **CRIMINAL CASE#**   C-19-338650-1
Seizing Law Enforcement Agency   LAS VEGAS METROPOLITAN POLICE DEPARTMENT
Seizure Event Number   1807220537

IT IS HEREBY STIPULATED and AGREED by and between STEVEN B. WOLFSON, Clark County District Attorney through his undersigned Deputy, and the Defendant that a stipulation for compromise be entered into and resolved as part of the negotiations in the aforementioned criminal case(s) pertaining to property impounded or seized by the aforementioned law enforcement agency under the aforementioned event number(s), as follows:

1.   PROSECUTOR CHECKS THE APPROPRIATE PARAGRAPHS:

   X        a.   TOTAL FORFEITURE: That Defendant agrees to release and waive any and all right, title and interest in said property as being forfeited to the seizing law enforcement agency and subject to disposition pursuant to Nevada Revised Statutes 179.1175, 179.118 and 179.1185.

            Property To Be Forfeited:   **Any and all property and/or money seized under Las Vegas Metropolitan Police Department event number 1807220537.**

   —        b.   PARTIAL FORFEITURE: Within the guidelines and policies of the seizing law enforcement agency, the prosecution agrees to release to the Defendant or his designee the above-described property. That in exchange for release of the aforementioned property, Defendant agrees to release and waive any and all right, title and interest in the remainder of the seized property as being forfeited to the seizing law enforcement agency and subject to disposition pursuant to Nevada Revised Statutes 179.1175, 179.118 and 179.1185.

            Property To Be Forfeited:   _____

            Property To Be Returned:   _____

   —        c.   VEHICLE FORFEITURE: Said property includes, but is not limited to, a motor vehicle **whereby the Defendant agrees to release and waive any and all right, title and interest in said motor vehicle as being forfeited to the seizing law enforcement agency and subject to disposition pursuant to Nevada Revised Statutes 179.1175, 179.118 and 179.1185.**

2.   That the Defendant hereby authorizes the District Attorney's Office and the seizing law enforcement agency to take such action as is necessary, including, but not limited to, using this agreement to secure a judgment or an ex-parte order in any contemplated or pending companion forfeiture proceeding in order to give full force and effect to this agreement.

3.   That the parties agree that this forfeiture, or any subsequent action taken to secure full force and effect of this **agreement, does not and will not be considered** as putting the Defendant in jeopardy of life, limb or property for the same offense under the Fifth Amendment of the United States Constitution and under Section Eight of Article One of the Nevada Constitution; and, that this forfeiture, or any subsequent action taken to secure full force and effect of this agreement, does not or will not constitute an excessive fine under the Eighth Amendment of the United States Constitution and under Section Six of Article **One of the Nevada Constitution.**

4.   That the parties agree that any breach, withdrawal, repeal, rejection or any other abrogation of the negotiations in the aforementioned criminal case(s) shall not have any effect upon the finality of this stipulation; and, that any breach, withdrawal, repeal, rejection or any other abrogation of this stipulation shall not have any effect upon the finality of the negotiations in the aforementioned criminal case(s).

5.   That this Stipulation for Compromise shall incorporate all of the protections attendant to such stipulations as contemplated under the provisions of NRS 48.105 as to all parties named herein; and, this Stipulation for Compromise shall not be construed in any fashion as an admission pertaining to any criminal charges, and shall not and does not constitute an admission of civil liability or fault on the part of any of the undersigned parties, or their present or former agents, servants,

### EXHIBIT "2"

w:\2018\2018F\135\25\18F13525-STIP-(Whitney__Stephon)-001.docx

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 72 of 183

## ER_490



employees or others.

6.   That the parties agree to accept these terms in full settlement and satisfaction of any and all civil claims and demands which each party or assignees may have against each other, agents and employees on account of the seizure or impoundment of said property.

7.   That this Stipulation for Compromise shall forever, and completely bar any action or claim in any tribunal in any matter whatsoever, whether State, Federal or otherwise by the Defendant herein concerning the forfeiture of said property.

8.   That the respective parties bear their own civil costs and attorney's fees which may have been occasioned and occurred as a result of the seizure and forfeiture of said property.

**IT IS SO STIPULATED and AGREED**

_____     Date  3/18/19
Defendant

_____ 5103     Date  3/18/19
Attorney for Defendant, Nevada Bar #

_____     Date  3/7/19
Clark County Deputy District Attorney, Nevada Bar #014693

**EXHIBIT "2"**

w:\2018\2018F\135\25\18F13525-STIP-(Whitney__Stephon)-001.docx

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 73 of 183

Electronically Filed
7/25/2019 2:06 PM
Steven D. Grierson
CLERK OF THE COURT

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 74 of 183

1  **JOC**
   STEVEN B. WOLFSON
2  Clark County District Attorney
   Nevada Bar #001565
3  200 Lewis Avenue
   Las Vegas, Nevada 89155-2212
4  (702) 671-2500
   Attorney for Plaintiff
5

6                    DISTRICT COURT
                  CLARK COUNTY, NEVADA

7  THE STATE OF NEVADA,

8              Plaintiff,

9      -vs-                          CASE NO:   C-19-338650-1

10 STEPHON JAMES WHITNEY,           DEPT NO:   XX
   #2647736
11
              Defendant.
12

13              **JUDGMENT OF CONVICTION**
                   **(PLEA OF GUILTY)**
14

15     The defendant previously appeared before the Court with counsel and entered a plea

16 of guilty to the crime(s) of POSSESSION OF CONTROLLED SUBSTANCE WITH

17 INTENT TO SELL (Category D Felony), in violation of NRS 453.337; thereafter, on the

18 16th day of July, 2019, the defendant was present in court for sentencing with his counsel,

19 ROBSON M. HAUSER, Deputy Public Defender, and good cause appearing,

20     THE DEFENDANT WAS HEREBY ADJUDGED guilty of said offense(s) and, in

21 addition to the $25.00 Administrative Assessment Fee, $3.00 DNA Collection fee and the

22 $60 Chemical Analysis fee with the $150 DNA Analysis fee being WAIVED as previously

23 imposed, the defendant was sentenced as follows: To the Nevada Department of Corrections

24 for a MINIMUM term of EIGHTEEN (18) MONTHS with a MAXIMUM term of FORTY-

25 EIGHT (48) MONTHS; SUSPENDED; placed on PROBATION for an indeterminate period

26 not to exceed THREE (3) YEARS.

27

28    C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\18F13525-JOC-

                                                    (WHITNEY__STEPHON)-001.DOCX

                              **ER_492**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 75 of 183

STANDARD CONDITIONS:

1. REPORTING: You are to report in person to the Division of Parole and Probation as instructed by the Division or its agent. You are required to submit a written report each month on forms supplied by the Division. This report shall be true and correct in all respects.

2. RESIDENCE: You shall not change your place of residence without first obtaining permission from the Division of Parole and Probation, in each instance.

3. INTOXICANTS: You shall not consume or possess any alcoholic beverages WHATSOEVER or recreational marijuana in Nevada or any other State where such possession is considered legal. Upon order of the Division of Parole and Probation or its agent, you shall submit to a medically recognized test for either breath, blood or urine, to determine blood, breath or urine for alcohol, marijuana or THC content.

4. CONTROLLED SUBSTANCES: You shall not use, purchase or possess any illegal drugs, or any prescription drugs, unless first prescribed by a licensed medical professional. You shall immediately notify the Division of Parole and Probation of any prescription received. You shall submit to drug testing as required by the Division or its agent. Absent further Order from the Court, a prescription does not include medical marijuana.

5. WEAPONS: You shall not possess, have access to, or have under your control, any firearm, explosive device or other dangerous weapon as defined by Federal, State or local law.

6. SEARCH: You shall submit your person, property, place of residence, vehicle, or areas under your control to search including electronic surveillance or monitoring of your location, at any time, with or without a search warrant or warrant of arrest, for evidence of a crime or violation of probation by the Division of Parole and Probation or its agent. You shall inform any other occupant of the premises where you reside or area under your control, that the premises or area may be subject to a search pursuant to this condition. As a condition of probation, you specifically consent that your Probation Officer or his or her agent acting at

2

C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\18F13525-JOC-

(WHITNEY_STEPHON)-001.DOCX

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 76 of 183

1  your Probation Officer s direction, may search any digital storage media that you use,

2  possess or have access to, including but not limited to laptop or desk top computer, cellular

3  telephone or electronic communication device or other device capable of the electronic or

4  digital storage of information, along with any network applications associated with those

5  devices, including but not limited to social media and remote storage services for any

6  information contained on the digital storage media, including but not limited to documents,

7  photographs, text, or other messages, e-mails, phone or communication records and audio

8  recordings. You shall provide the Probation Officer or their agent any password, unlock

9  codes or account or other information necessary to access the digital storage media.

10     7. ASSOCIATES: You must have prior approval by the Division of Parole and Probation

11  to associate with any person convicted of a felony, or any person on probation or parole

12  supervision. You shall not have any contact with persons confined in a correctional

13  institution unless specific written permission has been granted by the Division and the

14  correctional institution.

15     8. DIRECTIVES AND CONDUCT: You shall follow the directives of the Division of

16  Parole and Probation.

17     9. LAWS: You shall comply with all Municipal, County, State, and Federal laws and

18  ordinances.

19     10. OUT-OF-STATE TRAVEL: You shall not leave the state without first obtaining

20  written permission from the Division of Parole and Probation.

21     11. EMPLOYMENT/PROGRAM: You shall seek and maintain legal employment, or

22  maintain a vocational or educational program approved by the Division of Parole and

23  Probation and not change such employment or program without first obtaining permission.

24  All terminations of employment or program shall be immediately reported to the Division.

25  During any period of time which you are not employed or participating in an approved

26  program full time, the Division of Parole and Probation may require you to participate in up

27  to 60 hours of community service work each month.

28

3

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 77 of 183

12. FINANCIAL OBLIGATION: You shall pay fees, fines, and restitution on a schedule approved by the Division of Parole and Probation. Any excess monies paid will be applied to any other outstanding fees, fines, and/or restitution, even if it is discovered after your discharge.

SPECIAL CONDITIONS:

1. Submit to substance abuse and alcohol evaluations as deemed necessary by Parole and Probation and complete any recommended care plan, treatment or counseling program based on those evaluations.

2. Comply with an imposed curfew by Parole and Probation as deemed necessary.

Defendant was advised the above conditions are immediately in effect upon his leaving the Courtroom and not contingent upon the filing of the Judgment of Conviction nor meeting with his Probation Officer. Further, Defendant was directed to report to Parole and Probation within 48 hours of this proceeding.

DATED this ___25___ day of July, 2019.

DISTRICT JUDGE

ERIC JOHNSON

JAN 19 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

18F13525X/ckb/L4

4

C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\18F13525-JOC-

(WHITNEY__STEPHON)-001.DOCX

ER_495

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 78 of 183

**JOC**
STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565
200 Lewis Avenue
Las Vegas, Nevada 89155-2212
(702) 671-2500
Attorney for Plaintiff

DISTRICT COURT
CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

        Plaintiff,

    -vs-

RICHARD ENGLAND,
#2655483

        Defendant.

CASE NO:   C-19-340689-1

DEPT NO:   XX

**JUDGMENT OF CONVICTION
(PLEA OF GUILTY)**

The defendant previously appeared before the Court with counsel and entered a plea of guilty to the crime(s) of POSSESSION OF STOLEN VEHICLE (Category C Felony), in violation of NRS 205.273.3; thereafter, on the 16th day of July, 2019, the defendant was present in court for sentencing with his counsel, ALEXANDER B. BASSETT, Deputy Public Defender, and good cause appearing,

THE DEFENDANT WAS HEREBY ADJUDGED guilty of said offense(s) and, in addition to the $25.00 Administrative Assessment Fee, and the $3.00 DNA Collection fee with the $150 DNA Analysis fee being WAIVED as previously imposed, the defendant was sentenced as follows: To the Nevada Department of Corrections for a MINIMUM term of TWELVE (12) MONTHS with a MAXIMUM term of THIRTY (30) MONTHS; SUSPENDED; placed on PROBATION for an indeterminate period not to exceed EIGHTEEN (18) MONTHS.

C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\19F09545-JOC-

(ENGLAND__RICHARD)-001.DOCX

**ER_496**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 79 of 183

ONLY CONDITION:

    1.  SERVE ONE HUNDRED EIGHTY (180) DAYS in the Clark County Detention Center with 65 days credit for time served.

Upon completion of above, Defendant is to be HONORABLY DISCHARGED from probation.

DATED this _____ day of July, 2019.

DISTRICT JUDGE
ERIC JOHNSON

19F09545X/ckb/L4

2

C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\19F09545-JOC-

(ENGLAND__RICHARD)-001.DOCX

**ER_497**

Electronically Filed
09/30/2020 5:00 PM

CLERK OF THE COURT

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 80 of 183

AJOC

DISTRICT COURT

CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

          Plaintiff,

      -vs-

STEPHON JAMES WHITNEY
#2647736

          Defendant.

CASE NO.   C-19-338650-1

DEPT. NO.   XX

## ORDER FOR REVOCATION OF PROBATION AND
## AMENDED JUDGMENT OF CONVICTION

The Defendant previously appeared before the Court with counsel and entered a plea of guilty to the crime of POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO SELL (Category D Felony) in violation of NRS 453.337; thereafter, on the 16th day of July, 2019, the Defendant was present in court for sentencing with counsel, wherein the Court did adjudge the Defendant guilty thereof by reason of the plea of guilty, suspended the execution of the sentence imposed and granted probation to the Defendant.

THEREAFTER, a parole and probation officer provided the Court with a written statement setting forth that the Defendant has, in the judgment of the parole and probation officer, violated the conditions of probation; and on the 22nd day of September, 2020, the

**ER_498**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 81 of 183

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant appeared in court with counsel YI LIN ZHENG, ESQ., and pursuant to a probation violation hearing/proceeding and good cause appearing to amend the Judgment of Conviction,

IT IS HEREBY ORDERED that the probation previously granted to the Defendant is REVOKED; in addition to the original fees, fines and assessments, IT IS FURTHER ORDERED that the original sentence is imposed as follows:  a MAXIMUM of FORTY-EIGHT (48) MONTHS with a MINIMUM parole eligibility of EIGHTEEN (18) MONTHS in the Nevada Department of Corrections (NDC); with THIRTY (30) DAYS credit for time served.

DATED this _____ day of September, 2020.          Dated this 30th day of September, 2020



ERIC JOHNSON,
DISTRICT COURT JUDGE

**89B C1B 30E6 1A44**
**Eric Johnson**
**District Court Judge**

JAN 19 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

2

**ER_499**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 82 of 183

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| State of Nevada | CASE NO: C-19-338650-1 |
| vs | DEPT. NO.  Department 20 |
| Stephon Whitney | |

### <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Amended Judgment of Conviction was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 9/30/2020

Cynthia Bush               Cynthia.Bush@ClarkCountyDA.com

**ER_500**

C-19-338650-1

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 83 of 183

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | March 18, 2019 |
|---|---|---|

| C-19-338650-1 | State of Nevada | |
| | vs | |
| | Stephon Whitney | |

**March 18, 2019**          **10:00 AM**          **Initial Arraignment**

**HEARD BY:**  Wittenberger, Shannon          **COURTROOM:**  RJC Lower Level Arraignment

**COURT CLERK:**
              Rem Lord

**RECORDER:**  Sharon Nichols

**REPORTER:**

**PARTIES
PRESENT:**        Richards, Daren B.                    Attorney
                  Whitney, Stephon James          Defendant

### JOURNAL ENTRIES

- Deputy Law Clerk Andrea Orwoll present on behalf of the State.

NEGOTIATIONS are as contained in the Guilty Plea Agreement FILED IN OPEN COURT.  DEFT. WHITNEY ARRAIGNED AND PLED GUILTY TO POSSESSION OF CONTROLLED SUBSTANCES WITH INTENT TO SELL (F). Court ACCEPTED plea and, ORDERED, matter referred to the Division of Parole and Probation (P&P) and set for SENTENCING.  Court DIRECTED Deft. To report to P&P within 24 hours.

BOND

7/16/19  8:30 AM  SENTENCING (DEPT 20)

| PRINT DATE: | 01/19/2021 | Page 1 of 6 | Minutes Date: | March 18, 2019 |
|---|---|---|---|---|

**ER_501**

C-19-338650-1

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 84 of 183

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | July 16, 2019 |
|---|---|---|

| C-19-338650-1 | State of Nevada |
|---|---|
| | vs |
| | Stephon Whitney |

**July 16, 2019**          **8:30 AM**          **Sentencing**

**HEARD BY:**  Johnson, Eric          **COURTROOM:**  RJC Courtroom 12A

**COURT CLERK:**  Linda Skinner

**RECORDER:**  Angie Calvillo

**REPORTER:**

**PARTIES**
**PRESENT:**
|  |  |
|---|---|
| Hauser, Robson M. | Attorney |
| Public Defender | Attorney |
| State of Nevada | Plaintiff |
| Thomson, Megan | Attorney |
| Whitney, Stephon James | Defendant |

## JOURNAL ENTRIES

- Upon Court's inquiry, Mr. Hauser and Defendant advised there are no issues pursuant to the Stockmeier decision.  By virtue of his plea and by Order of this Court, DEFENDANT WHITNEY ADJUDGED GUILTY of POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO SELL (F).  Matter submitted by Ms. Thomson.  Statements by Mr. Hauser and Defendant.  COURT ORDERED, in addition to the $25 Administrative Assessment fee, $3.00 DNA Collection fee and the $60 Chemical Analysis fee with the $150 DNA Analysis fee being WAIVED as previously imposed, DEFENDANT SENTENCED to the Nevada Department of Corrections for a MINIMUM term of EIGHTEEN (18) MONTHS with a MAXIMUM term of FORTY-EIGHT (48) MONTHS; SUSPENDED; placed on PROBATION for an indeterminate period not to exceed THREE (3) YEARS.

STANDARD CONDITIONS:
   1. REPORTING:  You are to report in person to the Division of Parole and Probation as instructed

PRINT DATE:    01/19/2021          Page 2 of 6          Minutes Date:    March 18, 2019

**ER_502**

C-19-338650-1

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 85 of 183

by the Division or its agent. You are required to submit a written report each month on forms supplied by the Division. This report shall be true and correct in all respects.

2. RESIDENCE:  You shall not change your place of residence without first obtaining permission from the Division of Parole and Probation, in each instance.

3. INTOXICANTS:  You shall not consume or possess any alcoholic beverages WHATSOEVER or recreational marijuana  in Nevada or any other State where such possession is considered legal. Upon order of the Division of Parole and Probation or its agent, you shall submit to a medically recognized test for either breath, blood or urine, to determine blood, breath or urine for alcohol, marijuana or THC content.

4. CONTROLLED SUBSTANCES:  You shall not use, purchase or possess any illegal drugs, or any prescription drugs, unless first prescribed by a licensed medical professional. You shall immediately notify the Division of Parole and Probation of any prescription received. You shall submit to drug testing as required by the Division or its agent.  Absent further Order from the Court, a prescription does not include medical marijuana.

5. WEAPONS:  You shall not possess, have access to, or have under your control, any firearm, explosive device or other dangerous weapon as defined by Federal, State or local law.

6. SEARCH:  You shall submit your person, property, place of residence, vehicle, or areas under your control to search including electronic surveillance or monitoring of your location, at any time, with or without a search warrant or warrant of arrest, for evidence of a crime or violation of probation by the Division of Parole and Probation or its agent.  You shall inform any other occupant of the premises where you  reside or area under your control, that the premises or area may be subject to a search pursuant to this condition.  As a condition of probation, you specifically consent that your Probation Officer or his or her agent acting at your Probation Officer s direction, may search any digital storage media that you use, possess or have access to, including but not limited to laptop or desk top computer, cellular telephone or electronic communication device or other device capable of the electronic or digital storage of information, along with any network applications associated with those devices, including but not limited to social media and remote storage services for any information contained on the digital storage media, including but not limited to documents, photographs, text, or other messages, e-mails, phone or communication records and audio recordings. You shall provide the Probation Officer or their agent any password, unlock codes or account or other information necessary to access the digital storage media.

7. ASSOCIATES:  You must have prior approval by the Division of Parole and Probation to associate with any person convicted of a felony, or any person on probation or parole supervision. You shall not have any contact with persons confined in a correctional institution unless specific written permission has been granted by the Division and the correctional institution.

8. DIRECTIVES AND CONDUCT:  You shall follow the directives of the Division of Parole and Probation.

9. LAWS:  You shall comply with all Municipal, County, State, and Federal laws and ordinances.

10. OUT-OF-STATE TRAVEL:  You shall not leave the state without first obtaining written permission from the Division of Parole and Probation.

11. EMPLOYMENT/PROGRAM:  You shall seek and maintain legal employment, or maintain a

PRINT DATE:    01/19/2021              Page 3 of 6        Minutes Date:    March 18, 2019

C-19-338650-1

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 86 of 183

vocational or educational program approved by the Division of Parole and Probation and not change such employment or program without first obtaining permission. All terminations of employment or program shall be immediately reported to the Division.  During any period of time which you are not employed or participating in an approved program full time, the Division of Parole and Probation may require you to participate in up to 60  hours of community service work each month.

