**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. STEPHON JAMES WHITNEY, AKA Stef B, AKA Stef Bizzle, AKA Stephone James Whitney, Defendant-Appellant. | No. 22-10326 D.C. No. 2:21-cr-00002-JAD-NJK-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 5, 2024
Las Vegas, Nevada

Before: M. SMITH, BENNETT, and COLLINS, Circuit Judges.

Defendant-Appellant Stephon Whitney appeals his conviction, sentence, and certain conditions of supervised release. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We affirm Whitney's conviction and affirm his sentence in large part except as to the limited issues the parties agree warrant vacatur and remand.

1. The district court did not err in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). The record supports the district court's conclusion that Whitney owned the gun and possessed the marijuana with intent to distribute. Detectives found around a half pound of marijuana in Whitney's apartment, a quantity inconsistent with personal use. In Whitney's bedroom, investigators found a loaded gun with an additional magazine, and several thousand dollars in cash hidden in the headboard of his bed. Outside the bedroom, detectives found a digital scale; small, clear bags; and two boxes of ammunition containing seventy rounds. After initially denying responsibility, Whitney stated "[a]ll that belong to me. Everything." Against this evidence, Whitney offers only a series of strained inferences and his fiancée's inconsistent account that the contraband belonged to her. The district court was well within its discretion in rejecting Whitney's version of events. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

The record also supports the district court's conclusion that Whitney possessed the gun "in connection" with the drug offense. *See* U.S.S.G. § 2K2.1(b)(6)(B). Contrary to Whitney's contention, the district court did not rely

2

solely on the proximity of the gun to the drugs and other indicia of drug trafficking in making its determination. Rather, the district court found that "the totality of the facts, when combined with the reasonable logical inferences from those facts," proved that Whitney possessed the gun in connection with the drug offense, citing "[t]he quantities, how the pot was stored, the baggies, the scale, and the cash stashed with the handgun, *and* the proximity of all of these items to one another in this small apartment" (emphasis added). The district court reasonably inferred that the purpose of the gun was to protect the stash of cash and drugs in the bedroom. That inference was not error.

2. The district court correctly determined Whitney's criminal history category. The court did not err in counting a prior conviction for cocaine possession towards Whitney's criminal history score. Although a state court set aside Whitney's cocaine possession conviction in favor of an amended loitering offense, it was not "expunged" within the meaning of the guidelines. *See* U.S.S.G. § 4A1.2(j) (excluding "expunged" convictions from inclusion in criminal history category calculations). Application note 10 to that section states that convictions that are "set aside" or for which the defendant has been pardoned "for reasons unrelated to innocence or errors of law" nonetheless count towards a defendant's criminal history score. U.S.S.G. § 4A1.2(j) cmt. n.10. Whitney does not contest that his conviction was amended for reasons other than legal error or actual innocence, and the arrest

3

documents and criminal complaint are consistent with Whitney's commission of cocaine possession. *Cf. United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) ("State courts cannot be given the authority to change a defendant's federal sentence by issuing a ruling that alters history and the underlying facts."). The district court was therefore correct to count the cocaine possession conviction.

Nor did the court err in including Whitney's misdemeanor conviction for failure to register his address as a felon, driving without a license, and driving without proof of insurance towards his criminal history score. Whitney failed to object to this one-point increase at sentencing, so plain error review applies. *See United States v. Alvirez*, 831 F.3d 1115, 1121 (9th Cir. 2016). Under U.S.S.G. § 4A1.2(c)(1), convictions for certain enumerated offenses are not counted unless the defendant received a sentence of more than a year's probation or thirty days' imprisonment. The listed offenses include "driving without a license or with a revoked or suspended license" and "false information to a police officer." *Id.* (cleaned up). The provision applies to the listed offenses, as well as other unenumerated offenses that are "similar to" a listed offense. *Id.* When deciding whether an unenumerated offense is similar to a listed offense, "the court should use a common sense approach" that considers, *inter alia*, "the perceived seriousness of the offense," "the level of culpability involved," and "the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct." *Id.*

4

cmt. n.12(A). Although driving without a license is specifically excluded, and although Whitney is likely correct that driving without proof of insurance is similar to driving without a license, a felon's failure to provide an updated address to authorities is not a "minor administrative offense" analogous to providing false information to a police officer. Whitney fails to cite any decision of any court for the proposition that these two offenses are similar. He does not establish plain error.