   12.  FINANCIAL OBLIGATION:  You shall pay fees, fines, and restitution on a schedule approved by the Division of Parole and Probation. Any excess monies paid will be applied to any other outstanding fees, fines, and/or restitution, even if it is discovered after your discharge.

SPECIAL CONDITIONS:
   1.  Submit to substance abuse and alcohol evaluations as deemed necessary by Parole and Probation and complete any recommended care plan, treatment or counseling program based on those evaluations.
   2.  Comply with an imposed curfew by Parole and Probation as deemed necessary.

Defendant was advised the above conditions are immediately in effect upon his leaving the Courtroom and not contingent upon the filing of the Judgment of Conviction nor meeting with his Probation Officer.  Further, Defendant was directed to report to Parole and Probation within 48 hours of this proceeding.

BOND, if any, EXONERATED.

NIC

C-19-338650-1

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | September 17, 2020 |
|---|---|---|

| C-19-338650-1 | State of Nevada |
|---|---|
| | vs |
| | Stephon Whitney |

**September 17, 2020**     **1:45 PM**     **Revocation of Probation**

**HEARD BY:**  Johnson, Eric                    **COURTROOM:**  RJC Courtroom 12A

**COURT CLERK:**  Grecia Snow

**RECORDER:**  Angie Calvillo

**REPORTER:**

**PARTIES PRESENT:**

| Conlin, Elise M | Attorney |
|---|---|
| State of Nevada | Plaintiff |
| Whitney, Stephon James | Defendant |
| Zheng, Yi Lin | Attorney |

### JOURNAL ENTRIES

- Officer J. Vargas of Parole and Probation (P & P) present.  Matter Trailed for Ms. Zheng's witness.

Matter Recalled.  Ms. Zheng advised she would be disputing the violations as non-technical violations.  Court advised it would continue the matter due to technical difficulties.  COURT ORDERED, matter CONTINUED.

CUSTODY

9/22/20 1:45 PM - REVOCATION OF PROBATION

PRINT DATE:  01/19/2021          Page 5 of 6     Minutes Date:   March 18, 2019

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 87 of 183

C-19-338650-1

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 88 of 183

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | September 22, 2020 |
|---|---|---|

| C-19-338650-1 | State of Nevada |
|---|---|
| | vs |
| | Stephon Whitney |

**September 22, 2020**     **1:45 PM**     **Revocation of Probation**

**HEARD BY:** Johnson, Eric      **COURTROOM:** RJC Courtroom 12A

**COURT CLERK:** Grecia Snow

**RECORDER:** Angie Calvillo

**REPORTER:**

**PARTIES PRESENT:**

| | | |
|---|---|---|
| State of Nevada | Plaintiff |
| Thomson, Megan | Attorney |
| Whitney, Stephon James | Defendant |
| Zheng, Yi Lin | Attorney |

## JOURNAL ENTRIES

- Officer J. Vargas of Parole and Probation (P & P) present. Ms. Zheng advised Deft. would stipulate to testing positive for Marijuana, curfew violation, and Deft's new case and would argue for reinstatement. Officer J. Vargas and Jessica Rodosh SWORN and TESTIFIED. Arguments by counsel. Court FINDS Deft. in violation of probation and ORDERED, PROBATION REVOKED; original sentence of a MAXIMUM of FORTY-EIGHT (48) MONTHS and a MINIMUM of EIGHTEEN (18) MONTHS in the Nevada Department of Corrections (NDC), is hereby IMPOSED with THIRTY (30) DAYS credit for time served.

NDC

PRINT DATE:    01/19/2021       Page 6 of 6       Minutes Date:    March 18, 2019

**ER_506**

Attachment C

Declaration of Arrest Report (DOAR), Las Vegas Metropolitan Police Department (LVMPD)    Event No. LLV200900007194, Sept. 2, 2020

# DECLARATION OF ARREST REPORT

TCR1097477

| ☐ County Jail | ☐ City Jail | ☐ Adult | ☐ Juvenile | Bureau: SNCTC | |
|---|---|---|---|---|---|

| ID# 2647736 | EVENT # LLV200900007194 | ARRESTEE'S NAME (LAST) WHITNEY | (FIRST) STEPHON | (MIDDLE) JAMES | SSN# ████8586 |
|---|---|---|---|---|---|

| RACE B | SEX M | DOB ████'1990 | HGT 5'10" | WGT 200 | HAIR BRO | EYES BLK | POB LAS VEGAS | | |
|---|---|---|---|---|---|---|---|---|---|

| ARRESTEE'S ADDRESS          STREET ████████████ | CITY LAS VEGAS | STATE NV | ZIP CODE 89142 |
|---|---|---|---|

| OCCURRED DATE: 9/2/2020   TIME: 18:00 | ARREST DATE: 9/8/2020   TIME: 01:15 | LOCATION OF ARREST (NUMBER, STREET, CITY, STATE, ZIP CODE) 330 CASINO CENTER BLVD S LAS VEGAS NEVADA |
|---|---|---|

**LOCATION OF CRIME** (NUMBER, STREET, CITY, STATE, ZIP CODE)
1888 WINTERWOOD BLVD LAS VEGAS NEVADA 89142

**CHARGES / OFFENSES**
PC - LVJCR - 51460 - F - OWN/POSS GUN BY PROHIBIT PERS
PC - LVJCR - 51144 - F - POSS TO SELL SCH I/II, FLNTRZPM/GHB, (2ND)

**CONNECTING REPORTS (TYPE OR EVENT NUMBER)**
TCR, DOAR, REQUEST FOR PROSECUTION, WITNESS LIST, DIGITAL PHOTOS, SEARCH WARRANT, PRO

The undersigned makes the following declarations subject to the penalty of perjury and says: That I am a peace officer with the Las Vegas Metropolitan Police Department, Clark County, Nevada, being so employed for a period of approximately 14 year(s).

That I learned the following facts and circumstances which lead me to believe that the above named subject committed or was committing the offenses above at the location of ████████████ LAS VEGAS NEVADA 89142 and that the offense(s) occurred at approximately 18:00 hours on the 2nd day of September, 2020.

**Details for Probable Cause:**

On 09/02/2020 at approximately 1645hrs, I Det. J. Costello, P#9139, from the LVMPD Central Intelligence Unit (CIU) was requested to assist Nevada Parole and Probation (NV P&P) with a home search at 1888 Winterwood Blvd. LVN 89142.

Nevada P&P Officer J. Vargas, P#5484, was conducting a home check of Stephon Whitney, DOB: ████'1990. I had contacted Officer Vargas and notified him that I had probable cause to obtain a search warrant for Whitney's DNA after Whitney was an occupant of a vehicle in which three (3) firearms were located on 08/28/2020. At that time of the traffic stop, Whitney had lied about his name and his true identity was later discovered.

Whitney is currently on felony probation for Possession of a Controlled Substance with Intent to Sell out of the 8th Judicial Court of Nevada, Case# C338650-1. His probation runs from 07/16/19 thru 4/17/2022. As a condition of his probation, Whitney has a home-search clause. A record check also revealed that in addition to his current felony probation, Whitney was convicted of 1st Degree Kidnapping, Conspiracy to Commit Robbery and Robbery with a Deadly Weapon on March 26, 2008 in the 8th Judicial District Court of Nevada, Case# C236921. (JOC's have been included with the arrest report)

Upon arriving at the residence, Officer Vargas and his partners contacted Whitney via telephone and asked him to exit the residence. They then detained Whitney and took him back into the home to begin their home search. Officer Vargas took Whitney to his bedroom which was in the southern portion of the duplex. Once there, he began to search the closet with Whitney present. In plain view, on the top shelf of the closet, Officer Vargas observed two fully loaded semi-automatic firearm magazines. Upon closer inspection, the magazines were loaded with 9mm ammunition.

At that time, I was notified that the residence was secure and I entered the residence. Upon entering the house, I went to the bedroom and met with Officer Vargas. Once in the bedroom, Officer Vargas notified me that he had located the firearm magazines. At that time, we froze the residence pending the issuance of a telephonic search warrant.   I then

*Wherefore, Declarant prays that a finding be made by a magistrate that probable cause exists to hold said person for preliminary hearing (if charges are a felony or gross misdemeanor) or for trial (if charges are misdemeanor).*

Arresting Officer:  J. COSTELLO                          P#: 9139

LVMPD 602 (Rev 02/18) Word 2013

# CONTINUATION REPORT

SCOPE ID: 2647736    EVENT #: LLV200900007194
Page 2 of 2

exited the bedroom and spoke with Jessica Rodosh DOB: ▮▮/78. Jessica stated she was Whitney's girlfriend of 3 years and lived in the residence with him and her small son. When asked about any firearms in the residence, Jessica stated she did not own any weapons and would not allow any in her home due to the presence of her son. When asked about the loaded magazines in her bedroom that she shares with Whitney, she stated she had no idea where they had come from.

I applied for and was granted a telephonic search warrant by the Honorable Judge Zimmerman of the Las Vegas Justice Court. The search warrant was for firearms, firearms paraphernalia as well as DNA from Whitney.

During the search of the residence, detectives located a Canik TP9 SF Elite 9mm semi-automatic handgun and a second fully loaded magazine hidden inside of the headboard in Whitney's bedroom.  On top of the handgun was a paper bank envelope that contained a large quantity of US currency. It was later counted and found to contain $4450.00. While continuing to search Whitney's bedroom, inside of a clothes hamper, detectives located two (2) large glass jars containing suspected marijuana as well as a large plastic bag containing suspected marijuana. It was later weighed and found to be approximately ½ pound of suspected marijuana. In the laundry area just outside of the bedroom, detectives located a box of plastic sandwich bags that contained a digital scale. The scale had green leafy residue consistent with marijuana. Based on the totality of the circumstances, the marijuana and the US currency were also seized. For further details in reference to the execution of the search warrant, please refer to the Post-Search Warrant Officer's Report that was completed under this same event number. Digital photographs were also taken of all evidence prior to recovery and uploaded to OnBase.

On 09/03/2020 at approximately 1500hrs, I, along with North Las Vegas PD Detective M. Cook, P#2201, went to the North Las Vegas City Jail located at 2332 N. Las Vegas Blvd. North Las Vegas, NV 89030 to serve the DNA search warrant on Whitney who was incarcerated there. Prior to serving the DNA search warrant, I advised Whitney of his Miranda Rights to which he stated he understood and agreed to speak with me. The DNA search warrant was served and then I began an interview with Whitney.

The following is a synopsis of our interview with Whitney. For further details and exact quotes, please refer to the audio file and transcription of the interview. During the interview, Whitney initially stated that he didn't know anything about the firearm in the headboard and that his DNA would not be located on it. He also stated he didn't know anything about the marijuana. He then stated that his girlfriend smokes marijuana and that there was marijuana in a plastic bag that she smokes. As we continued the conversation Whitney changed his statement multiple times. As we explained the totality of the circumstances, Whitney eventually stated that he wanted to make sure that his girlfriend didn't get in any trouble and admitted that he did have knowledge of both the firearm and the marijuana and that she didn't have knowledge of what was occurring. When pressed for the details about the firearm and marijuana, Whitney knew that the firearm was a 9mm but was uncertain of the brand stating that it was one he hadn't heard of before. He also knew that the marijuana was located near the TV in the bedroom. He also admitted that his DNA would be located on the firearm. When questioned further about the marijuana, Whitney admitted that due to the COVID-19 pandemic, he had lost his job in approximately April of 2020 and he then began selling marijuana to make money. He went on to explain that he's been selling narcotics since approximately nine (9) years of age and that he didn't know what else to do.

Based upon the aforementioned facts and circumstances that Whitney did admit, post-miranda, to knowingly, willingly and unlawfully possessing a firearm as a four (4) time convicted felon to wit: a Canik TP9 SF Elite 9mm semi-automatic handgun, Whitney is being arrested for Prohibited Person in Possession of a Firearm- Convicted Felon. Also, due to the fact that Whitney did admit to knowingly, willingly and unlawfully possessing approximately ½ pound of marijuana for the purpose of selling it, in violation of NRS 453.337.2B, he is being arrested for Possession of a Controlled Substance with Intent to Sell- Marijuana (Second Offense).

All items were impounded as evidence at the LVMPD Headquarters.

******** **End** ********

*Wherefore, Declarant prays that a finding be made by a magistrate that probable cause exists to hold said person for preliminary hearing (if charges are a felony or gross misdemeanor) or for trial (if charges are misdemeanor).*

Arresting Officer:  J. COSTELLO                          P#: 9139

## ER_509

Attachment D

Images taken during LVMPD investigation in LLV200900007194

Images taken during LVMPD investigation in LLV200900007194



Image 000452_2368514-0029_1



Image 000452_2368514-0030_1

**ER_511**

Images taken during LVMPD investigation in LLV200900007194



Image 000452_2368514-0031_1



Image 000452_2368514-0032_1

**ER_512**

Images taken during LVMPD investigation in LLV200900007194



Image 000452_2368514-0033_1



Image 000452_2368514-0034_1

**ER_513**

Images taken during LVMPD investigation in LLV200900007194

 

Image 000452_2368514-0051_1      Image 000452_2368514-0052_1

 

**ER_514**

Images taken during LVMPD investigation in LLV200900007194

Image 000452_2368514-0053_1          Image 000452_2368514-0059_1



Image 000452_2368514-0060_1



Image 000452_2368514-0062_1

**ER_515**

Images taken during LVMPD investigation in LLV200900007194



Image 000452_2368514-0028_1



Image 000452_2368514-0070_1

**ER_516**

Images taken during LVMPD investigation in LLV200900007194



Image 000452_2368514-0069_1

**ER_517**

Attachment F

LVMPD Forensic Laboratory Amended Report of Investigation, Biology/DNA,
dated Dec. 11, 2020

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 102 of 183

| | | | |
|---|---|---|---|
| **Las Vegas Metropolitan Police Department**<br>**Forensic Laboratory**<br><br>**Amended Report of Examination**<br><br>**Biology/DNA** | **Distribution Date:**<br>**Agency:**<br>**Location:**<br>**Primary Case #:**<br>**Incident:**<br>**Requester:**<br>**Lab Case #:** | December 11, 2020<br>LVMPD<br>Central Intelligence Unit<br>200900007194<br>Firearm-Possession<br>Jackson, Christian A.<br>20-13388.2 | |
| **Subject(s):** | None Listed | | |

This lab report amends the previous lab report dated November 24, 2020 in order to remove the formatting comment on page 2 of the previously published version. No other modifications were made to the contents of this report.

The following evidence was received and examined:

| Lab Item # | Impound Pkg # | Impound Item # | Description |
|---|---|---|---|
| Item 1.1 | 008871 - 1 | 1 | Swab from a Canik firearm<br>- entire swab used |
| Item 1.2.1 | | 2 | Swab from a magazine<br>- entire swab used |
| Item 1.3.1 | | 3 | Swab from a magazine<br>- entire swab used |
| Item 2 | 009139 - 1 | 1 | Reference Standard from Stephon Whitney |

**Results, Opinions, and Interpretations:**

**DNA STR Processing**
The following evidence was subjected to PCR amplification at the following STR genetic loci: TH01, D3S1358, vWA, D21S11, TPOX, DYS391, D1S1656, D12S391, SE33, D10S1248, D22S1045, D19S433, D8S1179, D2S1338, D2S441, D18S51, FGA, D16S539, CSF1PO, D13S317, D5S818, and D7S820. The sex-determining Amelogenin locus was also examined. Where applicable, STRmix was used for interpretation.

**Lab Item 2: Reference Standard from Stephon Whitney**
A full male DNA profile was obtained.

**Lab Item 1.1: Swab from a Canik firearm**
Number of contributors:    3, at least one male
Individually included:    Stephon Whitney (Item 2) LR = approximately 352 septillion, $352 \times 10^{24}$

The probability of observing the mixture DNA profile is approximately 352 septillion times more likely if it originated from Stephon Whitney (Item 2) and two unknown random contributors than if it originated from three unknown random contributors.

**Lab Item 1.2.1: Swab from a magazine**
Number of contributors:    3, at least one male
Individually included:    Stephon Whitney (Item 2) LR = approximately 8.35 septillion, $8.35 \times 10^{24}$

The probability of observing the mixture DNA profile is approximately 8.35 septillion times more likely if it originated from Stephon Whitney (Item 2) and two unknown random contributors than if it originated from three unknown random contributors.

**Lab Item 1.3.1: Swab from a magazine**
Number of contributors:    3, at least one male
Individually included:    Stephon Whitney (Item 2) LR = approximately 305 quintillion, $305 \times 10^{18}$

The probability of observing the mixture DNA profile is approximately 305 quintillion times more likely if it originated from Stephon Whitney (Item 2) and two unknown random contributors than if it originated from three unknown random contributors.

- Amended Report-Released-(135628).pdf

**ER_520**

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 103 of 183

Amended

Primary Event #: 200900007194
Lab Case #: 20-13388.2

*Disposition of Evidence:*
DNA extracts generated from each item during the analysis of this case and/or cuttings taken from the evidence and reference standards have been retained by the laboratory and are available for future testing, as appropriate.

The following item has a limited volume of extract remaining.
- Lab Item 1.3.1: Swab from a magazine

The remaining evidence has been returned to secure storage.  Evidence remains for re-sampling as needed:
- Lab Item 2: Reference Standard from Stephon Whitney

The remainder of the following evidence has been returned to secure storage.  All available sample/staining was consumed during testing:
- Lab Item 1.1: Swab from a Canik firearm
- Lab Item 1.2.1: Swab from a magazine
- Lab Item 1.3.1: Swab from a magazine

Notes:
1. Dates of laboratory testing: 11/5/20 - 11/18/20
2. This report does not constitute the entire case file.  The case file may be comprised of worksheets, images, analytical data and other documents.
3. The reported DNA profile results can aid in answering questions regarding *who* may have deposited DNA on an item of evidence and where this DNA was deposited. However, the presence or absence of a DNA profile cannot answer questions with regards to the timeframe and/or circumstances in which the DNA was deposited on an item of evidence.
4. Where applicable, likelihood ratios (LR) were calculated to assess whether each submitted reference standard is statistically included or excluded, individually, as a contributor to the reported DNA profile(s).  The reported LR value for an "Individually Included" or "Uninformative" reference standard is reflective of the likelihood ratio calculation associated with the listed individual, *without* being considered in combination with other reference standards, except where an "Assumed Contributor" is denoted. The LR value answers the question "How many times more (or less) likely is it to observe the evidence DNA profile if the individual listed is a contributor to the DNA profile, than if the person listed is not a contributor?"
5. The number of contributors utilized during STRmix interpretation is the most likely number required to reasonably explain the observed evidence DNA profile. This assessment was made during analysis with consideration of the quality of the DNA profile data.
6. The likelihood ratios are based upon propositions that can explain the evidence. This includes assumptions as to the number of contributors present in the DNA profile and, unless otherwise noted, that each unknown contributor is *unrelated* to the named reference standards. Since a range of propositions might explain the evidence, either interested party to this case, prosecution and/or defense, may request an additional likelihood ratio that incorporates an additional proposition more accurately representing their position.  All requests must be submitted in a timely manner, must be reasonable given the test results, and must be within the capability and validated application of the program used.
7. For comparison purposes, please collect reference buccal swab(s) from individuals believed to be involved in (or who have had reasonable access to) this incident. When a reference buccal swab is obtained, please submit a Forensic Laboratory Request in Property Connect to complete the case.
8. Statistical probabilities were calculated using the recommendations of the National Research Council (NRC II) utilizing the NIST database (Hill, C.R., Duewer, D.L., Kline, M.C., Coble, M.D., Butler, J.M. (2013) U.S. population data for 29 autosomal STR loci. Forensic Sci. Int. Genet. 7: e82-e83 and Steffen, C., Coble, M., Gettings, K., Vallone, P. Corrigendum to 'U.S. Population Data for 29 Autosomal STR Loci' [Forensic Sci. Int. Genet. 7 (2013) e82-83]. Forensic Sci. Int. Genet. 31 (2017) e36-e40). The probability that has been reported is the most conservative value obtained from the US Caucasian (CAU), African American (AA), and Hispanic (HSP) population databases. All likelihood ratios calculated by the LVMPD are truncated to three significant figures.
9. The results reported above relate only to the items received and examined.  The results are stated under the heading "Results, Opinions, and Interpretations".