3. Whitney argues that the district court erred by failing to explicitly address his request for a downward variance based on a time-served credit he claims he should have received. He states that his request for parole from state custody was delayed because he was in physical federal custody and that, had there not been a delay, he would have received nineteen months of credit for time served. The argument is unpersuasive. The district court adequately explained the sentence it imposed. In pronouncing a sentence, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007) (citing *United States v. Taylor*, 487 U.S. 326, 336–37 (1988)). Because Whitney failed to raise this issue below, we review for plain error. Whitney has offered no proof that his parole was actually delayed by his federal case, and at sentencing, his attorney expressed uncertainty as to the interaction between Whitney's state and federal sentences. Whitney also fails to explain why

5

the state was unable to process his parole in March 2021, but was nonetheless able to do so in August 2022. In light of Whitney's inability to make a clear statement regarding the purported effect of his federal case on his state parole proceedings, and the lack of evidence thereto, the district court did not plainly err in declining to explicitly address this request for a downward variance.

4. The felon-in-possession statute, 18 U.S.C. § 922(g)(1), is facially constitutional. Nothing in the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), reflects a retreat from the Court's earlier statement in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that "longstanding prohibitions on the possession of firearms by felons and the mentally ill" are "presumptively lawful." *Id.* at 626 & n.26; *see also McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality) (noting that the Court "made it clear in *Heller* that [its] holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill'" and that the Court "repeat[s] those assurances here" (citation omitted)). Indeed, *Bruen* repeatedly emphasized that it only addressed the Second Amendment rights of "law-abiding citizens," a phrase it used some ten times. *See* 597 U.S. at 9, 15, 26, 29–31, 38, 60, 70. And two of the Justices whose concurrences were essential to the judgment in *Bruen* reiterated *Heller*'s and *McDonald*'s statements that "prohibitions on the possession of firearms by felons" are "presumptively lawful." *See id.* at 81

6

(Kavanaugh, J., joined by Roberts, C.J., concurring) (citations omitted). Because such a prohibition remains presumptively constitutional, § 922(g)(1) cannot be said to be facially unconstitutional.

5. The gang affiliation condition of Whitney's supervised release is not unconstitutionally vague or overbroad. Whitney failed to object to the condition at sentencing, so plain error review applies. Defendants have a "due process right to conditions of supervised release that are sufficiently clear to inform [them] of what conduct will result in [them] being returned to prison." *United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002) (per curiam). A supervised release condition is unconstitutionally vague when it requires the defendant "to guess about the intended meaning of the terms of his supervised release." *United States v. Sales*, 476 F.3d 732, 737 (9th Cir. 2007). A condition is unconstitutionally overbroad if it restricts "more of the defendant's liberty than necessary." *United States v. Wolf Child*, 699 F.3d 1082, 1091 (9th Cir. 2012). Whitney cites no cases where a similar condition has been struck down as impermissibly vague and/or overbroad. Instead, he cites cases from this court upholding similar provisions prohibiting any "association" or "connection" with members of criminal gangs. Given the lack of a meaningful distinction between the conditions upheld in the cases cited by Whitney and the condition complained of here, Whitney cannot establish plain error.

6. The parties suggest that a limited remand is required (1) to correct the special mental health condition under *United States v. Nishida*, 53 F.4th 1144 (9th Cir. 2022), and (2) to correct the district court's imposition of discretionary supervision conditions under *United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023). We agree. We vacate special condition #4 and remand for the district court to modify it in a manner consistent with *Nishida*, and, consistent with the remedy in *Montoya*, we vacate the district court's imposition of the discretionary conditions of supervised release and remand so that the district court may consider whether to impose them, and if so, include them as part of the oral pronouncement of sentence.

**AFFIRMED in part; VACATED in part; REMANDED.**