- Amended Report-Released-(135628).pdf

**ER_521**

Amended

Primary Event #: 200900007194
Lab Case #: 20-13388.2

_Allison Rubino_

Allison Rubino, P#14784
Forensic Scientist

- END OF REPORT -

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 104 of 183

- Amended Report-Released-(135628).pdf

**ER_522**

Attachment G

Firearms Trace Summary (eTrace) of the Canik model TP9 SF Elite 9mm
semiautomatic pistol bearing serial number 20BH02246

# DEPARTMENT OF JUSTICE
## BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
## NATIONAL TRACING CENTER
**Phone:(800) 788-7133   Fax:(800) 578-7223**

**Print Date: September 17, 2020**

## FIREARMS TRACE SUMMARY

**Trace Number: T20200347336**     **Request Date: September 08, 2020**     **Completion Date: September 16, 2020**

**SHANNON JEFFERS**
**LAS VEGAS METRO POLICE DEPT.**
**400 S. MARTIN LUTHER KING BLVD**
**LAS VEGAS, NV 89106**
**PHONE: (702) 828-3745 Ext:**

**Badge No:        15413**
**Investigation No:  LLV200900007194**

### FIREARM INFORMATION

**Manufacturer:** CANIK55
**Model:** TP-9SF ELITE
**Caliber:** 9
**Serial Number:** 20BH02246
**Type:** PISTOL
**Country:** TURKEY
**Importer:** CAI GEORGIA VT - CENTURY IN...
**Obliterated:**
**Identifying Marks:**
**NIBIN:**
**Gang Name:**

### RECOVERY INFORMATION
**Recovery Date:** 09/02/2020
**Time to Crime:** 121 days

LAS VEGAS, NV 89142
**Possessor:** STEPHON  WHITNEY
**DOB:** ____/1990
**POB:**

### PURCHASER INFORMATION     **Purchase Date:** 05/04/2020
JESSICA ROSE RODOSH

LAS VEGAS, NV 89142
**DOB:** ____/1978
**POB:** LAS VEGAS, NV UNITED STATES
**Race:** WHITE
**Sex:** Female
**ID 1:** NV DRIVER'S LICENSE:
**ID 2:** :
Contact the local ATF office for additional information.

**Height:** 5 ft 3 in
**Weight:** 150 lbs

### DEALER INFORMATION
**FFL:** 98804672
GUN SHOP LAS VEGAS/GSLV
2980 ST ROSE PKWY #130
HENDERSON, NV 89052
**Phone:** (702) 897-4867   **Ship-To-Date:** 04/21/2020
Ext:

## ADMINISTRATIVE INFORMATION

## SUMMARY OF RESULTS

THIS FIREARM WAS TRACED TO A PURCHASER.  FOR ANY QUESTIONS, PLEASE CONTACT ATF NATIONAL TRACING CENTER, FIREARMS TRACING BRANCH AT 1-800-788-7133.

**Additional Remarks:**

**The information in this report must be validated prior to use in any criminal proceedings.**

Unclassified // Controlled // Unclassified // Controlled

ER 524
**FOR OFFICIAL USE ONLY**

Attachment H

Firearms Transaction Record (ATF Form 4473), recording the sale of the Canik model TP9 SF Elite 9mm semiautomatic pistol bearing serial number 20BH02246 to Jessica Rodosh, dated Apr. 27, 2020

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Firearms Transaction Record

| WARNING: You may not receive a firearm if prohibited by Federal or State law. The information you provide will be used to determine whether you are prohibited from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et. seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine. | Transferor's/Seller's Transaction Serial Number (If any) |
|---|---|
| Read the Notices, Instructions, and Definitions on this form. Prepare in original only at the licensed premises ("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located) unless the transaction qualifies under 18 U.S.C. 922(c). All entries must be handwritten in ink. "PLEASE PRINT." | 2020-05-8 |

## Section A - Must Be Completed Personally By Transferee/Buyer

1. Transferee's/Buyer's Full Name (If legal name contains an initial only, record "IO" after the initial. If no middle initial or name, record "NMN".)

| Last Name (Including suffix (e.g., Jr, Sr, II, III)) | First Name | Middle Name |
|---|---|---|
| Rodosh | Jessica | Rose |

2. Current State of Residence and Address (U.S. Postal abbreviations are acceptable. Cannot be a post office box.)

| Number and Street Address | City | County | State | ZIP Code |
|---|---|---|---|---|
| ▮▮▮▮▮▮▮ | Las Vegas | Clark County | NV | 89142 |

| 3. Place of Birth | 4. Height | 5. Weight (Lbs.) | 6. Sex | 7. Birth Date | | |
|---|---|---|---|---|---|---|
| U.S. City and State **-OR-** Foreign Country<br>Las Vegas, NV | Ft. 5<br>In. 3 | 150 | ☐ Male<br>☒ Female | Month ▮ | Day ▮ | Year 1978 |

8. Social Security Number (Optional, but will help prevent misidentification)

9. Unique Personal Identification Number (UPIN) if applicable (See Instructions for Question 9.)

| 10.a. Ethnicity | 10.b. Race (In addition to ethnicity, select one or more than one. Both 10.a. and 10.b. must be answered.) | |
|---|---|---|
| ☐ Hispanic or Latino<br>☒ Not Hispanic or Latino | ☐ American Indian or Alaska Native<br>☐ Asian | ☐ Black or African American<br>☐ Native Hawaiian or Other Pacific Islander   ☒ White |

11. Answer the following questions by checking or marking "yes" or "no" in the boxes to the right of the questions.

| | | Yes | No |
|---|---|---|---|
| a. | Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you. Exception: If you are picking up a repaired firearm(s) for another person, you are not required to answer 11.a. and may proceed to question 11.b. (See Instructions for Question 11.a.) | ☒ | ☐ |
| b. | Are you under indictment or information in any court for a felony, or any other crime for which the judge could imprison you for more than one year? (See Instructions for Question 11.b.) | ☐ | ☒ |
| c. | Have you ever been convicted in any court of a felony, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? (See Instructions for Question 11.c.) | ☐ | ☒ |
| d. | Are you a fugitive from justice? (See Instructions for Question 11.d.) | ☐ | ☒ |
| e. | Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside. | ☐ | ☒ |
| f. | Have you ever been adjudicated as a mental defective OR have you ever been committed to a mental institution? (See Instructions for Question 11.f.) | ☐ | ☒ |
| g. | Have you been discharged from the Armed Forces under dishonorable conditions? | ☐ | ☒ |
| h. | Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner? (See Instructions for Question 11.h.) | ☐ | ☒ |
| i. | Have you ever been convicted in any court of a misdemeanor crime of domestic violence? (See Instructions for Question 11.i.) | ☐ | ☒ |

12.a. Country of Citizenship: (Check/List more than one, if applicable. Nationals of the United States may check U.S.A.)

☒ United States of America (U.S.A)   ☐ Other Country/Countries (Specify):

| | | Yes | No |
|---|---|---|---|
| 12.b. | Have you ever renounced your United States citizenship? | ☐ | ☒ |
| 12.c. | Are you an alien illegally or unlawfully in the United States? | ☐ | ☒ |
| 12.d.1. | Are you an alien who has been admitted to the United States under a nonimmigrant visa? (See Instructions for Question 12.d.) | ☐ | ☒ |
| 12.d.2. | If "yes", do you fall within any of the exceptions stated in the instructions? | ☒ N/A | ☐ |

13. If you are an alien, record your U.S.-Issued Alien or Admission number (AR#, USCIS#, or I94#):

| Previous Editions Are Obsolete<br>Page 1 of 6 | Transferee/Buyer Continue to Next Page<br>STAPLE IF PAGES BECOME SEPARATED | ATF Form 4473 (5300.9)<br>Revised October 2016 |
|---|---|---|

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 108 of 183

I certify that my answers in Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b. through 11.i and/or 12.b. through 12.c. is prohibited from purchasing or receiving a firearm. I understand that a person who answers "yes" to question 12.d.1. is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 12.d.2. and provides the documentation required in 18.c. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law. *(See Instructions for Question 14.)*

| 14. Transferee's/Buyer's Signature | 15. Certification Date |
|---|---|
| *Jessica Febsh* | 04/27/2020 |

### Section B - Must Be Completed By Transferor/Seller

| 16. Type of firearm(s) to be transferred *(check or mark all that apply)*: | 17. If transfer is at a qualifying gun show or event: |
|---|---|
| [X] Handgun  [ ] Long Gun *(rifles or shotguns)*  [ ] Other Firearm *(frame, receiver, etc. See Instructions for Question 16.)* | Name of Function: _____ <br> City, State: _____ |

18.a. Identification *(e.g., Virginia Driver's license (VA DL) or other valid government-issued photo identification.) (See Instructions for Question 18.a.)*

| Issuing Authority and Type of Identification | Number on Identification | Expiration Date of Identification *(if any)* | | |
|---|---|---|---|---|
| | | Month | Day | Year |
| DMV NV DL | ▮▮▮▮▮ | ▮▮ | ▮▮ | ▮▮ |

18.b. Supplemental Government Issued Documentation *(if identification document does not show current residence address) (See Instructions for Question 18.b.)*

18.c. Exception to the Nonimmigrant Alien Prohibition: If the transferee/buyer answered "YES" to 12.d.2. the transferor/seller must record the type of documentation showing the exception to the prohibition and attach a copy to this ATF Form 4473. *(See Instructions for Question 18.c.)*

### Questions 19, 20, or 21 Must Be Completed Prior To The Transfer Of The Firearm(s) *(See Instructions for Questions 19, 20 and 21.)*

| 19.a. Date the transferee's/buyer's identifying information in Section A was transmitted to NICS or the appropriate State agency: | 19.b. The NICS or State transaction number *(if provided)* was: |
|---|---|
| Month 04  Day 28  Year 2020 | 1575105-101DLM3TH |

| 19.c. The response initially (first) provided by NICS or the appropriate State agency was: | 19.d. The following response(s) was/were later received from NICS or the appropriate State agency: |
|---|---|
| [ ] Proceed <br> [X] Delayed *[The firearm(s) may be transferred on* 05/04/2020 *if State law permits (optional)]* <br> [ ] Denied <br> [ ] Cancelled | [X] Proceed  05/04/2020 *(date)*   [ ] Overturned <br> [ ] Denied _____ *(date)* <br> [ ] Cancelled _____ *(date)* <br> [ ] No response was provided within 3 business days. |

19.e. *(Complete if applicable.)* After the firearm was transferred, the following response was received from NICS or the appropriate State agency on: _____ *(date).*   [ ] Proceed   [ ] Denied   [ ] Cancelled

| 19.f. The name and Brady identification number of the NICS examiner. *(Optional)* | 19.g. Name of FFL Employee Completing NICS check. *(Optional)* |
|---|---|
| _____ *(name)*   _____ *(number)* | |

20. [ ] No NICS check was required because a background check was completed during the NFA approval process on the individual who will receive the NFA firearm(s), as reflected on the approved NFA application. *(See Instructions for Question 20.)*

21. [ ] No NICS check was required because the transferee/buyer has a valid permit from the State where the transfer is to take place, which qualifies as an exemption to NICS. *(See Instructions for Question 21.)*

| Issuing State and Permit Type | Date of Issuance *(if any)* | Expiration Date *(if any)* | Permit Number *(if any)* |
|---|---|---|---|
| | | | |

### Section C - Must Be Completed Personally By Transferee/Buyer

If the transfer of the firearm(s) takes place on a different day from the date that the transferee/buyer signed Section A, the transferee/buyer must complete Section C immediately prior to the transfer of the firearm(s). *(See Instructions for Question 22 and 23.)*

I certify that my answers to the questions in Section A of this form are still true, correct, and complete.

| 22. Transferee's/Buyer's Signature | 23. Recertification Date |
|---|---|
| *Jessica Hobsh* | 5-4-20 |

**Transferor/Seller Continue to Next Page**

**STAPLE IF PAGES BECOME SEPARATED**

**ER_527**

ATF Form 4473 (5300.9)
Revised October 2016

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 109 of 183

Case: 22-10326, 08/11/2023, ID: 12772746, DktEntry: 17-4, Page 110 of 183

**Section D - Must Be Completed By Transferor /Seller Even If The Firearm(s) Is Not Transferred**

| 24.<br>Manufacturer and Importer (If any) (If the manufacturer and importer are different, the FFL must include both.) | 25.<br>Model<br>(If Designated) | 26.<br>Serial Number | 27.<br>Type (See Instructions for Question 27.) | 28.<br>Caliber or Gauge |
|---|---|---|---|---|
| 1. Canik / Canik USA | TP9SFElite | 20BH02246 | Pistol | 9MM |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

**REMINDER - By the Close of Business Complete ATF Form 3310.4 For Multiple Purchases of Handguns Within 5 Consecutive Business Days**

29. Total Number of Firearms Transferred (Please handwrite by printing e.g., zero, one, two, three, etc. Do not use numerals.) **one**

30. Check if any part of this transaction is a pawn redemption.
☐ Line Number(s) From Question 24 Above:

31. For Use by Licensee (See Instructions for Question 31.)

32. Check if this transaction is to facilitate a private party transfer. ☐ (See Instructions for Question 32.)

33. Trade/corporate name and address of transferor/seller and Federal Firearm License Number (Must contain at least first three and last five digits of FFL Number X-XX-XXXXX.) (Hand stamp may be used.)
9-88-04672
GUN SHOP LAS VEGAS
2980 ST ROSE PKWY STE 130
HENDERSON, NV 89052

**The Person Transferring The Firearm(s) Must Complete Questions 34-37.**
**For Denied/Cancelled Transactions, the Person Who Completed Section B Must Complete Questions 34-36.**

I certify that: (1) I have read and understand the Notices, Instructions, and Definitions on this ATF Form 4473; (2) the information recorded in Sections B and D is true, correct, and complete; and (3) this entire transaction record has been completed at my licensed business premises ("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located) unless this transaction has met the requirements of 18 U.S.C. 922(c). Unless this transaction has been denied or cancelled, I further certify that — (1) the transferee's/buyer's responses in Section A (and Section C, if applicable); (2) my verification of the identification recorded in question 18 (and my re-verification at the time of transfer, if Section C was completed); and (3) State or local law applicable to the firearms business — it is my belief that it is not unlawful for me to sell, deliver, transport, or otherwise dispose of the firearm(s) listed on this form to the person identified in Section A.

| 34. Transferor's/Seller's Name (Please print) | 35. Transferor's/Seller's Signature | 36. Transferor's/Seller's Title | 37. Date Transferred |
|---|---|---|---|
| Tony Lettieri | | Sales Associate | 05/04/2020 |

### NOTICES, INSTRUCTIONS, AND DEFINITIONS

**Purpose of the Form:** The information and certification on this form are designed so that a person licensed under 18 U.S.C. 923 may determine if he/she may lawfully sell or deliver a firearm to the person identified in Section A, and to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The transferor/seller of a firearm must determine the lawfulness of the transaction and maintain proper records of the transaction. Consequently, the transferor/seller must be familiar with the provisions of 18 U.S.C. 921-931 and the regulations in 27 CFR Parts 478 and 479. In determining the lawfulness of the sale or delivery of a rifle or shotgun to a resident of another State, the transferor/seller is presumed to know the applicable State laws and published ordinances in both the transferor's/seller's State and the transferee's/buyer's State. (See ATF Publication 5300.5, State Laws and Published Ordinances.)

Generally, ATF Form 4473 must be completed at the licensed business premises when a firearm is transferred over-the-counter. Federal law, 18 U.S.C. 922(c), allows a licensed importer, manufacturer, or dealer to sell a firearm to a nonlicensee who does not appear in person at the licensee's business premises only if the transferee/buyer meets certain requirements. These requirements are set forth in section 922(c), 27 CFR 478.96(b), and ATF Procedure 2013-2.

After the transferor/seller has completed the firearms transaction, he/she must make the completed, original ATF Form 4473 (which includes the Notices, General Instructions, and Definitions), and any supporting documents, part of his/her permanent records. Such Forms 4473 must be retained for at least 20 years and after that period may be submitted to ATF. Filing may be chronological (by date of disposition), alphabetical (by name of purchaser), or numerical (by transaction serial number), as long as all of the transferor's/seller's completed Forms 4473 are filed in the same manner.

**FORMS 4473 FOR DENIED/CANCELLED TRANSFERS MUST BE RETAINED:** If the transfer of a firearm is denied/cancelled by NICS, or if for any other reason the transfer is not completed after a NICS check is initiated, the licensee must retain the ATF Form 4473 in his/her records for at least 5 years. Forms 4473 with respect to which a sale, delivery, or transfer did not take place shall be separately retained in alphabetical (by name of transferee) or chronological (by date of transferee's certification) order.

If the transferor/seller or the transferee/buyer discovers that an ATF Form 4473 is incomplete or improperly completed after the firearm has been transferred, and the transferor/seller or the transferee/buyer wishes to correct the omission(s) or error(s), photocopy the inaccurate form and make any necessary additions or revisions to the photocopy. The transferor/seller should only make changes to Sections B and D. The transferee/buyer should only make changes to Section A and C. Whoever made the changes should initial and date the changes. The corrected photocopy should be attached to the original Form 4473 and retained as part of the transferor's/seller's permanent records.

**Exportation of Firearms:** The State or Commerce Departments may require a firearms exporter to obtain a license prior to export. **Warning:** Any person who exports a firearm without proper authorization may be fined not more than $1,000,000 and/or imprisoned for not more than 20 years. See 22 U.S.C. 2778(c).

### Section A

The transferee/buyer must personally complete Section A of this form and certify (sign) that the answers are true, correct, and complete. However, if the transferee/buyer is unable to read and/or write, the answers (other than the signature) may be completed by another person, excluding the transferor/seller. Two persons (other than the transferor/seller) must then sign as witnesses to the transferee's/buyer's answers and signature/certification in question 14.

ATF Form 4473 (5300.9)
Revised October 2016

**ER_528**

Attachment I

Nexus Determination, ATF Report of Investigation 2 in Whitney, Stephon

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Report of Investigation**

| Title of Investigation:<br>WHITNEY, Stephon (PSN) | Investigation Number:<br>786020-21-0033 | Report Number:<br>2 |
| --- | --- | --- |

**SUMMARY:**

NEXUS DETERMINATION:  On January 24, 2021, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) Special Agent Roger Martin determined the classification of a firearm Under Title 18 U.S.C., Chapter 44 relating to interstate or foreign commerce.

**NARRATIVE:**

On January 24, 2021, ATF Special Agent Roger Martin was provided with the following firearm description for the purpose of determining the classification relating to interstate or foreign commerce:

- Canik 55, Model TP9-SF Elite, 9mm caliber pistol, S/N 20BH02246

**DETERMINATION:**

Based upon the aforementioned description provided obtained from LVMPD event  # 200900007194 , the ATF case agent, and in conjunction with his own research, knowledge, and experience, ATF Special Agent Martin determined the following is a firearm as defined in Title 18 U.S.C Chapter 44, 921(a)(3) and not manufactured in Nevada:

- Canik 55, Model TP9-SF Elite, 9mm caliber pistol, S/N 20BH02246

It should be noted that this determination was based solely on the description provided as referenced above. A physical examination of said firearm has yet to be conducted at this time and would need to be made prior to any courtroom testimony.

**ATTACHMENTS:**

Statement of Qualifications, Roger Martin

| Prepared by:<br>Roger Martin | Title:<br>Special Agent, Las Vegas I Field Office | Signature:<br>ROGER MARTIN Digitally signed by ROGER MARTIN<br>Date: 2021.01.24 14:11:52 -05'00' | Date: |
| --- | --- | --- | --- |
| Authorized by:<br>James J. Bauer | Title:<br>Resident Agent in Charge, Las Vegas I Field Office | Signature:<br>JAMES BAUER Digitally signed by JAMES BAUER<br>Date: 2021.01.24 16:28:42 -08'00' | Date: |
| Second level reviewer (optional):<br>Patrick T. Gorman | Title:<br>Special Agent in Charge, San Francisco Field Division | Signature: | Date: |

ATF EF 3120.2 (10-2004)
For Official Use Only

Case: 2:11-cr-00002-JAD-DJA Document 36-3 Filed 05/13/22 Page 3 of 3

## STATEMENT OF QUALIFICATIONS

Roger D. Martin, Special Agent,
Bureau of Alcohol, Tobacco and Firearms, and Explosives
Las Vegas, NV

I, Roger D. Martin, hereby declare and state:

1. That I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since February 2005. As a Special Agent with ATF, one of my responsibilities is conducting criminal investigations concerning alleged violations of the Federal firearms laws. I have acquired knowledge and experience as to firearms and ammunition and the interstate nexus of firearms and ammunition, due to investigations, research, records, familiarity, conferring with other experts, training, teaching, and certifications. I prepare reports and official correspondence relating to the identification, origin, and classification of firearms and ammunition under the provisions of the Federal firearms laws.

2. That during the course of my duties, I have examined numerous firearms and hundreds of rounds of ammunition for the purpose of determining the manufacturer, model, caliber/gauge, and serial number; the place of manufacturer; function and design, and/or status as related to National Firearms Act.

3. That I have contacted the ATF National Tracing Center on numerous occasions and requested firearms traces concerning the manufacture and interstate/intrastate shipment of firearms. I have also assisted numerous Federal, state and local law enforcement agencies with firearm traces.

4. That I have had numerous contacts with firearms dealers and manufacturers who are Federal firearms licensees, regarding licensing application, firearms transfer, acquisition, disposition, and compliance, and criminal enforcement matters and continue to do so as part of ATF's liaison with the firearms industry.

5. That I have a Bachelor of Science Degree in Business Administration from Wayland Baptist University, Texas.

6. That I have received formal training for law enforcement and military personnel in both a general and specific nature as it pertains to the recognition and identification of firearms and ammunition and their place of manufacture. This training includes, but is not limited to the following:

    Basic Training, U.S. Army, Fort Polk, LA
    Ammunition Handler Course, U. S. Army, Redstone Arsenal, Alabama
    Naval School Explosive Ordnance Disposal, Indian Head, MD and Eglin AFB, FL
    Criminal Investigator School, Federal Law Enforcement Training Center, Glynco, Georgia
    Special Agent Basic Training, ATF National Academy, Glynco, Georgia
    Firearms Interstate Nexus Training, ATF Firearms Technology Branch, Martinsburg, WV
    Certified Explosive Specialist-Redstone Arsenal, Alabama
    Chemistry of Pyrotechnics-Redstone Arsenal, Alabama
    Advanced Explosive Disposal Techniques-Redstone Arsenal, Alabama
    Advanced Interstate Nexus Training-ATF multiple locations
    FBI Hazardous Devices School- Redstone, Arsenal, Alabama
    ATF Homemade Explosives Course, Redstone Arsenal, Alabama
    ATF Destructive Device Disassembly and Exploitation Course, Redstone Arsenal, Alabama

    During the training at the Firearms Interstate Nexus Training Course in Martinsburg, WV, I personally examined the ATF Firearms Technology Branch's Reference Collection, which includes approximately 6,000 firearms.

7. That I maintain current information regarding a historical list of licensed U.S. and foreign manufacturers, importers, and distributors, as well as, common firearms proof marks utilized by numerous foreign countries.

8. That I have provided formal training to law enforcement and other government personnel in various disciplines of firearms training.

ATF EF 3120.2 (10-2004)
For Official Use Only

ER_531

| Title of Investigation: | | Investigation Number: | Report Number: |
|---|---|---|---|
| WHITNEY, Stephon (PSN) | | 786020-21-0033 | 2 |

9. That I have been assigned as evidence vault custodian where I have examined and inventoried hundreds of firearms in the course of my duties.

10. That for over 20 years I have had a personal interest in the history, collection, nomenclature, and sporting and professional use of firearms and ammunition. I have also accumulated a personal reference library of firearms and ammunition related publications such as *Gun Trader's Guide, Gun Digest, Flayderman's Guide to Antique American Firearms, Blue Book of Gun Values, Guns and Ammo,* and *Shooting Times* in order to remain familiar with firearms and firearm trends.

11. That I have qualified on numerous occasions as a Distinguished Expert in various different types of firearms with ATF. I have also qualified expert on several weapons systems with the U.S. Army and instructed soldiers on how to properly zero and qualify with their assigned weapons. While assigned as the Unit Maintenance Non-Commissioned Officer in the U.S. Army was charged with the proper maintenance and serviceability of unit's assigned weapons.

ATF EF 3120.2 (10-2004)
For Official Use Only

ER_532

**YI LIN ZHENG, ESQ.**
Nevada Bar No. 10811
VEGAS GOLDEN LAW
2801 S Valley View Blvd, Ste 16
Las Vegas, NV 89102
Phone (702) 385-7170
Email: vegasgoldenlaw@gmail.com

Attorney for Stephon Whitney

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>STEPHON WHITNEY,<br><br>        Defendant. | Case No. 2:21-CR-002-JAD-NJK<br><br>**MEMORANDUM IN SUPPORT<br>OF GUILTY PLEA WITHOUT A<br>PLEA AGREEMENT** |

      In anticipation of the change of plea soon to be scheduled by this Court, Stephon Whitney, by and through his counsel, Yi Lin Zheng, submits this Memorandum in Support of Guilty Plea without a Plea Agreement. Mr. Whitney intends to enter a plea of guilty to the one count contained in the criminal Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).This Memorandum is to aid the Court in advising the defendant of the consequences of a guilty plea under Fed.R.Crim.Pro. 11(b).

      DATED: June 1, 2022.

               By:   _/s/ Yi Lin Zheng_

                     Yi Lin Zheng
                     Attorney for Stephon Whitney

**SUMMARY**

**I.  CHARGE**

The defendant is charged by Indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

**II.  SENTENCING GUIDELINES**

The sentence imposed will be under 18 U.S.C. § 3553(a). In determining the sentence the Court must consider the United States Sentencing Guidelines. However, those Guidelines are only advisory and are one factor for the Court to consider in arriving at a fair, just and reasonable sentence. The length and terms of that sentence depend upon the nature and number of previous criminal convictions which are used to determine the advisory offense level and criminal history category. The Court calculates the offense level and criminal history and, then, may impose a sentence within the applicable Guidelines range, or any sentence deemed reasonable under § 3553(a).

A federal prison sentence can no longer be shortened by early release on parole, because parole has been abolished.

Under the provisions of U.S.S.G. § 5E1.2, a fine may be imposed, depending upon the Court's finding of the appropriate Offense Level within a range to be determined by the Guidelines. However, U.S.S.G. § 5E1.2(e) allows the Court to waive my fine, impose a lesser fine or an alternative sanction, such as community service, if the defendant establishes he does not have the ability to pay a fine and is not likely to become able to pay any fine.

Title 18, U.S.C. § 3663 and U.S.S.G. § 5E1.1 permit restitution as deemed appropriate by the Court. Restitution is not an issue in this case.

2

**ER_534**

A mandatory special assessment under 18 U.S.C. § 3013 and U.S.S.G. § 5E1.3 of $100.00 must be imposed for this offense.

## III.   ELEMENTS OF THE OFFENSE

Before a verdict of guilty may be reached, the government would have to prove the essential elements of the offense of felon in possession of a firearm beyond a reasonable doubt as follows:

First, the defendant knowingly possessed a firearm;

Second, when he possessed the firearm, the defendant was a convicted felon;

Third, the defendant knew he was a felon at the time he possessed the firearm

Fourth, the firearm had been shipped in interstate commerce.

*See* Ninth Circuit Model Criminal Jury Instruction § 8.65A

## IV.   FACTS TO SUPPORT THE GUILTY PLEA

On or about September 2, 2020, STEPHON WHITNEY, knowingly possessed a firearm.  At the time he possessed the firearm, he had been previously convicted of a felony and knew that he was a felon.

DATED: June 1, 2022.

By:   */s/ Yi Lin Zheng*
        Yi Lin Zheng
        Attorney for Stephon Whitney

/ / /

/ / /

/ / /

3

**ER_535**

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that he is an employee of Vegas Golden Law and is a person of such age and discretion as to be competent to serve papers.

That on June 1, 2022, he served an electronic copy of the above and foregoing **MEMORANDUM IN SUPPORT OF GUILTY PLEA WITHOUT A PLEA AGREEMENT** by electronic service (ECF) to the person named below:

JASON FRIERSON
United States Attorney
DANIEL COWHIG
Assistant United States Attorney
501 Las Vegas Blvd. South
Suite 1100
Las Vegas, NV 89101


_/s/ Yi Lin Zheng_
Employee of the Vegas Golden Law

4

**ER_536**

1   **YI LIN ZHENG, ESQ.**
    Nevada Bar No. 10811
2   VEGAS GOLDEN LAW
    2801 S Valley View Blvd, Ste 16
3   Las Vegas, NV 89102
    Phone (702) 385-7170
4   Email: vegasgoldenlaw@gmail.com

5   Attorney for Stephon Whitney

6

7                   **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF NEVADA**

9   UNITED STATES OF AMERICA,          Case No. 2:21-CR-002-JAD-NJK

10                  Plaintiff,          **NOTICE OF INTENT TO PLEAD**
                                        **GUILTY**
11           v.

12  STEPHON WHITNEY,

13                  Defendant.

14

15          COMES NOW the defendant, Stephon Whitney, by and through his counsel,

16  Yi Lin Zheng, who tenders the following Notice of Intent to Plead Guilty.   Mr.

17  Whitney also respectfully requests his change of plea be set for the next date the

18  Court is available.

19          1.      There is no plea agreement between the parties.

20          2.      The defendant desires to enter a plea of guilty to 18 U.S.C. § 922(g)

21  – Felon in Possession of a Firearm, as charged in the Indictment.

22          DATED: June 1, 2022.

23

24

25                                  By:  _/s/ Yi Lin Zheng_____

26                                       Yi Lin Zheng
                                         Attorney for Stephon Whitney

                                    **ER_537**

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that she is an employee of Vegas Golden Law and is a person of such age and discretion as to be competent to serve papers.

That on June 1, 2022, he served an electronic copy of the above and foregoing **NOTICE OF INTENT TO PLEAD GUILTY** by electronic service (ECF) to the person named below:

> JASON FRIERSON
> United States Attorney
> DANIEL COWHIG
> Assistant United States Attorney
> 501 Las Vegas Blvd. South
> Suite 1100
> Las Vegas, NV 89101

_/s/ Yi Lin Zheng_
Employee of the Vegas Golden Law

2

**ER_538**

```
1                    IN THE UNITED STATES DISTRICT COURT

2                      FOR THE DISTRICT OF NEVADA

3    UNITED STATES OF AMERICA,     )
                                   ) Case No. 2:21-cr-00002-JAD-NJK
4              Plaintiff,          )
                                   ) Las Vegas, Nevada
5    vs.                           ) January 29, 2021
                                   ) Courtroom 3D
6    STEPHON JAMES WHITNEY,        )
                                   )
7                                  ) Recording method:
               Defendant.          ) Liberty/CRD
8    _____  ) 10:07 a.m. - 10:36 a.m.
                                     10:50 a.m. - 10:50 a.m.
9                                    DETENTION HEARING

10                       CERTIFIED COPY

11        TRANSCRIPT OF PROCEEDINGS CONDUCTED VIA ZOOM
              BEFORE THE HONORABLE CAM FERENBACH
12        UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

13

14   APPEARANCES:

15   For the Government:    DANIEL COWHIG, AUSA
                            UNITED STATES ATTORNEY'S OFFICE
16                          501 Las Vegas Boulevard South, Suite 1100
                            Las Vegas, Nevada 89101
17                          (702) 388-6336

18

19   (Appearances continued on page 2.)

20   Recorded by:        Tawnee Renfro

21   Transcribed by:     Amber M. McClane, RPR, CRR, CCR #914
                         United States District Court
22                       333 Las Vegas Boulevard South, Room 1334
                         Las Vegas, Nevada 89101
23                       (702) 384-0429 or AM@nvd.uscourts.gov

24   Proceedings recorded by electronic sound recording.
     Transcript produced by mechanical stenography and computer.
25
```

1    APPEARANCES CONTINUED:

2    For the Defendant:

3         **YI LIN ZHENG, ESQ.**
          *VEGAS GOLDEN LAW*
4         *2801 South Valley View Boulevard, Suite 16*
          *Las Vegas, Nevada 89102*
5         *(702) 385-7170*

6    Also Present:

7         *Jessie Moorehead, Pretrial Services*

8

9                              *  *  *  *  *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**ER_540**                                    *Page 2*

```
 1        LAS VEGAS, NEVADA; FRIDAY, JANUARY 29, 2021; 10:07 A.M.

 2                            --o0o--

 3                       P R O C E E D I N G S

 4             COURTROOM ADMINISTRATOR:  This is the time set for a

 5   detention hearing in Case 2:21-cr-2-JAD-NJK, United States of

 6   America versus Stephon James Whitney.

 7             Counsel, please enter your appearance for the record

 8   beginning with the Government.

 9             MR. COWHIG:  Good morning, Your Honor.  Dan Cowhig

10   for the United States.

11             THE COURT:  Good morning, Mr. Cowhig.

12             MS. ZHENG:  And good morning, Your Honor.  Yi Lin

13   Zheng on behalf of the defendant, Stephon Whitney.  And he is

14   also present in custody at the Nevada Southern Detention

15   Center appearing via video.

16             THE COURT:  Thank you, Ms. Zheng.

17             Mr. Whitney, can you hear me okay?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  And last time you appeared I read a

20   disclosure about why we were doing video hearings.  Do you

21   consent to appearing by video at this hearing?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Okay.  Thank you.

24             All right.  So this is interesting.  We've got -- we

25   had set this for the detention hearing.  I did receive an
```

1    updated report from Pretrial Services based on the interview

2    that was conducted on -- on January 27th.  Have both counsel

3    seen this?

4             **MR. COWHIG:**  Yes, Your Honor.

5             **MS. ZHENG:**  Yes, Your Honor.

6             **THE COURT:**  Okay.  Good.

7             And then, Ms. Zheng, as -- as I suggested, she's

8    filed a memo regarding defendant's waiver of temporary right

9    to custody under the Interstate Agreement on Detainers Act,

10   which I've read.  And of course we already have in the docket

11   the waiver.  That's Number 11.

12            So I think the first thing I have to decide is:  Am I

13   going to address the detention issue first -- you know,

14   because this is set for a detention hearing -- and then deal

15   with the interstate waiver rights and so on?  Or, I guess, I

16   think Ms. Zheng wants me to do the interstate waiver thing

17   first, decide that, and if I'm going to let -- allow him to go

18   back to state custody, then just have him be temporarily

19   detained here.  And then we do the detention hearing once he

20   gets transferred back here after his parole situation is

21   worked out over there.

22            Let me ask Ms. Zheng.  Is that what you would prefer,

23   Ms. Zheng?

24            **MS. ZHENG:**  That is my preference, Your Honor.  I

25   mean, certainly I understand the -- generally with federal

```
1   cases, if I were to reopen a detention hearing, I would have
2   to petition the Court to do so anyway.  As of this point, you
3   know, clearly I would like to argue for his release.  However,
4   I understand that at this point that argument would be moot
5   because I do understand that he has a state detainer that he,
6   in fact, is serving a sentence on.  And so rather than doing
7   it now [indiscernible] and redoing it when there's a change
8   in -- material change in circumstances, I would understand
9   that he would temporarily be detained; that the U.S. Marshal
10  Service would lodge a detainer against him, thereby he
11  wouldn't just be released when he has completed his state
12  sentence; and that he would return to federal custody, and
13  that we could address his detention as to the federal case
14  specifically at that time.
15           THE COURT:  Right.  Okay.  I -- so I do understand
16  your position.
17           What's the Government think about all this,
18  Mr. Cowhig?
19           MR. COWHIG:  Your Honor, the Government --
20           THE COURT:  Whoa.  Mr. Cowhig, your --
21           MR. COWHIG:  -- position.  First on the Interstate
22  Agreement on Detainers --
23           THE COURT:  Hold on.
24           MR. COWHIG:  -- the waiver is not valid because --
25           THE COURT:  Mr. Cowhig, hold on.  Hold on.
```

 1            You -- your video is frozen, and your audio is

 2    intermittent.  So I'm not understanding what you're saying.

 3            **MR. COWHIG:**  Am I back, Your Honor?

 4            **THE COURT:**  Apparently.  Let's try again.  Start over

 5    at the beginning.

 6            **MR. COWHIG:**  I'll -- I'll try a little more slowly

 7    and minimize my movements.

 8            The waiver I believe is defective because it does not

 9    include a waiver of the time frames set out in Article IV(a)

10    of the Interstate Agreement on Detainers -- I'm sorry, IV(e),

11    echo.

12            **THE COURT:**  So the --

13            **MR. COWHIG:**  The Interstate Agreement on Detainers

14    sets --

15            **THE COURT:**  Okay.  You know what?  I've got that up

16    here, I think, on Westlaw.  So let me... let me...

17            Okay.  I've got section 2, enacted into law,

18    Interstate Agreement on Detainers.  There's Article I,

19    Article II, Article III -- is that the thing we're talking

20    about?  Or -- or do you have --

21            **MS. ZHENG:**  That is, Your Honor.  And if I understand

22    what the Government is saying, I think we could cure that

23    defect.  In essence, what it is, is that --

24            **THE COURT:**  Ms. Zheng.  Ms. Zheng, hold on.  I've

25    never read this thing before, so I want to find the section

*Page 6*

 1   he's talking about and read it, and then I'll hear you.  Okay?

 2            **MS. ZHENG:**  Okay.

 3            **THE COURT:**  So what -- you're saying IV(e)?  Okay.

 4   IV(e) --

 5            **MR. COWHIG:**  IV -- yes, Your Honor.  IV(e).

 6            **THE COURT:**  If trial is -- if trial is not had on any

 7   indictment prior to the prisoner's being returned to the

 8   original place of imprisonment, such indictment shall not be

 9   of any further force or effect, and the Court shall enter an

10   order dismissing the same with prejudice; is that the section

11   you're talking about?

12            **MR. COWHIG:**  Yes, Your Honor.  And there's a time

13   frame set in IV(c) of 120 days to begin the trial, which is

14   different from the Speedy Trial Act.

15            **THE COURT:**  Oh.  Okay.  And, of course, this is set

16   up between states, the receiving state and the sending state,

17   and we've got the Federal Government here.  So is it

18   interpreted that state means Federal Government under this

19   context?

20            **MR. COWHIG:**  Yes, Your Honor.

21            **THE COURT:**  Oh.  Okay.  Now, I did find there's a

22   section 9, special provision when United States is a receiving

23   state.  So I thought that might be helpful.  It says:

24   Notwithstanding any provision of the agreement on detainers to

25   the contrary, in a case where the United States is the

1   receiving state, any order of a court dismissing any

2   indictment, information, or complaint may be with or without

3   prejudice.  In determining whether to dismiss the case with or

4   without prejudice, the Court shall consider, among other

5   things, each of the following factors:  Seriousness of

6   offense, facts and circumstances in the case which led to the

7   dismissal, and the impact of re-prosecution on the

8   administration of the agreement on detainers or the

9   administration of justice.  I don't think that applies.

10   Maybe.  I don't know.

11        But then the second part says:  It shall not be a

12   violation of the agreement on detainers if, prior to trial,

13   the prisoner's returned to the custody of the sending state

14   pursuant to an order of the appropriate court issued after

15   reasonable notice to the prisoner and the United States and an

16   opportunity for a hearing.

17        So that kind of sounds like it lets me do that.  You

18   know, that seems to support what Ms. Zheng is asking.  But

19   you're saying because the waiver is defective?  Well, it

20   wouldn't matter if the waiver --

21        **MR. COWHIG:**  Yes.

22        **THE COURT:**  Because this act says I can do that even

23   if he doesn't waive his rights under the...

24        **MR. COWHIG:**  Yes, Your Honor.  It does allow the

25   Court of its -- *sua sponte* to return a prisoner to the state.

1    **THE COURT:** Okay. Okay. And the reason that's in

2    there is, if I understand this, this -- this Interstate

3    Compact was to prevent states and government -- and the U.S.

4    Government from shuttling people back and forth kind of

5    against their will. It was making them stay in one place

6    until something got resolved, and then they can be sent

7    some -- it was called the anti-shuttling statute; right?

8    **MR. COWHIG:** Yes, Your Honor. And it -- its general

9    purpose is, when there's more than one trial underway, to

10   finish one trial before heading to the other trial.

11   **THE COURT:** Right.

12   **MR. COWHIG:** In this instance, we only have our

13   trial. There is no state proceeding underway.

14   **THE COURT:** Well, apparently there's a -- what --

15   didn't you say something's happening in the state court,

16   Ms. Zheng?

17   **MS. ZHENG:** Well, he is set to go before the Parole

18   Board. So it's not specifically in front of the state court.

19   But one of the other ideas behind the anti-shuttling

20   act is that not only is it just a [indiscernible] impacts his

21   programming status, his ability to be seen by the Parole Board

22   in this case if he were held in federal custody. And,

23   ultimately, it's going to impact his calculation of time as we

24   go further down the road. He is very close to ending his

25   state sentence. And, quite frankly, where we have our trial

 1   set right now in March, it wouldn't -- it wouldn't interfere

 2   with our trial.  However, it would allow him to be seen by the

 3   Parole Board and hopefully to be granted parole so that, when

 4   he returns to federal custody, there would be no further

 5   detainers and this would be the only case at issue.

 6            **THE COURT:**  Right.  So -- so your proposal is that

 7   I -- I order him temporarily detained without holding a

 8   detention hearing, and I'd have to find good cause not to hold

 9   the detention hearing without the time required.  And I'd

10   order him temporarily detained then and order that he be

11   returned back to the custody of the state so he can have his

12   parole hearing.  And then, if -- if he's -- what -- well, I

13   guess one of two things would happen.  Either he'll be paroled

14   or he won't; right?  So if he's --

15            **MS. ZHENG:**  Right.

16            **THE COURT:**  -- not paroled, he'll still be in

17   custody.  So I'd say, if he's not paroled, then he should be

18   ordered back here forthwith after the -- the hearing.  And if

19   he is paroled, well, then, obviously there would be a detainer

20   and he'd -- he'd come back.  So does that --

21            **MS. ZHENG:**  Correct.

22            **THE COURT:**  So that's kind of what you --

23            **MS. ZHENG:**  Yes.

24            **THE COURT:**  -- have in mind?

25            And so he's gonna stay detained -- if I hold a

1   detention hearing today and detain him, then he's gonna stay

2   here and be detained.  And I could still order him back and

3   have him come back, whether he's temporarily detained or not.

4   But you'd like to have the detention hearing later because you

5   want the parole part to be tied up before you have the

6   detention hearing?

7           **MS. ZHENG:**  That would be my preference, Your Honor,

8   yes.

9           **THE COURT:**  Okay.  And why does the Government object

10  to that, Mr. Cowhig, if you do?

11          **MR. COWHIG:**  Your Honor, we believe that he -- he

12  needs to have his detention hearing now.  He has been brought

13  over into federal custody.  He has been held in federal

14  physical custody.  His state time continues to run.  He is not

15  losing any time on his state sentence because he's in physical

16  federal custody, but his state sentence continues to run under

17  the interstate agreement.

18          **THE COURT:**  All right.  Okay.  Well, I think I

19  understand that.

20          And -- and still, I guess, I just want to make

21  sure -- sort of a hypothetical -- but suppose I hold the

22  detention hearing, and I do detain him.  Then I could still

23  order him back to get his parole hearing done, and then have

24  him come back because he'll still be -- have a hold here.  And

25  the only difference really would be, if you wanted to reopen,

1    you'd have a -- an extra hurdle to go over, Ms. Zheng, is

2    that...

3              MS. ZHENG:  Sure.  And if the Court prefers to have

4    the detention hearing, I would just ask the Court for leave to

5    allow me to reopen the detention hearing if and when he does

6    resolve his parole status because it would be a material

7    change in circumstances.

8              THE COURT:  Okay.  So let me just make sure.  From

9    your point of view, Mr. Cowhig, if I were to detain him today,

10   would the Government object to me ordering that he be -- go

11   back to state court to get the parole hearing out of the way,

12   and then come back as soon as it's over, whatever happens?

13             MR. COWHIG:  Your Honor, I believe that under the

14   interstate agreement on detainers, he has the right to return

15   to state custody where he makes an appropriate request and

16   waiver.

17             THE COURT:  Right.

18             MR. COWHIG:  The facilities would have involvement

19   and input in that because there're a matter of practicalities

20   under COVID.  We have quarantine on both ends of 14 days.

21             THE COURT:  Right.

22             MR. COWHIG:  And although Ms. Zheng has mentioned

23   our -- our trial date which is in March, there are dates

24   before that occasion which will be important.  And it's not

25   clear that the state prison, which is not a pretrial holding

1   facility, has the capability to provide facilities for

2   conference with attorney-client privilege, to handle

3   discovery, and those sorts of things that would be an ordinary

4   part of the pretrial process.

5         **THE COURT:** Well, that is a factor, Ms. Zheng.

6   What --

7         **MS. ZHENG:** As of right now, neither facilities will

8   allow me to see the client in custody. I represented

9   Mr. Whitney on the underlying case in state court that he is

10   currently in custody on. So we have been in contact, and I've

11   been in contact with his family. He is allowed phone calls.

12   He has been making phone calls to me in either facility. In

13   fact, I haven't heard from him while he's been at Pahrump.

14   Meanwhile, I've had telephone calls for him while he was in

15   state. The difference is that, in Pahrump, through the

16   Federal Public Defender's Office, they've been kind enough to

17   set up video visits --

18         **THE COURT:** Video chats, yeah.

19         **MS. ZHENG:** -- as necessary, so...

20         **THE COURT:** All right. Okay. Well, you know what?

21   Let's go ahead and do the detention hearing, and we'll address

22   the second part in a minute.

23         But I think the Government's right that there's

24   really no reason to delay the detention hearing, and so I'm

25   going to do that now.

TRANSCRIBED FROM DIGITAL RECORDING
2:21-cr-00002-JAD-NJK-1 • 1/29/2021

1    So, Mr. Cowhig, what's the Government's position on

2  pretrial release?

3    **MR. COWHIG:**  Your Honor, the Government seeks

4  detention.

5    **THE COURT:**  And you're ready to proceed?

6    **MR. COWHIG:**  We are, Your Honor.

7    **THE COURT:**  Okay.  And, Ms. Zheng, are you ready?

8    **MS. ZHENG:**  Yes, Your Honor.

9    **THE COURT:**  Okay.  I'll hear from the Government

10  first, please.

11    **MR. COWHIG:**  Your Honor, I believe in our last

12  hearing I moved under 18 United States Code § 3142(f)(1)(E) as

13  this case involves a firearm.

14    We proffer and adopt the report of Pretrial Services.

15  Mr. Whitney has an extensive criminal record.  He committed

16  the charged offense while on state supervision for another

17  offense.  He has multiple prior trafficking convictions for

18  controlled substances.  As stated by Pretrial Services, he

19  does not have apparent financial resources or ties to this

20  community.  He has a substance abuse history and mental health

21  history.  He has a series of prior probation and parole

22  violations and revocations indicating that he would not comply

23  with conditions of supervision if released and, indeed, did

24  not in this instance.

25    He has -- is currently serving a state revocation

1    sentence, although we don't believe that that is the fact that

2    trips the balance.  We believe that even in the absence of

3    that particular fact, Mr. Whitney should be detained.

4          As to danger, the instant offense is a dangerous

5    offense.  It does involve a firearm.  The other factors which

6    were present for assessment of nonappearance are also present

7    here.  We believe that there are no factors or combination

8    of -- I'm sorry, no conditions or combination of conditions

9    that would reasonably assure his appearance or the safety of

10   the community, and we ask that he be detained.

11          **THE COURT:**  Thank you, Mr. Cowhig.

12          Ms. Zheng.

13          **MS. ZHENG:**  Your Honor, I ask that, absent the parole

14   hold and the fact that he is currently serving that sentence

15   on revocation, that he should be released because the idea is

16   that, prior to that, he was on supervision and he was on

17   supervision for probation.  And, in fact, he was doing

18   relatively well in regards to that.

19          I think that there is a huge switch in terms of the

20   information that we know about him from the initial Pretrial

21   Services report and just the updated report in regards to the

22   fact that he does, in fact, have ties to this community.  He

23   has grown up here.  He has never left the country, and he has

24   been in Nevada for the duration of his life.  His family is

25   here, his two brothers, his mother, and his girlfriend who

1    came into my office and [indiscernible].  So in terms of his

2    ties to the community, I can certainly establish those and

3    vouch for those.

4         He does have financial resources in regards to the

5    fact that, prior to his arrest in the state case, he was

6    receiving unemployment and that he does now, as confirmed

7    by -- well, as verified by his girlfriend and also as was

8    self-reported, that he had a stable working history, that he

9    was employed as a janitor and, prior to that, he was laid off

10   because of COVID and that that's when he got on unemployment.

11   And before that he had a string of jobs which he had told

12   Pretrial about.

13        As to his use history, I think there are conditions

14   certainly that can be crafted against that.  He was on

15   probation, and so any concerns that we have about use, he was

16   periodically tested.  And he was, in fact, on probation for a

17   year and a half, which indicates to me that very much they

18   would be similar conditions to what we could impose pretrial

19   and that he did, in fact, do well while he was on probation

20   during that period of time.  He didn't have negative tests

21   except for the first test that he went into probation, which

22   was a baseline test, and then subsequent to that he had tested

23   clean.

24        And also, in regards to his mental health history, I

25   think that was something that was -- is also -- we can craft

1    conditions around in regards to the fact that his diagnosis,

2    his most recent diagnosis for depression, as he reported to

3    Pretrial, was something that came out of a requirement that he

4    do a mental health assessment while he was on probation.  So I

5    think it indicates that he has the ability to follow

6    directives as needed and to perform and to report to any body

7    that is supervising him for that period of time.

8         I know that the Government speaks to the fact that he

9    has prior felony convictions.  And as to the primary one, the

10   one that he had served time in the Nevada Department of

11   Corrections the first time, I note that he was 17 at the time.

12   And I spoke with the family regarding the circumstances of

13   that case.  It was a robbery, and he had gone to a jewelry

14   store with a friend.  And the friend had brought a gun, and a

15   robbery was performed.  He was standing in the store at the

16   time that the other person ran off.  He was 17; he didn't know

17   what to do.  He was standing in the store.  The alleged -- the

18   victim of the robbery told him to go and to leave, not --

19   perhaps not understanding his -- entirely that he was part of

20   the scheme or not part of the scheme.  But I want to

21   underscore that his involvement in that is limited, and he was

22   17 at the time.  He served a heavy sentence for that.

23        And then, upon getting out, he -- the Government had

24   said that he had trafficking offenses.  While he might have

25   been charged, I will note to the Court that he certainly was

1   not convicted of any type of trafficking offense in the state.

2   In fact, in the state system --

3          **THE COURT:**  Well, hold on.  Hold on, Ms. Zheng.

4   Ms. Zheng, maybe --

5          **MS. ZHENG:**  Yes.

6          **THE COURT:**  On the Pretrial Services report it says

7   8/31/17.  I'm sorry.  No, I'm -- 7/22/18, Number 1 is

8   trafficking Schedule I controlled substance.  And two is

9   possession to sell Scheduled I/II controlled substance.  And

10  it says one dash two, three, eight, nineteen, convicted

11  felony.

12         **MS. ZHENG:**  He was convicted in that case.  His entry

13  of plea to that case was to the possession of controlled

14  substance, not to the trafficking count.

15         **THE COURT:**  Oh.  Well, that's not what the report

16  says; right?  Because it says one, dash, two.  But, I mean --

17         **MS. ZHENG:**  Correct.  And I'm looking at his

18  conviction in the state case as to that.  He did -- he pled to

19  the category [indiscernible] felony on it, which trafficking

20  in the state system is a B.  And so, in fact, it was a

21  possession of controlled substance.

22         **THE COURT:**  Possession --

23         **MS. ZHENG:**  Had he flipped --

24         **THE COURT:**  Wait.  Possession to sell; right?

25         **MS. ZHENG:**  Correct.

1    **THE COURT:**  Okay.  Well -- okay.  Okay.  Go ahead.

2    **MS. ZHENG:**  But nonetheless, he was granted probation

3    in that case.  And so that was -- and the conviction stemmed

4    from July of '19 and up until I think it was September.  So he

5    had been on probation for a little more than a year.  And I

6    think that period of time indicates his ability to have

7    conditions of release crafted around him and his interaction

8    with the Department of Probation indicates to me that he would

9    be able to have positive interactions with the Department of

10   Pretrial Services.

11   **THE COURT:**  Okay, Ms. Zheng.  Thank you.  I

12   understand your position.

13   Anything more, Mr. Cowhig?

14   **MR. COWHIG:**  No, Your Honor.  Thank you.

15   **THE COURT:**  All right.  All right.  The charge here

16   is felon in possession of a firearm, one count.  Defendant is

17   a lifelong Las Vegas resident, except when he was

18   incarcerated, and, you know, has I would say ties to this

19   community.  But his employment history, while there is an

20   employment history, it's somewhat spotty.  He was employed and

21   drew unemployment because he was laid off with COVID.  So, you

22   know, those are the nature and circumstances -- or the history

23   and characteristics.

24   You know, to that extent you do argue for release,

25   but we have the four felony convictions.  And there was

1    selling drugs involved as well as weapons and, of course, the

2    robbery, but he was young when he was involved in that.

3           I think probably the toughest thing for me here on

4    this is that he -- his probation was revoked just in September

5    of '20.  And so, you know, when you committed this offense, he

6    was subject to conditions of release, which is an important

7    factor when I'm considering the release condition.  He does

8    have a substance abuse history.  The felon in possession of a

9    firearm and the weapons history speak to danger to other

10   persons or the community

11          Accordingly, the Court finds by a preponderance of

12   the evidence that no condition or combination of conditions

13   will reasonably assure the appearance of the defendant

14   [indiscernible] and by clear and convincing evidence that no

15   condition or combination of conditions will reasonably assure

16   the safety of other persons or the community.  Accordingly,

17   the defendant's ordered detained pending trial.  He'll be

18   committed to the custody of the U.S. Marshal for confinement

19   in a corrections facility separate, to the extent practicable,

20   from persons awaiting or serving sentences with reasonable

21   opportunity for private consultation with counsel.

22          Okay.  So I've done that.  We've got the trial date.

23          So I now want to talk about getting him back there to

24   do the parole.  So this is what I'm inclined to do, and then

25   I'll hear from both sides.  I am going to order that, if the

1    authorities that have custody of him here and in the state can

2    work out a way with the COVID restrictions and everything to

3    get him back there in time for his hearing and he can have his

4    hearing, and then he can be transported back to here as soon

5    as the hearing is over, regardless of the outcome.

6         And then, as far as moving to reopen, I mean, you

7    always have a right to move to reopen, but you do have to meet

8    the standard.  Okay?

9         Mr. Cowhig, is -- would that work for you?

10        **MR. COWHIG:**  Yes, Your Honor.

11        Could your order also include that the authorities

12   explore whether Mr. Whitney could appear for his probation

13   hearing by VTC from Pahrump --

14        **THE COURT:**  Oh, right.

15        **MR. COWHIG:**  -- to obviate --

16        **THE COURT:**  Yes.

17        **MR. COWHIG:**  -- to obviate the need for movement and

18   potential exposures?

19        **THE COURT:**  That -- you know, I imagine they're

20   probably being by video anyway.  Do you know, Ms. Zheng?

21        **MS. ZHENG:**  I -- I know that generally, when I appear

22   in front of the Parole Board, whenever their agenda is set

23   out, most of the people are generally at High Desert, and then

24   they bring them in the room.  They have very limited

25   [indiscernible] to regards to that because I've tried to

1  appear via video also for parole hearings, and they can't do

2  that because they just don't have the capability.  They only

3  have the capability for one video feed at a time, and

4  generally that is to High Desert.

5         THE COURT:  Right.  Okay.  All right.  Well, you

6  know, I will add in there just to put in there, if you would,

7  Tawnee, that if video appearance can be arranged so that he

8  doesn't have to be transported, you know, that would be

9  preferable.  But if it can't, I'd like the parties to work

10  together to see if you can't get him to get that parole

11  hearing done so, you know, we can move forward in both places.

12         And I guess -- I don't know if I need to find but --

13  whether the waiver's effective or not.  I think under that

14  section that I talked about I can order this even if he

15  doesn't waive his rights under the anti-shuttling statute.  So

16  I -- I think I'm on good legal ground there.  Okay.

17         MR. COWHIG:  Yes, Your Honor.  But we ask that you --

18  you hold off issuing that order until Mr. Whitney enters the

19  waiver of the time frame set out in the Interstate Agreement

20  on Detainers.

21         THE COURT:  Oh.  Okay.

22         MS. ZHENG:  Well --

23         THE COURT:  It's the waiver --

24         MS. ZHENG:  -- while we're --

25         THE COURT:  Hold on a minute.

1    That's two different things. So we're talking about

2  speedy trial-type waiver. That's a different waiver from the

3  compact waiver.

4    **MR. COWHIG:** It is a different waiver from speedy

5  trial, Your Honor. It's a shorter time frame with fewer

6  exceptions under the interstate agreement.

7    **THE COURT:** Okay. Well, I can just -- I mean,

8  couldn't his counsel just do that on the record right now?

9    Do you -- you waive the time frames under the

10 compact?

11   **MS. ZHENG:** Stephon?

12   **THE COURT:** I'm sorry?

13   **THE DEFENDANT:** Yes?

14   **MS. ZHENG:** Okay. So, in essence, what they're

15 saying is you want to go back to state to finish your time and

16 so that you can appear in front of the Parole Board.

17 Generally, under this Interstate Agreement on Detainers, what

18 it is, is that when either one jurisdiction -- in this case,

19 the feds -- bring you over or if you ask to come

20 [indiscernible] feds to resolve the case, they have a set

21 amount of time that they have to resolve your case by.

22 Otherwise, it would -- you could petition the Court to dismiss

23 the indictment as a result of them not being able to follow

24 that time; right?

25   But in this case, because I do want you to make

```
1    Parole Board and -- you would essentially -- because of the

2    way the commissioners work, you would have to go back to state

3    in order to appear for that unless they have some other way to

4    do it from Pahrump.  That you would waive the timeline for

5    which the Government has to bring you to trial so that we can

6    resolve the case or otherwise.  But you would have to waive

7    the timeline under the Interstate Agreement on Detainers.  Do

8    you understand that?

9            THE DEFENDANT:  Yes.

10           MS. ZHENG:  Are you okay with waiving that timeline?

11   We'd have to make waiver for the record.

12           THE DEFENDANT:  I mean, what's interesting to me is

13   that, if I'm being detained in Pahrump by the federal system,

14   it kind of wouldn't even be relevant about my parole hearing

15   anyway.  Because no matter what they decide to do, I wouldn't

16   be getting parole.

17           MS. ZHENG:  No --

18           THE DEFENDANT:  I mean, I wouldn't be -- I wouldn't

19   be being released.

20           MS. ZHENG:  It does.  So there is a difference

21   between --

22           THE COURT:  No.  Hold on, Ms. Zheng.  Ms. Zheng.

23   Ms. Zheng, you know what?  I've got a little bit of time here.

24   So -- what time is it, Tawnee?

25           COURTROOM ADMINISTRATOR:  [Indiscernible].
```

1    THE COURT:  Oh yeah.  I have something at 11:00.  But

2  I think what I ought to do is we can put them in a room;

3  right?  Why don't we put the two of you in a room so --

4    MS. ZHENG:  Okay.

5    THE COURT:  -- you can explain all this to him

6  without the Government and me listening to it.  And then, when

7  you're ready, can you e-mail my courtroom deputy, let her know

8  you're ready to come back into the hearing, and we'll bring

9  you back in.

10    MS. ZHENG:  Sure.

11    THE COURT:  And then, if your client wants to waive

12  the time under the act, he can.  And if he doesn't, he can't.

13  It's his choice to make one way or another.  But --

14    MS. ZHENG:  Sure.

15    THE COURT:  Okay.  So -- but, of course, if he

16  doesn't, then I guess I really can't order him -- what I was

17  trying to order to make the parole happen, I wouldn't be able

18  to do that if you won't waive it; right?  You understand?

19    MS. ZHENG:  We'll ask for the breakout, yes, Your

20  Honor.

21    THE COURT:  Okay.

22    (Audio recording paused at 10:36 a.m., until 10:50 a.m.)

23    THE COURT:  -- discussed this with your client, is he

24  willing to waive the time periods under the Interstate

25  Compact?

**ER_563**

1    **MS. ZHENG:**  He is.  And specifically he would have to

2    waive it so that this case is [indiscernible] and that speedy

3    trial counts under the Speedy Trial Act [indiscernible].

4    **THE COURT:**  Right.  That will -- the Speedy Trial Act

5    will still apply under the Court's rules here.  It's just the

6    compact is all he's waiving; right?  Everyone's clear on that?

7    **MS. ZHENG:**  Yes.

8    **THE COURT:**  Okay.  Then my order will stand, and

9    we'll see if this works.  All right?

10   **MS. ZHENG:**  Thank you, Your Honor.

11   **THE COURT:**  Thank you.  Take care.

12   *(Proceedings adjourned at 10:50 a.m.)*

13                          * * *

14   I, AMBER M. McCLANE, court-appointed transcriber, certify

15   that the foregoing is a correct transcript transcribed from

16   the official electronic sound recording of the proceedings in

17   the above-entitled matter.

18

19   /s/_____*Amber M. McClane*_____ 5/1/2023

20      AMBER McCLANE, RPR, CRR, CCR #914          Date

21

22

23

24

25

1    **YI LIN ZHENG, ESQ.**
2    Nevada Bar No. 10811
     VEGAS GOLDEN LAW
3    2801 S Valley View, Ste. 16
     Las Vegas, Nevada 89102
4    Phone: 702-385-7170
     VegasGoldenLaw@gmail.com
5    Attorney for Defendant
6    STEPHON JAMES WHITNEY

7
8                    **UNITED STATES DISTRICT COURT**
                     **FOR THE DISTRICT OF NEVADA**
9

10   UNITED STATES OF AMERICA,

11                        Plaintiff,               CASE NO: 2:21-CR-002-JAD-NJK

12          vs.
                                                   **MEMO RE DEFENDANT'S WAIVER**
13   STEPHON JAMES WHITNEY,                        **OF TEMPORARY RIGHT TO**
                                                   **CUSTODY UNDER THE INTERSTATE**
14                        Defendant.               **AGREEMENT ON DETAINER'S ACT**

15

16          On January 22, 2021, during the Initial Appearance/Arraignment & Plea as to Stephon

17   James Whitney before Magistrate Judge Cam Ferenbach, the Court asked for additional briefing as
18
     to Defendant's waiver of his right to temporary federal custody and invocation of his right to await
19
     federal prosecution in State custody. This memo follows.
20

21          A.      THE INTERSTATE AGREEMENT ON DETAINER'S ACT DICTATES THAT
22                  MR. WHITNEY SHOULD BE RETURNED TO STATE CUSTODY.

23          The Interstate Agreement on Detainers Act (IADA) 18 U.S.C. App § 2. seeks to provide

24   cooperative procedures between States and jurisdictions regarding persons already incarcerated in
25
     one jurisdiction with charges outstanding in another, where trial is to be had on an indictment,
26
     information or complaint.
27

28

                                                   1
                                            **ER_565**

The defendant has the right under the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. § 2 Art. IV(e), to remain in federal custody until final disposition of the charges against him/her, where it would otherwise be customary for the defendant to be returned to the sending state. This is because 18 U.S.C. App. § 2 Art. III(e) provides that "The request for final disposition shall also constitute a consent by the prisoner to the production of his body in any court where his presence may be required in order to effectuate the purposes of this agreement and a further consent voluntarily to be returned to the original place of imprisonment in accordance with the provisions of this agreement. Nothing in this paragraph shall prevent the imposition of a concurrent sentence if otherwise permitted by law." Further, 18 U.S.C. App. § 2 Art. V(e) provides that "At the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending State." 18 U.S.C. App. § 2 Art. V(h) goes on to state that "From the time that a party State receives custody of a prisoner pursuant to this agreement until such prisoner is returned to the territory and custody of the sending State, the State in which the one or more untried indictments, informations, or complaints are pending or in which trial is being had shall be responsible for the prisoner and shall also pay all costs of transporting, caring for, keeping, and returning the prisoner."

Thus, it is the norm that the defendant would be sent back to the sending state, in this case to the Nevada Department of Corrections (NDOC). Whereas the defendant may assert the right to remain in federal custody until a final disposition can be had in this case, here Mr. Whitney is not asking to remain in federal custody. By executing a Waiver of Temporary Right to Custody under the Interstate Agreement on Detainer's Act, he is not asking for special treatment.

The Court is well within reason and discretion to order the United States Marshal to return the defendant to the jurisdiction with original custody, to-wit: NDOC, and to lodge a detainer

**ER_566**

against the defendant upon the defendant's return to the jurisdiction with original custody. As it would also be within this Court's power to order the temporary detention of Mr. Whitney and to provide leave to re-address and/or to re-open the detention hearing, upon Mr. Whitney's return to Federal custody on the U.S. Marshal's detainer, because the State's relinquishment of custodial control over Mr. Whitney would be a material change in circumstance.

### B.   BY VIRTUE OF THE GOVERNMENT'S PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM, IT HAS ALREADY AGREED TO RETURN THE DEFENDANT TO STATE CUSTODY.

The Government's Petition states, "Accordingly, the Government requests a Writ of Habeas Corpus Ad Prosequendum so that the United States Marshals Service can produce STEPHON JAMES WHITNEY, before this Court for the purpose of initial appearance regarding a Criminal Indictment and from time to time and day to day thereafter, at such times an places as my be ordered and directed by this Court, to appear before this Court, and when excused by this Court, to be returned to the custody of the Warden, Southern Desert Correction Center Las Vegas, Nevada." Thus, absent extraordinary circumstances, the Government would have a very limited basis to object to Mr. Whitney being returned to the sending jurisdiction, under the wording of its own Petition and the IADA.

In regard to the function and effect of a Writ of Habeas Corpus Ad Prosequendum, the court in U.S. v. Evans, 159 F.3d 908 (4th Cir. 1998), provides a reasoned analysis.

> Writs of habeas corpus ad prosequendum are court orders demanding that an inmate be produced to face criminal charges. *See* Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993) ("[W]rits of habeas corpus ad prosequendum are issued directly by a court of the jurisdiction where an indictment has been lodged against the prisoner…. [A writ of habeas corpus ad prosequendum] is a court order requesting the prisoner's appearance in the summoning jurisdiction."). Such writs are "immediately executed," United States v. Mauro, 436 U.S. 340, 360 (1978), and, thus are unlike detainers which do not summon a prisoner to the requesting jurisdiction's courts. *See* Stewart, 7 F.3d at 389.

3

**ER_567**

That a writ of habeas corpus ad prosequendum does not effect a transfer of custody…. This derives from the fact that the federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities. *See* Whalen, 962 F.2d at 361 n. 3; Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be `on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner does not alter that `borrowed' status, transforming a state prisoner into a federal prisoner."). Principles of comity require that when the writ of habeas corpus ad prosequendum is satisfied, the receiving sovereign return the prisoner to the sending sovereign. As Chief Justice Taft explained in Ponzi v. Fessenden, 258 U.S. 254, 260 (1922):

> The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose.

… In each context, the sending jurisdiction has a significant interest in retaining custodial authority over the prisoner.

Id. 911-12.

Here not only does the State have a significant interest in retaining custodial authority over Mr. Whitney, he also has a significant interest in returning to State custody. He is due to appear before the parole board in February. If Mr. Whitney cannot by seen by the parole board, he may not be granted parole and will then have to wait before he can expire his sentence. Until he can expire his State sentence his time in custody counts little against his potential Federal sentence, even though his alleged conduct in the instant indictment was the basis for his State arrest and return to custody in the first place.

As such, Mr. Whitney is waiving his right to remain in federal custody pending a resolution in this case. The Court is well within reason and discretion to order the United States Marshal to return the defendant to the jurisdiction with original custody, to-wit: NDOC, and to lodge a detainer against the defendant upon the defendant's return to the jurisdiction with original custody.

4

**ER_568**

Likewise it is within the Court's power to order the temporary detention of Mr. Whitney and to provide leave to re-address and/or to re-open the detention hearing, upon Mr. Whitney's return to Federal custody on the U.S. Marshal's detainer, because the State's relinquishment of custodial control over Mr. Whitney would be a material change in circumstance.

RESPECTFULLY SUBMITTED the 28th day of January, 2021.

*/s/ Yi Lin Zheng*

_____
YI LIN ZHENG, ESQ.
Nevada Bar No. 10811
2801 S Valley View, Ste. 16
Las Vegas, Nevada 89102
Attorney for the Defendant
STEPHON JAMES WHITNEY

*TRANSCRIBED FROM DIGITAL RECORDING*
*2:21-cr-00002-JAD-NJK-1 • 1/22/2021*

```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                        FOR THE DISTRICT OF NEVADA

 3    UNITED STATES OF AMERICA,      )
                                     ) Case No. 2:21-cr-00002-JAD-NJK
 4                 Plaintiff,        )
                                     ) Las Vegas, Nevada
 5    vs.                            ) January 22, 2021
                                     ) Courtroom 3D
 6    STEPHON JAMES WHITNEY,         )
                                     )
 7                                   ) Recording method:
                   Defendant.        ) Liberty/CRD
 8    _____)    2:34 p.m. - 2:46 p.m.
                                       INITIAL APPEARANCE/ARRAIGNMENT
 9                                     & PLEA

10                        C E R T I F I E D   C O P Y

11            TRANSCRIPT OF PROCEEDINGS CONDUCTED VIA ZOOM
                BEFORE THE HONORABLE CAM FERENBACH
12          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

13

14    APPEARANCES:

15    For the Government:    DANIEL COWHIG, AUSA
                             UNITED STATES ATTORNEY'S OFFICE
16                           501 Las Vegas Boulevard South, Suite 1100
                             Las Vegas, Nevada 89101
17                           (702) 388-6336

18

19    (Appearances continued on page 2.)

20    Recorded by:          Tawnee Renfro

21    Transcribed by:       Amber M. McClane, RPR, CRR, CCR #914
                            United States District Court
22                          333 Las Vegas Boulevard South, Room 1334
                            Las Vegas, Nevada 89101
23                          (702) 384-0429 or AM@nvd.uscourts.gov

24    Proceedings recorded by electronic sound recording.
      Transcript produced by mechanical stenography and computer.
25
```

1    APPEARANCES CONTINUED:

2    For the Defendant:

3         **YI LIN ZHENG, ESQ.**
          *VEGAS GOLDEN LAW*
4         *2801 South Valley View Boulevard, Suite 16*
          *Las Vegas, Nevada 89102*
5         *(702) 385-7170*

6    Also Present:

7         *Jessie Moorehead, Pretrial Services*

8

9                              * * * * *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**ER_571**                                    *Page 2*

```
 1        LAS VEGAS, NEVADA; FRIDAY, JANUARY 22, 2021; 2:34 P.M.

 2                            --o0o--

 3                    P R O C E E D I N G S

 4        COURTROOM ADMINISTRATOR:  This is the time set for

 5   initial appearance and arraignment and plea in Case

 6   2:21-cr-2-JAD-NJK, United States of America versus Stephon

 7   James Whitney.

 8        Counsel, please enter your appearance for the record

 9   beginning with the Government.

10        MR. COWHIG:  Good afternoon, Your Honor.  Dan Cowhig

11   for the United States.  I ask that the indictment be unsealed.

12        THE COURT:  Thank you, Mr. Cowhig.  The indictment

13   will be unsealed.

14        MS. ZHENG:  And good afternoon, Your Honor.  Yi Lin

15   Zheng on behalf of the defendant, Stephon Whitney.  He is

16   present in custody at the Nevada Southern Detention Center.

17        THE COURT:  Thank you, Ms. Zheng.

18        Mr. Whitney, can you hear me okay?

19        THE DEFENDANT:  Yes, sir.

20        THE COURT:  All right.  You know, normally we would

21   do this in the courtroom.  The lawyers, you and I, and my

22   deputy, we'd all be in the courtroom.  We can't do that

23   because of the COVID pandemic, so it's important you be able

24   to hear everything okay and see everything.  If there's a

25   problem -- sometimes the Internet slows down, it's hard to
```

```
 1   understand, whatever -- raise your hand, let me know, and
 2   we'll make sure we have a complete hearing.  Okay?
 3              THE DEFENDANT:  Okay.
 4              THE COURT:  Okay.  The CARES Act, effective
 5   March 27th, 2020, authorizes the use of videoconferencing for
 6   certain court hearings during the course of the COVID-19
 7   emergency.  On March 29th, 2020, the Judicial Conference of
 8   the United States also found that emergency conditions exist
 9   which materially affect the functioning of the courts.
10   Accordingly, Chief Judge Du entered General Order 2020-5
11   authorizing the use of videoconferencing for this hearing.
12              Mr. Whitney, do you consent to making a video
13   appearance at this hearing?
14              THE DEFENDANT:  Yes, sir.
15              THE COURT:  Thank you.
16              I find the defendant knowingly and voluntarily waived
17   his right to appear in person.
18              Is your true name Stephon James Whitney?
19              THE DEFENDANT:  Yes, sir, it is.
20              THE COURT:  How old are you, Mr. Whitney?
21              THE DEFENDANT:  Thirty years old, sir.
22              THE COURT:  How far have you gone in school?
23              THE DEFENDANT:  I got all my credits, but I didn't
24   graduate because of proficiency.  So I would say 12th grade.
25              THE COURT:  All right.  That's fair.
```

1    You've been charged in an indictment in this

2    district, one count felon in possession of a firearm.  Have

3    you read that charge against you?

4        **THE DEFENDANT:**  Yes, sir.

5        **THE COURT:**  You're not required to make any statement

6    about that charge either here in court or to any law

7    enforcement officer.  Anything you do say can be used against

8    you.  You have the right to trial by jury, the right to

9    subpoena witnesses to appear at the trial, the right to

10   assistance of counsel at all stages of these proceedings.  If

11   you cannot afford a lawyer, the Court will appoint a lawyer

12   for you at the public's expense.

13       Do you understand these rights?

14       **THE DEFENDANT:**  Yes, sir.

15       **THE COURT:**  Can you afford to hire an attorney today?

16       **THE DEFENDANT:**  No, sir.

17       **THE COURT:**  Okay.  I've received a financial

18   affidavit which has your name on it and some financial

19   information.  Earlier today were you able to convey financial

20   information to Ms. Zheng so she could put it on this affidavit

21   and send it to the Court?

22       **THE DEFENDANT:**  Yes, I believe so.

23       **THE COURT:**  All right.  And was all the information

24   you gave her true and correct?

25       **THE DEFENDANT:**  Yes, sir.

```
1            THE COURT:  And was it complete?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  And you understand that this information

4    is given to the Court under penalty of perjury?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  Thank you.

7            Based on the affidavit, the Court finds the defendant

8    is financially unable to retain counsel.  Therefore, Ms. Zheng

9    is appointed to represent him in this case.

10           Did you have a chance to speak to Ms. Zheng regarding

11   what you're charged with in the indictment?

12           THE DEFENDANT:  Yes, sir, I did.

13           THE COURT:  Good.

14           Do you understand the nature of the charges against

15   you?

16           THE DEFENDANT:  Yes, sir, I do.

17           THE COURT:  And do you understand the purpose of

18   today's hearing?

19           THE DEFENDANT:  Yes, sir, I do.

20           THE COURT:  Thank you.

21           Ms. Zheng, do you have any reason to question the

22   competence of your client to understand the charges against

23   him and to assist in his defense?

24           MS. ZHENG:  I do not, Your Honor.

25           THE COURT:  Do you waive the reading of the
```

```
1    indictment?

2              MS. ZHENG:  Yes, please, Your Honor.

3              THE COURT:  Thank you.

4         Mr. Whitney, how do you plead to the one count

5    alleged against you in this indictment, guilty or not guilty?

6              THE DEFENDANT:  Not guilty.

7              THE COURT:  Trial in this case is set for

8    March 23rd -- March 23rd, 2021, at 9:00 a.m., and that's in

9    Courtroom 6D, with a calendar call March 15th, 2021,

10   1:30 p.m., also Courtroom 6D.

11        Mr. Cowhig, what's the Government's position on

12   discovery in this case, please?

13             MR. COWHIG:  Your Honor, this is not a complex case.

14   There are audio recordings in the English language that will

15   be provided in the course of discovery [indiscernible]

16   standard order regarding pretrial procedure should apply, and

17   we'll file a government disclosure statement.

18             THE COURT:  Thank you.

19        The standard order regarding pretrial procedure will

20   be entered, and this case will be governed by Local Criminal

21   Rule 16-1(b).

22        What's the Government's position on pretrial release?

23             MR. COWHIG:  Your Honor, we believe that Mr. Whitney

24   should be detained under 3142(f)(1)(E) as both a flight risk

25   and a danger.
```

1     **THE COURT:**  All right.  Are you ready to proceed?

2     **MR. COWHIG:**  Yes, Your Honor.

3     **THE COURT:**  Ms. Zheng, are you ready to proceed?

4     **MS. ZHENG:**  Yes, Your Honor.

5     **THE COURT:**  All right.  I notice your client did not

6  interview.  Are you going to be opposing detention?

7     **MS. ZHENG:**  He did interview.  I have a Pretrial

8  Services report, Your Honor.  Oh.  Oh.  But it says he

9  declined.

10     **THE COURT:**  Your client declined to interview, yeah.

11     **MS. ZHENG:**  Well, Your Honor, in this case, a

12  slightly different situation.  I had also submitted to the

13  Court a waiver of temporary right to custody under the

14  Interstate Agreement Detainer Act.  Mr. Whitney --

15     **THE COURT:**  I've got it here.

16     **MS. ZHENG:**  Mr. Whitney was writted over from a state

17  sentence that he is serving as a result of a probation

18  violation as a result of this case which is now before the

19  Court.

20     **THE COURT:**  Right.

21     **MS. ZHENG:**  So he has fully been sentenced in that

22  case.  So our agreement was -- and I had discussed this with

23  Mr. Whitney -- is that we would at this point temporarily

24  submit to detention in this case because, regardless of the

25  argument here, he is going to be returned to custody.  And

1 that we would ask that because he has parole coming up on the

2 state case, to allow him to return to finish his sentence in

3 the state case so that he could at least go to the Parole

4 Board and then to be returned back to federal custody

5 following that. And we would ask then to reserve the right to

6 revisit the issue of detention.

7       **THE COURT:** Well, I'm not sure I can do all that.

8 You know, the -- under the Bail Reform Act, you know, I have

9 to -- I can allow the Government a three-day continuance. I

10 can allow you up to a five-day continuance absent good cause.

11       So let me ask Mr. Cowhig. I guess the proposal is

12 that mister -- Mr. Whitney go back to state custody and then,

13 when his time is up, he come back to federal custody and then

14 he would move for release.

15       Is that what you're saying, Ms. Zheng?

16       **MS. ZHENG:** Yes. That's what I'm hoping to.

17       **THE COURT:** Yeah --

18       **MS. ZHENG:** And we -- I've previously done this in a

19 different case.

20       **THE COURT:** Well, okay. Mr. Cowhig, what's the

21 Government's position on that proposal?

22       **MR. COWHIG:** Your Honor, we believe that Mr. Whitney

23 should be detained regardless of what -- his state custody

24 status based upon his criminal history and the other factors

25 set out by the Pretrial Services officer.

 1      **THE COURT:**  Okay.  That's good.  I don't want you to

 2   argue the whole thing.  I just want to just see if you were

 3   interested in this proposal.

 4      Hold on a minute.  Let me try to sort this out

 5   because I want to make sure it -- it -- Mr. Whitney and

 6   Ms. Zheng were under the impression that somehow this could be

 7   delayed, and they're not prepared to do it and he didn't

 8   interview.  I don't want to cut him off because, I mean, he

 9   does have a right to a detention hearing.

10      And I guess the other thing I need to straighten out,

11   I don't have this Interstate Agreement on Detainers Act come

12   up very often, and I know it's the anti-shuttling statute.

13      This document you submitted, Ms. Zheng, as I

14   understand it, your defendant waived his right to stay in

15   temporary federal custody.  So that just means it would be

16   possible for him to be transferred back to state custody, but

17   I don't know that he has a right to be transferred back to

18   state custody.  And if that's your position, you're going to

19   have to file some type of motion, and I'll get everybody to

20   brief me on that.  Because as I understand this act, it's just

21   set up so that, you know, a person doesn't get shuttled back

22   and forth, back and forth, you know, but I don't think, just

23   because you're waiving that, means he has to go back to state

24   custody.  I need briefing on that before I could go that way.

25      **MS. ZHENG:**  Would the Court be willing to grant me a

1   continuance to do that?  I don't -- I can provide some

2   briefing as to the issue.

3           **THE COURT:**  Right.  And then if it -- and you might

4   also want to have your client interview if you really want to

5   try to get him released.  Because I -- I don't see how I could

6   release him if he doesn't interview with -- with everything

7   else that I have in front of me right now.

8           So I can give you up to a five-day continuance --

9           **MS. ZHENG:**  Sure.

10          **THE COURT:**  -- and you can -- you know, you can try

11  and figure out which way you want to go with this.  All right?

12  Okay.

13          **MS. ZHENG:**  If the Court would please grant me a

14  five-day continuance so that I would be able to do some

15  briefing, and I'll contact the pretrial officer again and

16  speak to Mr. Whitney.

17          **THE COURT:**  All right.  Well, I mean, Mr. Cowhig,

18  does the Government have any -- want to take any position on

19  this?  I mean, she has a right to a five-day continuance under

20  the Bail Reform Act, but I'll hear from you --

21          **MR. COWHIG:**  No, Your Honor.  I think it -- I think

22  it would be appropriate to -- to grant the continuance, and if

23  Mr. Whitney wanted to interview at this juncture, that he be

24  allowed to do so.

25          **THE COURT:**  Right.  I think that's right because he

1   does have a right to a detention hearing, and -- and just make

2   sure, now that we have on the record what -- what happened up

3   to this point, I think that's a good idea.

4           So what -- what -- what do we have for a date and

5   time?

6           **COURTROOM ADMINISTRATOR:**  [Indiscernible].

7           **THE COURT:**  Yeah, Friday's five days.  Yeah.

8           **COURTROOM ADMINISTRATOR:**  [Indiscernible].

9           **THE COURT:**  It's five business days.

10          **COURTROOM ADMINISTRATOR:**  So it would be Friday,

11  January 29th at 10:00 o'clock a.m.

12          **THE COURT:**  Okay.  So, Mr. Whitney, just so you know,

13  your attorney has asked for a continuance on your behalf, and

14  you're entitled to it and I'm granting it.  But that does, of

15  course, mean you'll remain temporarily detained until we can

16  hold your detention hearing, certainly until then, next

17  Friday.  You understand?

18          **THE DEFENDANT:**  Yes.

19          **THE COURT:**  Okay.  All right.  Let's see.  I've given

20  you the dates.

21          Oh, I have to do this one last thing.  Hold on.

22          Under federal law, including Rule 5(f) of the Federal

23  Rules of Criminal Procedure, the Supreme Court decision in

24  *Brady versus Maryland* and all applicable decisions

25  interpreting *Brady*, the Government is ordered to disclose to

```
 1    the defendant in a timely manner all information or evidence

 2    known to the Government that is either, one, relevant to the

 3    defendant's guilt or punishment; or, two, favorable to the

 4    defendant on the issue of guilt or punishment.

 5            The consequences for violating this order or the

 6    Government's obligation under *Brady* include, but are not

 7    limited to, the following:  Contempt, sanction, referral to a

 8    disciplinary authority, adverse jury instruction, exclusion of

 9    evidence, and dismissal of charges.  A written order will

10    follow.

11            Okay.  Everybody have a good and safe weekend,

12    please.

13            **MR. COWHIG:**  I'm sorry to interrupt, Your Honor.

14            **THE COURT:**  Oh.

15            **MR. COWHIG:**  I may have been distracted.  Did you

16    order -- issue a temporary detention order pending our hearing

17    next week?

18            **THE COURT:**  Right.  Yes.  Yeah, I -- I did.  I mean,

19    that happens --

20            **MR. COWHIG:**  Thank you, Your Honor.

21            **THE COURT:**  -- automatically.  That happens

22    automatically.  I explained it to the defendant.  Okay?

23            **MR. COWHIG:**  Thank you, Your Honor.

24            **THE COURT:**  Thank you.  Bye-bye.

25        *(Proceedings adjourned at 2:46 p.m.)*
```

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR, CCR #914

1                              * * * * *

2          I, AMBER M. McCLANE, court-appointed transcriber, certify

3     that the foregoing is a correct transcript transcribed from

4     the official electronic sound recording of the proceedings in

5     the above-entitled matter.

6

7     /s/ ___*Amber M. McClane*___      5/1/2023

8          AMBER MCCLANE, RPR, CRR, CCR #914       Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  **YI LIN ZHENG, ESQ.**
2  Nevada Bar No. 10811
   VEGAS GOLDEN LAW
3  2801 S Valley View Blvd, Ste 16
   Las Vegas, Nevada 89102-0168
4  Phone: (702) 385-7170
5  VegasGoldenLaw@gmail.com
   Attorney for Defendant
6

FILED / ENTERED — RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 22 2021

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

7                **UNITED STATES DISTRICT COURT**

8                   **DISTRICT OF NEVADA**

9  UNITED STATES OF AMERICA,      )   Case No.: 2:21-cr-00002-JAD-NJK-1
                                  )
10             Plaintiff,         )
                                  )   **DEFENDANT'S      WAIVER      OF**
11  vs.                           )   **TEMPORARY RIGHT TO CUSTODY**
                                  )   **UNDER       THE       INTERSTATE**
12  STEPHON WHITNEY,              )   **AGREEMENT ON DETAINER'S ACT**
                                  )
13             Defendant.         )
                                  )
14  _____)

15        I, STEPHON WHITNEY, acknowledge my rights as provided by the Interstate Agreement

16  on Detainer's Act. As a prisoner already incarcerated in another jurisdiction, the "anti-shuttling"

17  provision of the Interstate Agreement on Detainer's Act, 18 U.S.C. app. 2, Art. IV(e), entitles me to

18  temporary custody in the federal system so that prosecution against me for federal charges may be

19  had. I understand that the federal government must not return me to my original place of

20  imprisonment prior to trial. Thus, having been duly informed of these rights, I hereby waive my right

21  to temporary federal custody in a suitable jail or other facility. Instead, I invoke the right to await

22  federal prosecution in state custody.

23  DATED THIS 13th DAY OF January, 2021

24

25

26

27  Signed by Yi Lin Zheng, Esq. as directed by
    DEFENDANT, STEPHON WHITNEY

28

1             **UNITED STATES DISTRICT COURT**
               **DISTRICT OF NEVADA**

2

3   UNITED STATES OF AMERICA,        Case No.: 2:21-cr-2-JAD-NJK

4            Plaintiff,                **Writ of Habeas Corpus**
                                 **Ad Prosequendum for**

5        v.                        **STEPHON JAMES WHITNEY**
                                 **(ID # 2647736)**

6   STEPHON JAMES WHITNEY,
   a.k.a. Stephone James Whitney,

7   a.k.a. Steff Bizzle,
   a.k.a. Stef B,

8

9           Defendant

10

11   TO:    WARDEN,
          SOUTHERN DESERT CORRECTIONAL CENTER

12        LAS VEGAS, NEVADA
          UNITED STATES MARSHAL FOR THE DISTRICT OF

13        NEVADA AND ANY OTHER UNITED STATES MARSHAL

14                G R E E T I N G S

15      WE COMMAND that you have the body of STEPHON JAMES WHITNEY,

16 detained in the custody of the Warden, Southern Desert Correction Center, Las Vegas,

17 Nevada, before the United States District Court at the Lloyd D. George United States

18 Courthouse in Las Vegas, Nevada, on or about _IA/AP Tues 1/19/2021_ at the hour of
                                              2:30 p.m., VCF, 3D

19 _2:30 pm_ in Courtroom _3D_, for initial appearance regarding a Criminal Indictment and

20 from time to time and day to day thereafter, at such times and places as may be ordered and

21 directed by the Court entitled above, until STEPHON JAMES WHITNEY, is released and

22 discharged by the said Court; and that you shall thereafter return STEPHON JAMES

23

24

1    WHITNEY, to the custody of the Warden, Southern Desert Correction Center, Las Vegas,

2    Nevada, under safe and secure conduct, and have you then and there this writ.

3    DATED: January 5, 2021

4

5

6    HONORABLE NANCY J. KOPPE
     UNITED STATES MAGISTRATE JUDGE

7

8

9                                        CLERK OF COURT

10   Date: _ January 5, 2021

                                         _____
11                                       Signature of Clerk or Deputy Clerk

12

13

14

15

16

17

18

19

20

21

22

23

24

1   NICHOLAS A. TRUTANICH
United States Attorney
2   District of Nevada
Nevada Bar Number 13644
3   DANIEL J. COWHIG
Assistant United States Attorney
4   501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
5   (702) 388-6336
daniel.cowhig@usdoj.gov
6   *Attorneys for the United States*

```
            ┌─────────────────────────────────┐
            │ ___ FILED                        │
            │ ___ ENTERED      ___ RECEIVED    │
            │              ___ SERVED ON       │
            │         COUNSEL/PARTIES OF RECORD│
            │                                  │
            │          JAN - 5 2021            │
            │                                  │
            │      CLERK US DISTRICT COURT     │
            │        DISTRICT OF NEVADA        │
            │ BY:                              │
            │                       ___ DEPUTY │
            └─────────────────────────────────┘
```

7              UNITED STATES DISTRICT COURT
                  DISTRICT OF NEVADA
8

9   UNITED STATES OF AMERICA,           CRIMINAL INDICTMENT

10              Plaintiff,              Case No. 2:21-cr- *2 -JAD-NJK*

11      vs.                             VIOLATION:

12   STEPHON JAMES WHITNEY,             18 U.S.C. §§ 922(g)(1) and 924(a)(2) —
         a.k.a. Stephone James Whitney, Felon in Possession of a Firearm
13       a.k.a. Steff Bizzle,
         a.k.a. Stef B,
14
              Defendant.
15

16   THE GRAND JURY CHARGES THAT:

17                     COUNT ONE
              Felon in Possession of a Firearm
18             18 U.S.C. §§ 922(g)(1), 924(a)(2)

19   On or about September 2, 2020 in the State and Federal District of Nevada,

20              STEPHON JAMES WHITNEY,
              a.k.a. Stephone James Whitney,
21                 a.k.a. Steff Bizzle,
                    a.k.a. Stef B,
22

23

24                     **ER_587**
                          1

defendant herein, knowing he had previously been convicted of a crime punishable by

imprisonment for a term exceeding one year, that is: Possession of a Stolen Vehicle, in the

District Court of Nevada in Clark County, Nevada on or about July 16, 2009 in Case No.

C-19-340689; Possession of a Controlled Substance with Intent to Sell, in the District Court

of Nevada in Clark County, Nevada on or about July 16, 2009 in Case No. C-19-338650;

and First Degree Kidnapping, Conspiracy to Commit Robbery, and Robbery with a

Deadly Weapon, in the District Court of Nevada in Clark County, Nevada on or about

March 26, 2008 in Case No. C-236921, knowingly possessed a firearm, that is: a Canik

model TP9 SF Elite 9mm semiautomatic pistol bearing serial number 20BH02246, said

possession being in and affecting interstate commerce and said firearms having been

shipped and transported in interstate commerce, all in violation of Title 18, United States

Code, Sections 922(g)(1) and 924(a)(2).

### FORFEITURE ALLEGATION
Felon in Possession of a Firearm
18 U.S.C. §§ 922(g)(1) and 924(a)(2)

1.     The allegations of Count One of this Criminal Indictment are hereby realleged

and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18

U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c).

2.     Upon conviction of the felony offense charged in Count One of this Criminal

Indictment,

**STEPHON JAMES WHITNEY,**
**a.k.a. Stephone James Whitney,**
**a.k.a. Steff Bizzle,**
**a.k.a. Stef B,**

ER_588

1   defendant herein, shall forfeit to the United States of America, any firearm or ammunition

2   involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1):

3        a.   a Canik model TP9 SF Elite 9mm semiautomatic pistol bearing serial

4            number 20BH02246;

5        b.   2 9mm magazines;

6        c.   100 9mm rounds; and

7        d.   any and all compatible ammunition.

8       All pursuant to 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(d)(1) with 28 U.S.C.

9   § 2461(c).

10       **DATED:** this 5th day of January, 2021.

11       **A TRUE BILL:**

12

13                                      /S/
                          FOREPERSON OF THE GRAND JURY

14

15   NICHOLAS A. TRUTANICH
   United States Attorney

16

17   By

18   DANIEL J. COWHIG
   Assistant United States Attorney

19   Attorneys for Plaintiff
   UNITED STATES OF AMERICA

20

21

22

23

24

1    YI LIN ZHENG, ESQ.
     Nevada Bar No. 10811
2    VEGAS GOLDEN LAW
     2801 S Valley View Blvd, Ste 16
3    Las Vegas, NV 89102
     Phone (702) 385-7170
4    Email: vegasgoldenlaw@gmail.com

5    Attorney for Stephon Whitney

6               **UNITED STATES DISTRICT COURT**

7                   **DISTRICT OF NEVADA**

8    UNITED STATES OF AMERICA,         Case No. 2:21-CR-002-JAD-NJK

9           Plaintiff,              **NOTICE OF APPEAL**

10        v.

11    STEPHON WHITNEY,

12           Defendant.

13

14         Notice is hereby given that STEPHON WHITNEY, the defendant, appeals to the

15   United States Court of Appeals for the Ninth Circuit, from the Judgement of Conviction and

16   Sentence imposed in the above-entitled case on December 5, 2022 (ECF No. 50).

17         DATED: December 13, 2022.

18

19

20                     By:   */s/ Yi Lin Zheng*

21                            Yi Lin Zheng
                              Attorney for Stephon Whitney

22

23

24

25

26

**SERVICE OF CERTIFICATE**

I certify that, on December 13, 2022, I electronically filed this Notice of Appeal with the Clerk of the Court for the United States District Court for the District of Nevada through the CM/ECF system. Case participants registered to the CM/ECF system will be automatically served by the system. The following non-CM/ECF participants will be served by U.S. mail: Mr. Stephon Whitney.


//s// Andrew Wong
Employee of Vegas Golden Law

2

**ER_591**

CLOSED,APPEAL

# United States District Court
## District of Nevada (Las Vegas)
## CRIMINAL DOCKET FOR CASE #: 2:21–cr–00002–JAD–NJK–1

Case title: USA v. Whitney

Date Filed: 01/05/2021

Date Terminated: 12/13/2022

---

Assigned to: Judge Jennifer A. Dorsey
Referred to: Magistrate Judge Nancy J. Koppe

Appeals court case number: 22–10326 Ninth Circuit

### Defendant (1)

**Stephon James Whitney**
*TERMINATED: 12/13/2022*
*also known as*
Stephone James Whitney
*TERMINATED: 12/13/2022*
*also known as*
Stef Bizzle
*TERMINATED: 12/13/2022*
*also known as*
Stef B
*TERMINATED: 12/13/2022*

represented by **Jeremy Charles Baron**
Federal Public Defenders
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
702–388–6577
Fax: 702–388–6419
Email: jeremy_baron@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: FPD*

**Yi Lin Zheng**
Vegas Golden Law
2801 S Valley View Blvd
Ste 16
Las Vegas, NV 89102–0168
702–385–7170
Fax: 702–385–2491
Email: VegasGoldenLaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:922(g)(1) and 924(a)(2) – Felon in Possession of a Firearm (1) | Sentenced 12/5/2022 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

# ER_592

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Daniel J. Cowhig** |
| | | U.S. Attorney's Office |
| | | 501 Las Vegas BLVD S |
| | | STE 1100 |
| | | Las Vegas, NV 89101−7071 |
| | | 702−388−5088 |
| | | Fax: 702−388−5087 |
| | | Email: daniel.cowhig@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: USA* |
| | | |
| | | **Daniel D. Hollingsworth** |
| | | U.S. Attorney's Office |
| | | 501 Las Vegas Blvd So |
| | | Suite 1100 |
| | | Las Vegas, NV 89101− |
| | | Email: Daniel.Hollingsworth@usdoj.gov |
| | | *TERMINATED: 02/25/2022* |
| | | *Designation: Retained* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2021 | | Case randomly assigned to Judge Jennifer A. Dorsey and Magistrate Judge Nancy J. Koppe. (AF) (Entered: 01/05/2021) |
| 01/05/2021 | 1 | INDICTMENT as to Stephon James Whitney (1) count(s) 1. (JM) (Entered: 01/05/2021) |
| 01/05/2021 | 2 | AO 257 to 1 Indictment as to Stephon James Whitney. (JM) (Entered: 01/05/2021) |
| 01/05/2021 | 4 | Order Granting Petition for Writ of Habeas Corpus ad Prosequendum as to Stephon James Whitney. Signed by Magistrate Judge Nancy J. Koppe on 1/5/2021. (Copies have been distributed pursuant to the NEF – JM) (Entered: 01/05/2021) |
| 01/05/2021 | 5 | WRIT of Habeas Corpus ad Prosequendum issued as to Defendant Stephon James Whitney by Magistrate Judge Nancy J. Koppe. Initial Appearance/ Arraignment and Plea set for 1/19/2021 at 02:30 PM in LV Courtroom 3D before Magistrate Judge Cam Ferenbach. (JM – cc: USM) (Entered: 01/05/2021) |
| 01/05/2021 | 6 | MINUTES OF PROCEEDINGS – Grand Jury Return as to Stephon James Whitney held on 1/5/2021 before Magistrate Judge Nancy J. Koppe. Crtrm Administrator: *Araceli Bareng*; AUSA: *Allison Reese*; Court Reporter/Recorder: *Natasha Bachman*; Time of Hearing: *11:30 – 11:35 a.m.*; Courtroom: *3C*; Warrant to issue.Writ to issue. I/A & A/P set for 1/19/2021 2:30 p.m. in Courtroom 3D. (Copies have been distributed pursuant to the NEF – JM) (Entered: 01/05/2021) |
| 01/22/2021 | 7 | MINUTES OF PROCEEDINGS – Initial Appearance/Arraignment & Plea as to Stephon James Whitney held on 1/22/2021 before Magistrate Judge Cam Ferenbach. Crtrm Administrator: *T. Renfro*; AUSA: *Daniel Cowhig*; Def Counsel: *Yi Lin Zheng*; PTS: *Jessie Moorehead*; Recording start and end times: *2:34 – 2:46 PM*; Courtroom: *3D*;<br><br>The Court canvasses the Defendant regarding appearing via videoconference, and the Defendant consents to doing so. All parties appeared via videoconference. Defendant is present in custody with counsel. Financial Affidavit filed. CJA panel attorney is appointed as defense counsel. Defendant is arraigned on Indictment. Defendant pleads NOT GUILTY to count 1. Order regarding Pretrial Procedure is entered and copies are served on counsel in open court. The U.S. Probation Office is directed to prepare a |

**ER_593**

report detailing the defendant's criminal history, if any. The Court issues an oral order to the parties confirming the United States' *Brady* obligations. Government seeks detention, defense counsel requests a continuance of the detention hearing. Defendant is temporarily remanded to custody pending detention hearing.M

Calendar Call set for 3/15/2021 at 01:30 PM in LV Courtroom 6D before Judge Jennifer A. Dorsey. Jury Trial set for 3/23/2021 at 09:00 AM in LV Courtroom 6D before Judge Jennifer A. Dorsey.

Detention Hearing set for 1/29/2021 at 10:00 AM in LV Courtroom 3D by videoconference before Magistrate Judge Cam Ferenbach.

**(no image attached)** (Copies have been distributed pursuant to the NEF – TR) (Entered: 01/22/2021)

| Date | No. | Description |
|---|---|---|
| 01/22/2021 | 8 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Cam Ferenbach, as to Stephon James Whitney on 1/22/2021.<br><br>Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government that is relevant to the guilt or punishment of a defendant, including, but not limited to, exculpatory evidence.<br><br>Accordingly, the Court Orders the government produce to the defendant in a timely manner all information or evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment.<br><br>This Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. **(no image attached)** (Copies have been distributed pursuant to the NEF – MR) (Entered: 01/25/2021) |
| 01/22/2021 | 10 | ORDER APPOINTING COUNSEL as to Stephon James Whitney. CJA Yi Lin Zheng appointed as counsel for Defendant. Please see LCR 17–1(c) re the issuance of subpoenas. Signed by Magistrate Judge Cam Ferenbach on 1/22/2021. (Copies have been distributed pursuant to the NEF – DRS) (Entered: 01/25/2021) |
| 01/22/2021 | 11 | WAIVER of right to temporary federal custody under Interstate Agreement on Detainers Act by Stephon James Whitney. (DRS) (Entered: 01/25/2021) |
| 01/22/2021 | 12 | ORDER Scheduling Detention Hearing – ( Detention Hearing set for 1/29/2021 at 10:00 AM in LV Courtroom 3D before Magistrate Judge Cam Ferenbach.) Signed by Magistrate Judge Cam Ferenbach on 1/22/2021. (Copies have been distributed pursuant to the NEF – DRS) (Entered: 01/25/2021) |
| 01/22/2021 | 13 | ORDER REGARDING PRETRIAL PROCEDURE as to Stephon James Whitney. Responses to motions to be filed and served within 14 calendar days from the date of service of the motion, and reply brief to be served within 7 calendar days from the date of service of the response. Motions due by 2/21/2021. Signed by Magistrate Judge Cam Ferenbach on 1/22/2021. (Copies have been distributed pursuant to the NEF – DRS) (Entered: 01/25/2021) |
| 01/26/2021 | 14 | Arrest Warrant Returned Executed on 1/22/21 in case as to Stephon James Whitney re 3 Warrant Issued. (JQC) (Entered: 01/26/2021) |
| 01/28/2021 | 15 | MEMORANDUM by Stephon James Whitney re 11 Waiver of Interstate Agreement on Detainers Act. (Zheng, Yi Lin) (Entered: 01/28/2021) |
| 01/29/2021 | 16 | MINUTES OF PROCEEDINGS – Detention Hearing as to Stephon James Whitney held on 1/29/2021 before Magistrate Judge Cam Ferenbach. Crtrm Administrator: *T. Renfro*; AUSA: *Daniel Cowhig*; Def Counsel: *Yi Lin Zheng*; PTS: *Jessie Moorehead*; Recording start and end times: *10:07 – 10:50 AM*; Courtroom: *3D*; |

| | | |
|---|---|---|
| | | The Court canvasses the Defendant regarding appearing via videoconference, and the Defendant consents to doing so. All parties appeared via videoconference. Defendant is present in custody with counsel. The Court makes preliminary remarks and hears representations of counsel. Government seeks detention and the court hears arguments. ORDERED defendant is DETAINED. FURTHER ORDERED that the authorities that have federal custody of the defendant and authorities in the state should try to work out a way to get him back to state custody before his parole hearing or that the authorities explore the possibility of the defendant appearing via video conference from Pahrump for his parole hearing. The defendant waives his right to the time frames under the interstate compact. Defendant is remanded to custody.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF – TR) (Entered: 01/29/2021) |
| 01/29/2021 | 17 | ORDER OF DETENTION as to Stephon James Whitney. Defendant shall be detained pending trial. Signed by Magistrate Judge Cam Ferenbach on 1/29/2021. (Copies have been distributed pursuant to the NEF – DRS) (Entered: 01/29/2021) |
| 02/04/2021 | 18 | Government's Disclosure Statement by USA as to Stephon James Whitney.. (Cowhig, Daniel) (Entered: 02/04/2021) |
| 02/17/2021 | 19 | Joint STIPULATION TO CONTINUE (First Request) *PRETRIAL MOTION DEADLINES, CALENDAR CALL AND TRIAL DATE* by Stephon James Whitney. (Zheng, Yi Lin) (Entered: 02/17/2021) |
| 02/23/2021 | 20 | ORDER TO CONTINUE – Ends of Justice – granting 19 Stipulation as to Stephon James Whitney. This continuance is excludable under the Speedy Trial Act and the time has been excluded. Jury Trial reset for 8/24/2021 at 09:00 AM in LV Courtroom 6D before Judge Jennifer A. Dorsey. Calendar Call reset for 8/16/2021 at 01:30 PM in LV Courtroom 6D before Judge Jennifer A. Dorsey. Exhibit List due by 8/16/2021. Proposed Voir Dire due by 8/16/2021. Proposed Jury Instructions due by 8/16/2021. Trial Briefs due by 8/16/2021. Signed by Judge Jennifer A. Dorsey on 2/23/2021. (Copies have been distributed pursuant to the NEF – DC) (Entered: 02/23/2021) |
| 07/19/2021 | 21 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Jennifer A. Dorsey, as to Stephon James Whitney on 7/19/2021. By Deputy Clerk: Danielle Cacciabaudo.<br><br>The Court has resumed jury trials. As cases resolve or move off that trial stack, your placement on that stack will move up.<br><br>IT IS HEREBY ORDERED that trial counsel in this matter must appear on **Tuesday, August 3, 2021, at 10:00 a.m.** by Zoom video conferencing (the link will be provided shortly before the hearing) for a Master Trial Calendar Scheduling Conference with United States District Judge Richard F. Boulware, II for all remaining cases on the division–wide August 23rd/August 24th stack.<br><br>No plaintiffs or defendants will be present because all parties' presence is waived.<br><br>At that conference, Judge Boulware will announce the trial priority for the August 23rd/August 24th stack as of that date. Counsel is advised to confer immediately with their respective clients and each other about whether this case will be trial–ready for the trial stack and to take appropriate action.<br><br>Stipulations to continue matters on this stack must be filed before noon on Thursday, July 29, 2021, for counsel to be excused from an appearance at this Master Trial Calendar Scheduling Conference.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF – DC) (Entered: 07/19/2021) |
| 07/23/2021 | 22 | STIPULATION TO CONTINUE (Second Request) *PRETRIAL MOTION DEADLINES, CALENDAR CALL AND TRIAL DATE* by Stephon James Whitney. (Zheng, Yi Lin) (Entered: 07/23/2021) |
| 07/28/2021 | 23 | ORDER TO CONTINUE – Ends of Justice – granting 22 Stipulation as to Stephon James Whitney. This continuance is excludable under the Speedy Trial Act and the |

| | | |
|---|---|---|
| | | time has been excluded. Jury Trial reset for 1/25/2022 at 09:00 AM in LV Courtroom 6D before Judge Jennifer A. Dorsey. Calendar Call reset for 1/18/2022 at 01:30 PM in LV Courtroom 6D before Judge Jennifer A. Dorsey. Exhibit List due by 1/18/2022. Proposed Voir Dire due by 1/18/2022. Proposed Jury Instructions due by 1/18/2022. Trial Briefs due by 1/18/2022. <br><br> IT IS FURTHER ORDERED that the parties are excused from the Master Trial Scheduling Conference on August 3, 2021. <br><br> Signed by Judge Jennifer A. Dorsey on 7/28/2021. (Copies have been distributed pursuant to the NEF – DC) (Entered: 07/28/2021) |
| 12/13/2021 | 24 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Jennifer A. Dorsey, as to Stephon James Whitney on 12/13/2021. By Deputy Clerk: Danielle Cacciabaudo. <br><br> The Court has resumed jury trials. As cases resolve or move off that trial stack, your placement on that stack will move up. The master trial list is available on the court's website at  https://www.nvd.uscourts.gov/master–trial–list/. <br><br> IT IS HEREBY ORDERED that trial counsel in this matter must appear on Tuesday, January 4, 2022, at 10:00 a.m. by Zoom video conferencing (the link will be provided shortly before the hearing) for a Master Trial Calendar Scheduling Conference with United States District Judge Jennifer A. Dorsey for all remaining cases on the division–wide January 24th/January 25th trial stack. <br><br> No plaintiffs or defendants will be present because all parties' presence is waived. <br><br> At that conference, Judge Dorsey will announce the trial priority for the January 24th/January 25th trial stack as of that date. Counsel is advised to confer immediately with their respective clients and each other about whether this case will be trial–ready for the trial stack and to take appropriate action. <br><br> Stipulations to continue matters on this stack must be filed no later than  noon on Tuesday, December 28, 2021, The filing of a stipulation will automatically vacate the Master Trial Calendar Scheduling Conference and excuse the parties from attendance at the MTSC. <br><br> Counsel is reminded that this is a formal court proceeding and that proper courtroom attire is expected. <br><br> **(no image attached)** (Copies have been distributed pursuant to the NEF – DC) (Entered: 12/13/2021) |
| 12/28/2021 | 25 | STIPULATION TO CONTINUE (Third Request) re 23 Order to Continue – Ends of Justice,,,, Terminate Deadlines/Hearings,,, by USA as to Stephon James Whitney. (Cowhig, Daniel) (Entered: 12/28/2021) |
| 12/28/2021 | 26 | ORDER TO CONTINUE – Ends of Justice – granting 25 Stipulation as to Stephon James Whitney. This continuance is excludable under the Speedy Trial Act and the time has been excluded. Jury Trial reset for 5/24/2022 at 09:00 AM in LV Courtroom 6D before Judge Jennifer A. Dorsey. Calendar Call reset for 5/16/2022 at 01:30 PM in LV Courtroom 6D before Judge Jennifer A. Dorsey. Exhibit List due by 5/16/2022. Proposed Voir Dire due by 5/16/2022. Proposed Jury Instructions due by 5/16/2022. Trial Briefs due by 5/16/2022. Signed by Judge Jennifer A. Dorsey on 12/28/2021. (Copies have been distributed pursuant to the NEF – DC) (Entered: 12/28/2021) |
| 01/18/2022 | 27 | NOTICE *of Not Forfeiting Property* by USA as to Stephon James Whitney. (Hollingsworth, Daniel) (Entered: 01/18/2022) |
| 02/24/2022 | 28 | MOTION to Withdraw as Attorney by Daniel D. Hollingsworth. by USA as to Stephon James Whitney. (Hollingsworth, Daniel) (Entered: 02/24/2022) |
| 02/25/2022 | 29 | ORDER granting 28 Motion to Withdraw as Attorney. Daniel D. Hollingsworth withdrawn from case as to Stephon James Whitney (1). Signed by Magistrate Judge Nancy J. Koppe on 2/25/22. (Copies have been distributed pursuant to the NEF – HAM) (Entered: 02/25/2022) |

| 04/18/2022 | 30 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Jennifer A. Dorsey, as to Stephon James Whitney on 4/18/2022. By Deputy Clerk: Danielle Cacciabaudo. |
|---|---|---|
| | | The Court has resumed jury trials. As cases resolve or move off that trial stack, your placement on that stack will move up. The master trial list is available on the Court's website at https://www.nvd.uscourts.gov/master–trial–list/. |
| | | IT IS HEREBY ORDERED that trial counsel in this matter must appear on Tuesday, May 3, 2022, at 10:00 am by Zoom video conferencing (the link will be provided before the hearing) for a Master Trial Calendar Scheduling Conference with United States District Judge Jennifer A. Dorsey for all remaining cases on the division–wide May 23–24, 2022, trial stack. |
| | | No plaintiffs or defendants will be present because all parties' presence is waived. |
| | | At that conference, Judge Dorsey will announce the trial priority for the May 23–24, 2022, trial stack as of that date. Counsel is advised to confer immediately with their respective clients and each other about whether this case will be trial–ready for the trial stack and to take appropriate action. |
| | | Stipulations must be filed no later than Wednesday, April 27, 2022, to continue matters on this stack. The filing of a stipulation will automatically vacate the Master Trial Calendar Scheduling Conference and excuse the parties from attendance at the MTSC. |
| | | Counsel is reminded that this is a formal court proceeding and that proper courtroom attire is expected. |
| | | **(no image attached)** (Copies have been distributed pursuant to the NEF – DC) (Entered: 04/18/2022) |
| 04/28/2022 | 31 | Joint STIPULATION TO CONTINUE (Third Request) *CALENDAR CALL AND TRIAL DATE* 26 ORDER TO CONTINUE – Ends of Justice, by Stephon James Whitney. (Zheng, Yi Lin) Modified on 4/29/2022 to link document pursuant to LR IC 2–2(d) (SLD). (Entered: 04/28/2022) |
| 05/02/2022 | 32 | ORDER TO CONTINUE – Ends of Justice – granting 31 Stipulation as to Stephon James Whitney. This continuance is excludable under the Speedy Trial Act and the time has been excluded. Jury Trial reset for 7/26/2022 at 09:00 AM in LV Courtroom 6D before Judge Jennifer A. Dorsey. Calendar Call reset for 7/18/2022 at 01:30 PM in LV Courtroom 6D before Judge Jennifer A. Dorsey. Exhibit List due by 7/18/2022. Proposed Voir Dire due by 7/18/2022. Proposed Jury Instructions due by 7/18/2022. Trial Briefs due by 7/18/2022. Signed by Judge Jennifer A. Dorsey on 5/2/2022. (Copies have been distributed pursuant to the NEF – DC) (Entered: 05/02/2022) |
| 06/01/2022 | 33 | NOTICE *of Intent to Plead Guilty* by Stephon James Whitney. (Zheng, Yi Lin) (Entered: 06/01/2022) |
| 06/01/2022 | 34 | MEMORANDUM *in Support of Guilty Plea without a Plea Agreement* by Stephon James Whitney re 33 Notice (Other). (Zheng, Yi Lin) (Entered: 06/01/2022) |
| 06/08/2022 | 35 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Jennifer A. Dorsey, as to Stephon James Whitney on 6/8/2022. By Deputy Clerk: Danielle Cacciabaudo. |
| | | Based on the defendant's notice of intent to plead guilty 33 and memorandum 34 , IT IS ORDERED that a Change of Plea Hearing is set for 6/21/2022 at 02:00 PM in LV Courtroom 6D before Judge Jennifer A. Dorsey. This hearing will be conducted in person. |
| | | **(no image attached)** (Copies have been distributed pursuant to the NEF – DC) (Entered: 06/08/2022) |
| 06/13/2022 | 36 | MEMORANDUM *in Support of Guilty Plea Without a Plea Agreement* by USA as to Stephon James Whitney re 33 Notice (Other), 34 Memorandum, 35 Minute Order Setting Hearing,. (Attachments: # 1 Exhibit A. JOC and Extracts C–236921, # 2 Exhibit B. JOC and Extracts C–19–388650, # 3 Exhibit C. Declaration of Arrest |

**ER_597**

| | | |
|---|---|---|
| | | Report LLV200900007194, # 4 Exhibit D. Images from LLV200900007194, # 5 Exhibit E. Whitney Voluntary Statement, # 6 Exhibit F. Forensic Report – DNA, # 7 Exhibit G. Firearms Trace Summary – Canik TP9SF, # 8 Exhibit H. ATF 4473 Canik TP9SF, # 9 Exhibit I. Nexus Determination Canik TP9SF)(Cowhig, Daniel) (Entered: 06/13/2022) |
| 06/21/2022 | 37 | MINUTES OF PROCEEDINGS – Change of Plea as to Stephon James Whitney held on 6/21/2022 before Judge Jennifer A. Dorsey. Crtrm Administrator: *Danielle Cacciabaudo*; AUSA: *Dan Cowhig*; Def Counsel: *Yi Lin Zheng*; Court Reporter/Recorder: *Amber McClane*; Time of Hearing: *2:03 p.m. – 2:23 p.m.*; Courtroom: *6D*;<br><br>Defendant is present in custody. Defendant is sworn and canvassed. Defendant pleads GUILTY to count 1 of the Indictment without a written plea agreement. Court accepts the guilty plea. This matter is referred to the probation department for investigation and report. Trial setting as to this defendant is vacated. Court adjourns. Defendant is remanded to custody.<br><br>**Sentencing and disposition set for 9/19/2022 at 03:00 PM in LV Courtroom 6D before Judge Jennifer A. Dorsey.**<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF – DC) (Entered: 06/21/2022) |
| 06/21/2022 | 38 | NOTICE to contact the U.S. Probation Office as to Stephon James Whitney. (DC) (Entered: 06/21/2022) |
| 08/30/2022 | 39 | STIPULATION TO CONTINUE (First Request) *Sentencing* by Stephon James Whitney. (Zheng, Yi Lin) (Entered: 08/30/2022) |
| 08/30/2022 | 40 | ORDER granting 39 Stipulation as to Stephon James Whitney (1). Sentencing and disposition reset for 11/7/2022 at 11:00 AM in LV Courtroom 6D before Judge Jennifer A. Dorsey. Signed by Judge Jennifer A. Dorsey on 8/30/2022. (Copies have been distributed pursuant to the NEF – DC) (Main Document 40 replaced on 8/30/2022) (DC). (Entered: 08/30/2022) |
| 10/28/2022 | 41 | SENTENCING MEMORANDUM by Stephon James Whitney. (Attachments: # 1 Exhibit A: LVMPD Property Report, # 2 Exhibit B: Photo of Monies Seized, # 3 Exhibit C: Source of Funds Emails, # 4 Exhibit D: Check Issued Emails, # 5 Exhibit E: State Probation Revocation Transcript, # 6 Exhibit F: Whitney's Voluntary Statement)(Zheng, Yi Lin) (Entered: 10/28/2022) |
| 11/01/2022 | 42 | SUPPLEMENT to 41 Sentencing Memorandum, by Stephon James Whitney . (Attachments: # 1 Exhibit G–N: Letters in Support)(Zheng, Yi Lin) (Entered: 11/01/2022) |
| 11/03/2022 | 43 | RESPONSE to 41 Sentencing Memorandum,, by USA as to Stephon James Whitney. . (Cowhig, Daniel) (Entered: 11/03/2022) |
| 11/04/2022 | 44 | EXHIBIT *S a thru E* to 43 Response to Sentencing Memorandum, by USA as to Stephon James Whitney. (Attachments: # 1 Exhibit A. Amended Judgment in 17F06735X, # 2 Exhibit B. Probable Cause Arrest Documents, Etc., # 3 Exhibit C. Motion to Amend the Judgment, # 4 Exhibit D. Minute Order Amending the Judgment, # 5 Exhibit E. Second Minute Order Amending the Judgment)(Cowhig, Daniel) (Entered: 11/04/2022) |
| 11/07/2022 | 45 | MINUTES OF PROCEEDINGS – Sentencing and Disposition as to Stephon James Whitney held on 11/7/2022 before Judge Jennifer A. Dorsey. Crtrm Administrator: *Danielle Cacciabaudo*; AUSA: *Dan Cowhig*; Def Counsel: *Yi Lin Zheng*; USPO: *Sunny Cascio for Michelle Cravotta*; Court Reporter/Recorder: *Amber McClane*; Time of Hearing: *11:02 a.m. – 12:38 p.m.*; Courtroom: *6D*;<br><br>Defendant is present in custody.<br><br>**JOSH COSTELLO is sworn and testifies on direct examination on behalf of the Government. EXHIBITS 1–18 are admitted. Cross examination is conducted. Redirect is conducted. Recross is conducted. Witness is excused.** |

| | | |
|---|---|---|
| | | Sentencing arguments regarding enhancements are presented. Court adjourns. Defendant is remanded to custody.<br><br>**Sentencing and disposition continued to 12/5/2022 at 01:30 PM in LV Courtroom 6D before Judge Jennifer A. Dorsey.**<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF – DC) (Entered: 11/10/2022) |
| 11/07/2022 | 46 | EXHIBIT LIST on behalf of the Government as to Stephon James Whitney. (DC) (Entered: 11/10/2022) |
| 11/30/2022 | 47 | SUPPLEMENT to 41 Sentencing Memorandum, 42 Supplement by Stephon James Whitney . (Attachments: # 1 Exhibit O: Letter of Good Standing, # 2 Exhibit P: Certificates of Completion)(Zheng, Yi Lin) (Entered: 11/30/2022) |
| 12/05/2022 | 48 | MINUTES OF PROCEEDINGS – Continued Sentencing and Disposition as to Stephon James Whitney held on 12/5/2022 before Judge Jennifer A. Dorsey. Crtrm Administrator: *S. Rivera*; AUSA: *Daniel Cowhig*; Def Counsel: *Yi Lin Zheng*; USPO: *Michelle Cravotta*; Court Reporter/Recorder: *Amber McClane*; Time of Hearing: *1:36 pm – 3:16 pm*; Courtroom: *6D*;<br><br>Defendant is present in custody. Objections to the PSR are addressed. Sentencing arguments are presented. Defendant and members of his family addressed the court. Defendant's Demonstrative Exhibit A is admitted. Sentence is imposed as to count 1 of the Indictment 1 . The Court Grants a downward variance pursuant to 18 U.S.C. § 3553(a). Defendant is advised of right to file an appeal. Court adjourns. Defendant is remanded to custody.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF – SLR) (Entered: 12/05/2022) |
| 12/05/2022 | 49 | DEMONSTRATIVE EXHIBIT A at sentencing by Stephon James Whitney (SLR) (Entered: 12/05/2022) |
| 12/13/2022 | 50 | JUDGMENT as to Stephon James Whitney (1), count 1, sentenced 12/5/2022. Defendant remanded. Custody for 54 months concurrent to revocation sentence in NV. Case No. C338650. 3 years supervised release with special conditions. $100.00 assessment. Signed by Judge Jennifer A. Dorsey on 12/13/2022. (Copies have been distributed pursuant to the NEF – DC) (Entered: 12/13/2022) |
| 12/13/2022 | 51 | NOTICE OF APPEAL by Stephon James Whitney re 50 Judgment, E–mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. (Zheng, Yi Lin) (Entered: 12/13/2022) |
| 12/13/2022 | 52 | Designation of Transcripts and Transcript Order forms and instructions for 51 Notice of Appeal as to Stephon James Whitney. The forms may also be obtained on the Court's website at www.nvd.uscourts.gov. (DRS) (Entered: 12/13/2022) |
| 12/14/2022 | 53 | USCA ORDER for Time Schedule as to 51 Notice of Appeal filed by Stephon James Whitney. **USCA Case Number 22–10326.** (JQC) (Entered: 12/14/2022) |
| 12/14/2022 | 54 | ORDER of USCA as to Stephon James Whitney re 51 Notice of Appeal. Authority for the District of Nevada are required to appoint new counsel within 14 days of the Order. (cc: CJA Resource Counsel –JQC). Modified on 12/15/2022 – Added text – (JQC). (Entered: 12/14/2022) |
| 12/15/2022 | 55 | ORDER APPOINTING COUNSEL as to Stephon James Whitney. FPD Jeremy Charles Baron for Stephon James Whitney appointed as counsel, Subpoenas issued upon request, with exception to out–of–state subpoenas which will require court approval. Signed by Judge Jennifer A. Dorsey on 12/15/2022. (Copies have been distributed pursuant to the NEF – DC) (Entered: 12/15/2022) |
| 01/05/2023 | 56 | TRANSCRIPT DESIGNATION by Stephon James Whitney re 51 Notice of Appeal, 45 Sentencing,,,, 37 Change of Plea,, 7 Initial/ Arraignment & Plea,,,,, 48 Sentencing,,, 16 Detention Hearing,,,,. (Baron, Jeremy) (Entered: 01/05/2023) |

**ER_599**

| 03/22/2023 | 57 | ORDER of USCA as to Stephon James Whitney re 51 Notice of Appeal. (JQC) (Entered: 03/22/2023) |
|---|---|---|
| 05/01/2023 | 58 | TRANSCRIPT of Proceedings, 37 Change of Plea as to Stephon James Whitney held on 6/21/2022 before Judge Jennifer A. Dorsey. Court Reporter: Amber McClane, AM@nvd.uscourts.gov. Reporting start and end times: 2:02 p.m. – 2:22 p.m. Any Redaction Request is due by 5/22/2023. Redacted Transcript Deadline is set for 6/1/2023. Release of the Transcript Restriction is set for 7/30/2023. Before release date, the transcript may be viewed at the court public terminal or purchased through the court reporter. Transcript Order form is available on court website. After that date it may be obtained through the court reporter or PACER. (AMM) (Entered: 05/01/2023) |
| 05/01/2023 | 59 | TRANSCRIPT of Proceedings, 45 Sentencing, Day 1, as to Stephon James Whitney held on 11/7/2022 before Judge Jennifer A. Dorsey. Court Reporter: Amber McClane, AM@nvd.uscourts.gov. Reporting start and end times: 11:02 a.m. – 12:38 p.m. Any Redaction Request is due by 5/22/2023. Redacted Transcript Deadline is set for 6/1/2023. Release of the Transcript Restriction is set for 7/30/2023. Before release date, the transcript may be viewed at the court public terminal or purchased through the court reporter. Transcript Order form is available on court website. After that date it may be obtained through the court reporter or PACER. (AMM) (Entered: 05/01/2023) |
| 05/01/2023 | 60 | TRANSCRIPT of Proceedings, 48 Sentencing, Day 2, as to Stephon James Whitney held on 12/5/2022 before Judge Jennifer A. Dorsey. Court Reporter: Amber McClane, AM@nvd.uscourts.gov. Reporting start and end times: 1:37 p.m. – 3:16 p.m. Any Redaction Request is due by 5/22/2023. Redacted Transcript Deadline is set for 6/1/2023. Release of the Transcript Restriction is set for 7/30/2023. Before release date, the transcript may be viewed at the court public terminal or purchased through the court reporter. Transcript Order form is available on court website. After that date it may be obtained through the court reporter or PACER. (AMM) (Entered: 05/01/2023) |
| 05/01/2023 | 61 | TRANSCRIPT of Proceedings, 7 Initial/ Arraignment & Plea as to Stephon James Whitney held on 1/22/2021 before Magistrate Judge Cam Ferenbach. Court [Reporter] Transcriber: Amber McClane, AM@nvd.uscourts.gov. Recording start and end times: 2:34 p.m. – 2:46 p.m. Any Redaction Request is due by 5/22/2023. Redacted Transcript Deadline is set for 6/1/2023. Release of the Transcript Restriction is set for 7/30/2023. Before release date, the transcript may be viewed at the court public terminal or purchased through the court [reporter] transcriber. Transcript Order form is available on court website. After that date it may be obtained through the court reporter or PACER. (AMM) (Entered: 05/01/2023) |
| 05/01/2023 | 62 | TRANSCRIPT of Proceedings, 16 Detention Hearing as to Stephon James Whitney held on 1/29/2021 before Magistrate Judge Cam Ferenbach. Court [Reporter] Transcriber: Amber McClane, AM@nvd.uscourts.gov. Recording start and end times: 10:07 a.m. – 10:36 a.m.; 10:50 a.m. – 10:50 a.m. Any Redaction Request is due by 5/22/2023. Redacted Transcript Deadline is set for 6/1/2023. Release of the Transcript Restriction is set for 7/30/2023. Before release date, the transcript may be viewed at the court public terminal or purchased through the court [reporter] transcriber. Transcript Order form is available on court website. After that date it may be obtained through the court reporter or PACER. (AMM) (Entered: 05/01/2023) |
| 05/04/2023 | 63 | LETTER from Stephon James Whitney. (JQC) (Entered: 05/05/2023) |

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** 22-10326

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[✓] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Stephon Whitney, #26534-509
FCI Victorville Medium I
P.O. BOX 3725
Adelanto, CA 92301

**Description of Document(s)** *(required for all documents)*:

APPELLANT STEPHON JAMES WHITNEY'S
EXCERPTS OF RECORD VOLUMES I, II & III

**Signature** s/ Jeremy C. Baron          **Date** August 11, 2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 15**                                    *Rev. 12/01/18*
**ER_601**